**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DS-6483
(Inmate Number)

Jason E. Benson
(Name of Plaintiff)

SCI Smithfield  P.O. Box 999
(Address of Plaintiff)

1120 Pike Street, Huntingdon Pa 16652

vs.

See Attachment

titled Attachment-Defendants

(Names of Defendants)

(Case Number)

COMPLAINT

RECEIVED
SCRANTON

JUL 1 0 2000

MARY E. D'ANDREA, CLERK
PER _____
         DEPUTY CLERK

TO BE FILED UNDER:   X   42 U.S.C. § 1983 - STATE OFFICIALS

_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:   N/A

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      X Yes ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      ___ Yes  X No

      If your answer is no, explain why not Plaintiff was on transfer to Adams Co. Prison for a court hearing, subsequently unable to file a grievance due to hospitalization as a result of enclosed complaint.

   C. Is the grievance process completed?  ___ Yes ___ No

III. Defendants

① 7/12/00

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant <u>Warden Thomas Duran</u> is employed as <u>Warden</u> at <u>Adams Co. Prison</u>

B. Additional defendants <u>Deputy Warden Bruce Cluck, Deputy Warden Debra Hankey, Lt. John Jennings, Lt. William Orth, Sgt. Rae Hientzelman, Corrections Officer Briton Shelton, Corrections Officer David Vazquez, Corrections Officers Jane/John Doe, and Dr. William J Steinour</u>

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. SEE ATTACHMENT TITLED "FACTS"

2. 

3.

ATTACHMENT DEFENDANTS

-VS-

DEFENDANTS;
    Warden Thomas Duran
    Deputy Warden Bruce Cluck
    Deputy Warden Debra Hankey
    Lt. John Jennings
    Lt. William Orth
    Sgt. Rae Hientzelman
    C.O. Briton Shelton
    C.O. David Vazquez
    C.O.s Jane / John Doe
    Dr. William J. Steinour
    Adams County Prison

V.  Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. SEE ATTACHMENT TITLED "CLAIMS FOR RELIEF"

2.

3.

Signed this  6th  day of  July ,  19 2000

(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_____                    _____
(Date)                                         (Signature of Plaintiff)

1: CV 00-1229



RECEIVED
SCRANTON
JUL 1 0 2000

**F A C T S**

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

1.) On August 25, 1999, plaintiff, a Pennsylvania State prisoner, with (transfer officer possession) epileptic anti-seizure medication, was transferred to the Adams County Prison (hereafter referred to as A. C. P.) for the purpose of attending a Post Conviction Relief Act Hearing. (See exhibit "A")

2.) On August 26, 1999, plaintiff pointed out to Corrections Officer Jane Doe that plaintiff had missed his dosage of anti-seizure medication, and that it was a life sustaining medication. Corrections Officer Jane Doe responded, "That's not my problem, put in a request." Plaintiff filled out a request to Warden Thomas Duran indicating plaintiff's problem. The request was never responded to. (See Exhibit "B")

3.) On August 27, 1999, upon Plaintiff's return to A. C. P. from the aforementioned hearing, he was released from the Sheriff's restraints. However, A. C. P. Intake Officer, defendant Briton Shelton, recuffed the plaintiff behind his back, and shackled him about the ankles. This not being the usual protocol for returning inmates, plaintiff inquired as to why he was being recuffed. Defendant Briton Shelton responded, saying "Hey, I ain't the one!" At this time defendant Lt. John Jennings appeared, saying "Bring Shithead in to get naked." indicating a strip search.

FILED
SCRANTON
JUL 1 0 2000
PER _____
DEPUTY CLERK

4.) Plaintiff was led to a small room adjacent to the intake area. Plaintiff, handcuffed behind his back and shackled about ankles, was seated in a chair. Defendant Lt. John Jennings exited the room leaving plaintiff alone with defendant Shelton, was docile, and no words were exchanged. Defendant Lt. John Jennings returned with defendants Warden Thomas Duran, Deputy Warden Debra Hankey, Deputy Warden Bruce Cluck, Sergeant Rae Hientzelman, and John Doe who was carrying a video cassette recorder.
(See Exhibit "C" - (1), (2), (3) )

5.) At this time, Deputy Warden Cluck ordered plaintiff to strip. Plaintiff, handcuffed and shackled, unable to comply, refused. Notwithstanding, plaintiff was handcuffed behind his back and shackled about his ankles posing no threat to the defendants, without warning was shot in the face with a burst of O.C. pepper foam. Plaintiff, unable to breathe or see, attempted to rid himself of the O.C. pepper foam, lost his balance, hitting his head against a computer monitor. At this time, defendant Warden Thomas Duran gave the order to "Takem' Down!" Seriously injuring plantiff defendants Bruce Cluck, Debra Hankey, John Jennings, Rae Hientzelman, and Briton Shelton knocked plaintiff to the ground,

FACTS - Continued

5.) cont.- hammering plaintiff's head into the floor, twisting plaintiff's hands beyond normal range of motion, kicking and kneeing plaintiff in his back and side.
(See Exhibit "D")

6.) After pleading for several minutes for defendants to get off of him, defendants relented, throwing plaintiff into a concrete shower stall, knocking plaintiff unconscious. Defendants forcefully yanked plaintiff out of the shower stall, taking him to the floor again, where defendant Warden Thomas Duran stomped his foot into plaintiff's neck. After plaintiff was released from defendants foot and restraints, plaintiff complied with a strip search. A. C. P. has no medical facilities, thus plaintiff requested to be taken to the Gettysburg Hospital Emergency Room. (See Exhibit "E")

