IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jason Eric Benson,<br>　　　　Plaintiff, | : CIVIL ACTION NO. 1:CV-00-1229 |
| | : (Judge Caldwell) |
| v. | : (Magistrate Judge Blewitt) |
| | : |
| Thomas Duran, et al.,<br>　　　　Defendants | : |

**MOTION FOR THE APPOINTMENT OF COUNSEL**

FILED
HARRISBURG, PA
AUG 4 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

　　**AND NOW**, plaintiff Jason Eric Benson, pursuant to § 1915, request this Court to appoint counsel to represent him in this case for the following reasons:

　　1. The plaintiff is unable to afford counsel.

　　2. The issues involved in this case are complex.

　　3. The plaintiff has limited knowledge of the law.

　　4. The plaintiff is on a regime of medications that interfere with his ability to effectively research, organize and produce appropriate actions as such mentioned with precedence or knowledgeable authority.

　　5. The plaintiff is currently incarcerated, and is unable to interview any potential witnesses, and is severely limited in his ability to interview witnesses.

　　　　　　　　　　　　　　　　　Respectfully submitted,

DATED: 8/1/00　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Jason Eric Benson, DS-6483
　　　　　　　　　　　　　　　　　SCI Smithfield
　　　　　　　　　　　　　　　　　P.O. Box 999, 1120 Pike Street
　　　　　　　　　　　　　　　　　Huntingdon, PA 16652

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jason Eric Benson,<br>Plaintiff, | : | CIVIL ACTION NO. 1:CV-00-1229 |
| | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| Thomas Duran, et al.,<br>Defendants | : | |

FILED
HARRISBURG, PA

AUG 4 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

Jason Eric Benson, being duly sworn, deposes and says:

1. I am the plaintiff in the above entitled case. I make this affidavit in support of my motion for the appointment of counsel.

2. The complaint in this case alleges that the plaintiff was subjected to the misuse of force by several correctional officers, some of whom actively assaulted him, and others whom watched and failed to intervene. It alleges that supervisory officials were aware of the misuse of force, ordering it, and actively participated in it. The plaintiff also alleges that the Adams County Prison has no adequate medical facilities, or adequately trained medical personnel, and was denied his life sustaining anti-seizure medication by defendants, causing him to fall into a life threatening state of back to back seizures known as "status epilepticus." Furthermore, plaintiff alleges that Gettysburg Hospital physician, defendant William J. Steinour, ignored plaintiff's claims of being epileptic, and being denied his anti-seizure medication by defendants, while defendant Dr. William J. Steinour was examining plaintiff after the aforementioned assault, which in synergism with the aforementioned allegations led to a state of life threatening seizures known as "status epilepticus." The plaintiff also alleges that defendant's witnessed the first seizure of the "status epilepticus" state, and ignored it until witnessing a second, more severe seizure where plaintiff was noted to be foaming and bleeding from the mouth, before contacting the Adams County Sheriff Office for transporting to the Gettysburg Hospital where he was seen for the second time in two days, this time admitted to the Critical Care Unit.

- 2 -

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. This case involves medical issues that may require expert testimony.

5. The plaintiff has demanded a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses.

7. The testimony will be in sharp conflict since the plaintiff alleges that the defendants used malicious and sadistic force, while the defendants in the disciplinary reports asserted they used the minimum amount of force necessary.

8. The plaintiff has only a high school education and has no legal education.

9. The plaintiff is on a regime of medications that interfere in his ability to effectively research, organize, and produce the appropriate actions as such mentioned with precedence or knowledgeable authority. The plaintiff has subsequently relied on the assistance of "jail-house lawyers" to complete motions thus far.

10. As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of the plaintiff's claims, support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff's motion for the appointment of counsel should be granted.

Respectfully submitted,

DATED: 8/1/00

Jason Eric Benson, DS-6483

**VERIFICATION**

I, Jason Eric Benson, verify that the statements made in the foregoing motion herein are made subject to the penalties of 18 Pa.C.S.A. 4904, relating to Unsworn Falsifications To Authorities (Misdemeanor Of The Second Degree)

DATED: 8/1/00

Jason Eric Benson, DS-6483
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652