

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jason Eric Benson,           :   CIVIL ACTION NO. 1:CV-00-1229
            Plaintiff,
                             :   (Judge Caldwell)

v.                           :   (Magistrate Judge Blewitt)

                             :

Thomas Duran, et al.,
            Defendants       :

FILED
HARRISBURG, PA
AUG 4 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

Statement of the Case

    This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional misuse of force, the denial of access the dispensary of his life sustaining anti-seizure medications, and the denial of adequate medical care for injuries inflicted as a result of said incidents.

Statement of Facts

    The complaint in this case alleges that the plaintiff was subjected to the misuse of force by several correctional officers, some of whom actively assaulted him, and others whom watched and failed to intervene. It alleges that supervisory officials were aware of the misuse of force, ordering it, and actively participated in it. The plaintiff also alleges that the Adams County Prison has no adequate medical facilities, or adequately trained medical personnel, and was denied his life sustaining anti-seizure medication by defendants, causing him to fall into a life threatening state of back to back seizures known as "status epilepticus." Furthermore, plaintiff alleges that Gettysburg Hospital physician, defendant William J. Steinour, ignored plaintiff's claims of being epileptic, and being denied his anti-seizure medication by defendants, while defendant Dr. William J. Steinour was examining plaintiff after the aforementioned assault, which in synergism with the aforementioned allegations led to a state of life threatening seizures known as "status epilepticus." The plaintiff also alleges that defendant's witnessed the first seizure of the "status epilepticus" state, and ignored it until witnessing a second, more severe seizure where plaintiff was noted to be foaming and bleeding from the mouth, before contacting the Adams County Sheriff Office for transporting to the Gettysburg Hospital where he was seen for the second time in two days, this time admitted to the Critical Care Unit.

## ARGUMENT

The Court Should Appoint Counsel For The Plaintiff.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual capacity of the case, the ability of the idigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to investigate the facts, the existence if conflicting testimony, ability of the indigent to present his claim and the complexity of the legal issues." Abdulla v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2nd Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. Factual complexity. The plaintiff alleges that several correctional officers physically abused him, while others stood by and watched. He also asserts that certain prison supervisors were present, giving the orders to commit said abuse, as well as participating in the abuse. He challenges the denial of adequate medical facilities, and adequately trained medical staff in the denial of the dispensing to him of his life sustaining anti-seizure medication. Finally, he claims the synergism of these actions equate to the factual merit of this case, and the sheer number of claims and defendants makes this a factually complex case.

In addition, the plaintiff's claims involves the denial of adequate medical care will necessitate the presence of a medical expert witness, or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

2. The plaintiff's ability to investigate. The plaintiff was on leave from a state prison to attend a Post Conviction Relief Hearing. Thus he is unable to identify, locate and interview the inmates who were housed in nearby cells and who saw some or all of the claims. He is in the same situation as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Gatson v Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, this case will re-

quire considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, the history of the officers with prior records of misuse of force, and the plaintiff's medical history. See Tucker v. Dicky, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel).

3. The ability of the indigent to present his claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

4. Legal complexity. The large number of defendants, some of whom are supervisory officials present complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demanded as a factor supporting appointment of counsel), cert. denied, 112 S.Ct. 1995 (1992).

### Conclusion

For the foregoing reasons, the court should grant the plaintiffs motion and appoint counsel in this case.

Respectfully submitted,

DATED: 8/1/00

Jason Eric Benson, DS-6483

### VERIFICATION

I, <u>Jason Eric Benson</u>, verify that the statements made in the foregoing motion are true and correct. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A. 4904, relating to Unsworn Falsifications To Authorities (Misdemeanor Of The Second Degree)

DATED: 8/1/00

Jason Eric Benson, DS-6483
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652