IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell)<br>(Magistrate Judge Blewitt) |

MOTION OF WILLIAM G. ELLIEN, M.D. TO DISMISS THE AMENDED
COMPLAINT OF JASON E. BENSON

William G. Ellien, M.D. ("Ellien") respectfully requests that this Court grant his motion to dismiss the amended complaint of Jason E. Benson and states in support thereof the following:

1.  Benson has filed an amended complaint against Ellien, a psychiatrist, providing psychiatric services to inmates at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Ronald Long, M.D. ("Long"), a physician providing medical services to inmates at SCI-Smithfield, and Thomas Duran ("Duran"), the Warden of the Adams County Prison, Bruce Cluck ("Cluck"), Debra Fanky ("Fanky"), the Deputy Wardens of the Adams County Prison, Ray Hientzelman ("Hientzelman"), a sergeant at the Adams County Prison, Eriton Shelton ("Shelton"), a correctional officer of the Adams County Prison, David Vasquez ("Vasquez"), a correctional officer of the Adams County Prison, William J. Steinour, M.D. ("Steinour"), a physician employed at Gettysburg Hospital, John Jennings ("Jennings"), a lieutenant at the Adams County Prison, and William Orth ("Orth"), a lieutenant at the Adams County Prison. The complaint asserts that Duran, Cluck, Fanky, Jennings, Orf, Hientzelman, Shelton and Vasquez improperly shackled him, called him names and strip searched him. As a result he contends he hit his head. See Exhibit "A", amended complaint, paragraphs 1 through 6.

1

2.  Benson also contends that Steinour, a physician at the Gettysburg Hospital Emergency Room, failed to provide him with adequate treatment. He asserts that Long and Ellien abruptly stopped his anti-seizure medication and Ellien prescribed an anti-depressant drug known to lower that seizure threshold. See Exhibit "A", paragraph 5.

3.  An examination of the amended complaint shows that it fails to state a claim against Ellien for two separate reasons, each of which requires the dismissal of the amended complaint. First, the amended complaint never asserts that Benson exhausted his administrative remedies against Ellien as required by 42 U.S.C.§1997e(a). That provision states in relevant part as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

4.  The Pennsylvania Department of Corrections at all times relevant to the amended complaint of Benson had in force a Consolidated Inmate Grievance Review Procedure designated DC-ADM804 effective November 20, 1994. That procedure provided that after an attempted informal resolution of the problem a written grievance could be submitted by the inmate to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager or a Community Correctional Regional Director. See Peoples v. Horn, Civil Action No. 3:CV-97-0205 (M.D. Pa. 1997) page 3 attached hereto as Exhibit "B".

5.  A final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Review Committee. As of May 1, 1998, the procedure provided for the award of monetary relief by

the Department of Corrections of the Commonwealth of Pennsylvania to Geisler. See <u>Peoples v. Horn</u>, No. 3:97-0205 (M.D. Pa. 1997)(Judge Conaboy); <u>Sykes v. Horn</u>, Civil Action No. 99-6208 (E.D. Pa. March 21, 2000)(Judge Robreno). A copy of <u>Peoples v. Horn</u>, <u>supra</u>, appears hereto as Exhibit "B". A copy of the opinion in <u>Sykes v. Horn</u>, <u>supra</u>, appears hereto as Exhibit "C".

6. An examination of the amended complaint shows that Benson never used any of the three tiers of the administrative process provided for by the Department of Corrections set forth at DC-ADM804.

7. In <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000) the United States Court of Appeals for the Third Circuit held that the failure to exhaust all administrative remedies must result in the dismissal of the complaint of the plaintiff, a prisoner, filed pursuant to 42 U.S.C. §1983 without prejudice. Here, no indication exists that Benson exhausted any of his administrative remedies let alone all of them.

8. A second reason exists independent of the first which requires the dismissal of the amended complaint against Ellien. In order to state a cause of action against Ellien pursuant to 42 U.S.C. §1983 Benson must allege that Ellien acted with deliberate indifference to a serious medical need. In order to set forth deliberate indifference sufficient to state a claim based on 42 U.S.C. §1983 Benson must indicate that Ellien acted with subjective knowledge that his conduct presented a substantial risk of harm to Benson. An examination of the amended complaint shows no such averment appears anywhere in it.

WHEREFORE, William G. Ellien, M.D. respectfully requests that his motion to dismiss the amended complaint of Jason E. Benson be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.