7.) Subsequently, the Emergency Room physician, Dr. William J. Stienour, who is familiar with plaintiff's past history of epilepsy, refused to address the plaintiff's compliant of not being given his anti-seizure medication, as well as his complaint of losing consciousness and having a seizure, diagnosing the plaintiff with "multiple contusions", and released to the care of A. C. P., plaintiff again requested defendants to give him his anti-seizure medications that were sent with him by S.C.I. Smithfield's medical department. John/Jane Doe refused. Plaintiff immediately submitted another request slip to defendant Warden Thomas Duran. He received no response. (See Exhibit "B")

8.) Thereafter, on August 30, 1999, plaintiff was witnessed by defendant Lt. William Orth and defendant C.O. David Vazquez to be in a state of convulsions, but refused to immediately treat him until one and a half hours later, where they again witnessed plaintiff in a state of more serious convulsions, only then calling for the Adams' County Sheriff's Department to transport plaintiff to the Gettysburg Hospital. Once plaintiff arrived at the Gettysburg emergency room, he was witnessed by hospital medical staff to be in a life threatening state of severe seizures known as "Status Elepticus", foaming and bleeding from the mouth. Plaintiff was immediately admitted to the Critical Care Unit with "Imminent Death" orders. (See Exhibits "F" (1), (2), (3), (4) )

## CLAIMS FOR RELIEF

1.)   The actions of Warden Thomas Duran, Deputy Warden Bruce Cluck, Deputy Warden Debra Hankey, C.O. Briton Shelton, Lt. John Jennings, Sgt. Rae Hientzelman, and John/Jane Doe, in using physical force against the plaintiff without need or provocation. Or in failing to intervene to prevent the misuse of force, was done maliciously and sadistically, and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

2.)   Defendants Jane/John Doe's refusal to allow plaintiff access to his anti-seizure medications constitutes deliberate indifference to the plaintiffs serious medical needs in violation of the Eighth Amendment of the United States Constitution.

3.)   The actions of defendant Dr. William J. Stienour, in refusing to treat the plaintiffs complaints of loss of consciousness and seizure, even after defendant was informed by plaintiff he had been denied access to his anti-seizure medications by defendants Jane/John Doe(s) constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

4.)   The combined actions of defendants Dr. William J. Stienour and Jane/John Doe caused plaintiff to fall into a severe state of life threatening seizures known as "Status Epilepticus" and subsequent admittance to the Gettysburg Hospital Critical Care Unit constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

5.)   Defendants Lt. William Orth, and C.O. David Vasquez's failure to provide adequate medical treatment to plaintiff placed plaintiff in direct risk of serious injury, disease, and death constituties deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

6.)   Adams County Prison's lack of adequately trained medical staff and medical facilities constituties deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

**Wherefore**, Plaintiff requests this court grant the following relief:

A.) Issue a declaratory judgement that:

1.) The physical abuse of the plaintiff by defendants Duran, Cluck, Hankey, Jennings, Shelton, Heintzelman, and Doe violated the plaintiffs rights under the Eighth Amendment of the United States Constitution.

2.) The actions of Jane/John Doe in refusing Plaintiff his anti-seizure medication constitutes deliberate indifference to the plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution.

3.) The actions of Dr. William J. Steinour, in refusing to treat the plaintiff's complaints of loss of consciousness and seizure despite plaintiff's advising defendant he had been refused access to his anti-seizure medication placed plaintiff in direct risk of injury, disease, and death, constitutes deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

4.) Adams County Prison's failure to provide adequate medical facilities, as well as adequately trained medical staff for detainees, sentenced prisoners, and state prisoners, placed plaintiff in direct risk of serious risk of injury, disease, and death, constitutes deliberate indifference to plaintiff's real medical needs in violation of the Eighth Amendment of the United States Constitution.

B.) Award compensatory damages in the following amounts;

1.) $50,000.00 jointly and severally against defendants Duran, Cluck, Hankey, Jennings, Hientzelman, Shelton, and Doe, for the physical and emotional injuries sustained as a result of the plaintiff's tear gas attack and beating.

2.) $100,000.00 against Jane/John Doe for refusing to give plaintiff his anti-seizure medication placing him in direct risk of serious injury, disease, and death.

3.) $250,000.00 against Dr. William J. Steinour for the physical and emotional injuries resulting from his failure to adequately treat the plaintiff as a seizure risk.

4.) $500,000 against Adams County Prison for their failure to provide adequate trained medical staff as well as adequate medical facilities placing plaintiff in direct risk of serious injury, disease, and death.

5.) $100,000 jointly and severally against defendants Orth and Vazquez for the physical and emotional injury resulting from their failure to provide adequate medical care to plaintiff.

E.) Award punitive damages in the following amounts:

1.) $15,000.00 each against defendants Duran, Cluck, Hankey, Heintzelman, Shelton, Jennings, and Doe.

2.) $15,000.00 each against defendants Orth and Vazquez.

3.) $30,000.00 against defendant Dr. William J. Steinour.

4.) $25,000.00 against Adams County Prison.

F.) Grant such other relief as it may appear that plaintiff is entitled.

# FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

## COVER SHEET



1: CV 00-1229

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

*****************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed in forma pauperis. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

FILED
SCRANTON
JUL 1 0 2000
PER ___/s/___
  /DEPUTY CLERK

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

*****************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.** _____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court. **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.** _____

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**