IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

MEMORANDUM OF LAW OF WILLIAM G. ELLIEN, M.D. IN SUPPORT
OF THE MOTION TO DISMISS THE AMENDED COMPLAINT
JASON E. BENSON

I. PROCEDURAL HISTORY

Jason E. Benson ("Benson") has filed an amended complaint against William G. Ellien, M.D. ("Ellien"), a psychiatrist, providing psychiatric services to inmates at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Ronald Long, M.D. ("Long"), a physician providing medical services to inmates at SCI-Smithfield, and Thomas Duran ("Duran"), the Warden of the Adams County Prison, Bruce Cluck ("Cluck"), Debra Fanky ("Fanky"), the Deputy Wardens of the Adams County Prison, Ray Hientzelman ("Hientzelman"), a sergeant at the Adams County Prison, Eriton Shelton ("Shelton"), a correctional officer of the Adams County Prison, David Vasquez ("Vasquez"), a correctional officer of the Adams County Prison, William J. Steinour, M.D. ("Steinour"), a physician employed at Gettysburg Hospital, John Jennings ("Jennings"), a lieutenant at the Adams County Prison, and William Orth ("Orth"), a lieutenant at the Adams County Prison. The complaint asserts that Duran, Cluck, Fanky, Jennings, Orf, Hientzelman, Shelton and Vasquez improperly shackled him, called him names and strip searched him. As a result he contends he hit his head. See Exhibit "A", amended complaint, paragraphs 1 through 6.

1

Benson also contends that Steinour, a physician at the Gettysburg Hospital Emergency Room, failed to provide him with adequate treatment. He asserts that Long and Ellien abruptly stopped his anti-seizure medication and Ellien prescribed an anti-depressant drug known to lower that seizure threshold. See Exhibit "A", paragraph 5.

This Court granted Benson leave to file an amended complaint and directed that Ellien be served with it. Ellien now files a motion to dismiss the amended complaint on two grounds. An examination of the amended complaint shows that it fails to state a claim against Ellien for two separate reasons, each of which requires the dismissal of the amended complaint. First, the amended complaint never asserts that Benson exhausted his administrative remedies against Ellien as required by 42 U.S.C.§1997e(a). That provision states in relevant part as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Pennsylvania Department of Corrections at all times relevant to the amended complaint of Benson had in force a Consolidated Inmate Grievance Review Procedure designated DC-ADM804 effective November 20, 1994. That procedure provided that after an attempted informal resolution of the problem a written grievance could be submitted by the inmate to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager or a Community Correctional Regional Director. See Peoples v. Horn, Civil Action No. 3:CV-97-0205 (M.D. Pa. 1997) page 3 attached hereto as Exhibit "B".

A final written appeal may be presented to the Central Office Review Committee. If the

2

grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Review Committee. As of May 1, 1998, the procedure provided for the award of monetary relief by the Department of Corrections of the Commonwealth of Pennsylvania to Geisler. See Peoples v. Horn, No. 3:97-0205 (M.D. Pa. 1997)(Judge Conaboy); Sykes v. Horn, Civil Action No. 99-6208 (E.D. Pa. March 21, 2000)(Judge Robreno). A copy of Peoples v. Horn, supra, appears hereto as Exhibit "B". A copy of the opinion in Sykes v. Horn, supra, appears hereto as Exhibit "C".

An examination of the amended complaint shows that Benson never used any of the three tiers of the administrative process provided for by the Department of Corrections set forth at DC-ADM804.

In Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) the United States Court of Appeals for the Third Circuit held that the failure to exhaust all administrative remedies must result in the dismissal of the complaint of the plaintiff, a prisoner, filed pursuant to 42 U.S.C. §1983 without prejudice. Here, no indication exists that Benson exhausted any of his administrative remedies let alone all of them.

A second reason exists independent of the first which requires the dismissal of the amended complaint against Ellien. In order to state a cause of action against Ellien pursuant to 42 U.S.C. §1983 Benson must allege that Ellien acted with deliberate indifference to a serious medical need. In order to set forth deliberate indifference sufficient to state a claim based on 42 U.S.C. §1983 Benson must indicate that Ellien acted with subjective knowledge that his conduct presented a substantial risk of harm to Benson. An examination of the amended complaint shows no such averment appears anywhere in it.

## II. STATEMENT OF THE FACTS

According to his amended complaint Benson contends that on August 25, 1999 he was

3

transferred from SCI-Smithfield to the Adams County Prison for the purpose of attending a post conviction act hearing. Exhibit "A", p. 2. He asserts that upon return from the hearing various correctional officers at Adams County Prison used unnecessary force upon him. See Exhibit "A", p. 3. During the course of the use of this force he asserts that he was knocked to the ground and that his head was forced to the floor several times. See Exhibit "A", p. 3. He asked to be taken to the Gettysburg Hospital Emergency Room. Prison officials took him there. Steinour, a physician at Gettysburg Hospital, examined him and diagnosed him with multiple contusions and released him. See Exhibit "A", p. 3.

The amended complaint asserts that on June 4, 1999 Long examined him at SCI-Smithfield. According to the amended complaint Benson complained to Long that the anti-seizure medication that he was on was causing unwanted side effects and he wanted to switch back to the anti-seizure medication that he was on previously. Long refused to change the medication instead abruptly discontinued the one he was receiving without prescribing any further medications to treat his epilepsy disorder. See Exhibit "A", p. 4.

According to the amended complaint, Benson sent a request to Long on June 15, 1999 asking him to reconsider prescribing an anti-seizure medication of any kind. According to the amended complaint Long never responded. See Exhibit "A", p. 4.

According to the amended complaint, Ellien, a psychiatrist, examined Benson on July 24, 1999. At that time Benson contends that he asked why he was not on anti-seizure medications. Ellien supposedly responded that this was not his field of expertise and that he should consult with Long. He then prescribed the anti-depressant drug Imipramine, according to the amended complaint. See Exhibit

4

"A", p. 4.

In the amended complaint Benson contends that Ellien had prescribed a new drug Tofranil known to decrease the seizure threshold, with foreknowledge that Benson was epileptic and had been abruptly withdrawn from his anti-seizure medications. Benson contends that the seizure risk associated with the withdrawal of the these medications and the addition of the drug Tofranil constitutes deliberate indifference to the Eighth Amendment of the United States Constitution. See Exhibit"A", p. 6.

No averments appear in the amended complaint that Benson exhausted any administrative remedies provided to him by the Pennsylvania Department of Corrections or that he ever asked for monetary damages concerning those administrative remedies.

### III. ARGUMENT

A.  Benson Has Failed To State A Claim Pursuant To 42 U.S.C. §1983 Because He Has Not Exhausted His Available Administrative Remedies As Required By 42 U.S.C. §1997e(a) As Interpreted By The United States Court Of Appeals In <u>Nyhuis v. Reno</u>, 204 F.3d 65, 72 (3d Cir. 2000) And <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir. 2000).

The Congress of the United States enacted 42 U.S.C. §1997e(a) barring any prisoner in any prison in the United States from initiating any action relating to any prison condition, including medical care, without exhausting all available administrative remedies first. That provision states in relevant part as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Pennsylvania Department of Corrections at all times relevant to the amended complaint of

5

Benson had in force a Consolidated Inmate Grievance Review Procedure designated DC-ADM804 effective November 20, 1994. That procedure provided that after an attempted informal resolution of the problem a written grievance could be submitted by the inmate to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager or a Community Correctional Regional Director. Exhibit "B", Peoples, supra, page 3.

A final written appeal may be presented to the Central Office Review Committee. As of May 1, 1998, the procedure provided for the award of monetary relief by the Department of Corrections of the Commonwealth of Pennsylvania to Benson. See Peoples v. Horn, No. 3:97-0205 (M.D. Pa. 1997)(Judge Conaboy); Sykes v. Horn, Civil Action No. 99-6208 (E.D. Pa. March 21, 2000)(Judge Robreno). A copy of Peoples v. Horn, supra, appears hereto as Exhibit "B". A copy of the opinion in Sykes v. Horn, supra, appears hereto as Exhibit "C".

The district court has the power to take judicial notice of the fact that the Pennsylvania Department of Corrections had in place at the time of the alleged facts giving rise to the incident set forth in Benson's complaint a consolidated inmate grievance system available to all state prisoners. See Federal Rule of Evidence 201(b); Peters v. Delaware River Port Auth., 16 F.3d 1346, 1356 n. 12 (3d Cir. 1994); see also, City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998)(finding that to resolve 12(b)(6) motion, court may properly look at public records...in addition to allegations in complaint); Sykes, supra, p. 2, Exhibit "C".

An examination of the amended complaint of Benson shows that he never used any of the three tiers of the administrative process provided for by the Department of Corrections set forth at DC-ADM804. He never sought the monetary relief provided for by the Department of Corrections. His

6

failure to plead exhaustion of administrative remedies shows that he did not exhaust them.

In Peoples v. Horn, No. 3:97-0205 (M.D. Pa. 1997), Exhibit "B", Judge Conaboy concluded that a complaint brought by an inmate for inadequate medical care based on 42 U.S.C. §1983 had to be dismissed for failure to exhaust administrative remedies. Plaintiff, an inmate, contended that he had filed his Part 1 grievance but he was "put down via semantics, etc., etc., etc. And I was persecuted (sic) because of my efforts to obtain relief." Judge Conaboy concluded that no indication existed in the complaint that he appealed the dismissal of his grievance. Judge Conaboy held:

> In that connection, the procedure contemplates several tiers of review and the Grievance Review System is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance is not resolved to his or her satisfaction.

Exhibit "B", pp. 3-4.

Judge Conaboy concluded that the failure to proceed with the appeals constituted a failure to exhaust available administrative remedies. The Court dismissed the complaint without prejudice. Exhibit "B". Accord, Sykes, supra, Exhibit "C".

In Nyhuis v. Reno, 204 F.3d 65, 72 (3d Cir. 2000) the United States Court of Appeals concluded that an inmate bringing a claim based on any federal law had to exhaust administrative remedies. The Court concluded that Congress when it enacted 42 U.S.C. §1997e(a) imposed an exhaustion of administrative remedies requirement even when those remedies were futile. The Court rejected any futility exception to the exhaustion requirement imposed by Congress when it adopted 42 U.S.C. §1997e(a).

In Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) the United States Court of Appeals for the

7

Third Circuit reaffirmed its holding in <u>Nyhuis</u>, <u>supra</u>. and indicated that although <u>Nyhuis</u> involved a <u>Bivens</u> action brought by a federal inmate the rule that the Court of Appeals announced in <u>Nyhuis</u> has equal force in the §1983 context §1997e(a), which applies to actions brought by a prisoner "under section 1983 of this title or any other Federal law" treats <u>Bivens</u> actions and §1983 actions as functional equivalents. <u>Id</u>. at 206 F.3d at 300.

The United States Court of Appeals for the Third Circuit concluded that because Booth failed to exhaust his available administrative remedies rather than those he believed would be effective before filing his §1983 action the district court appropriately dismissed his action without prejudice. The analysis of the Court in <u>Booth</u>, <u>supra</u>, requires this Court to grant the motion of Ellien to dismiss the amended complaint of Benson.

> B. Benson Has Failed To State A Cause Of Action Against Ellien Pursuant To 42 U.S.C.§1983 Because He Has Not Pled The Subjective Knowledge Required To Allege Deliberate Indifference.

In order to state a cause of action pursuant to 42 U.S.C.§1983 Benson must allege deliberate indifference by Ellien. In order to allege deliberate indifference he must set forth factual averments which if proven at trial establish that Ellien had subjective knowledge that his conduct presented a substantial risk of harm to Benson. The United States Supreme Court most recently defined the deliberate indifference standard in its opinion in <u>Farmer v. Brennan</u>, <u>supra</u>, 114 S.Ct. 1970, 1979 (1994). According to the Supreme Court of the United States deliberate indifference requires a showing that prison medical staff had subjective awareness of a substantial risk of harm to the prisoner. Justice Souter, writing for the majority stated:

> We reject [the] invitation to adopt an objective test for

8

> deliberate indifference. We hold...that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...<u>The official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.</u>

Id. at 114 S.Ct. at 1979. (Emphasis added).

Thus, under Farmer, supra, 114 S.Ct. at 1979, Benson must plead that Ellien knew that his conduct presented a substantial risk of harm to him.. An examination of the amended complaint establishes that Benson has failed to meet this burden. Instead, Benson seems to contend that Ellien should have known that prescribing the drug Tofranil to him while he was epileptic presented a substantial risk of harm to him. But he never states that Ellien did know this.

The federal courts have uniformly rejected the should have known test in determining whether or not an inmate stated a cause of action pursuant to 42 U.S.C. §1983.

In Muhammad v. Schwartz, Civil Action No. 96-CV-6027 (E.D. Pa. 1996) Judge Van Antwerpen granted a motion to dismiss a prisoner's claim based on 42 U.S.C. §1983 alleging inappropriate medical care. Judge Van Antwerpen held that the complaint failed to state that the defendant physician knew that his treatment presented a substantial risk of harm to the prisoner. Judge Van Antwerpen held that, "Without alleging actual knowledge, any reference to obviousness via the medical records available or what the doctor 'should have known' is unavailing." See Exhibit "D", opinion of the court, page 10.

Benson depends on the obviousness of the harm. But this fails to meet the required standard.

9

In a recent decision in <u>Outterbridge v. Commonwealth of Pennsylvania Department of Corrections, et al.</u>, Civil Action No. 00-1541 (E.D. Pa. June 7, 2000), Judge Buckwalter of the United States District Court for the Eastern District of Pennsylvania found averments similar to those contained in the amended complaint of Benson insufficient to support a cause of action pursuant to 42 U.S.C. §1983. In <u>Outterbridge</u>, the plaintiff asserted that various physicians and physician assistants caused the death of an inmate by providing inappropriate medical care and by ignoring his symptoms which anyone should have known threatened his life. The complaint went on in great detail indicating that the test results showed that the inmate faced imminent danger of death. According to the complaint the physicians and physician assistants looked at the test results and simply refused to act upon them. The Court concluded that this failed to state a cause of action pursuant to 42 U.S.C. §1983 as a matter of law because the plaintiff refused to allege that the physicians and physician assistants knew that their conduct presented a substantial risk of harm to the inmate. A copy of the court's opinion appears hereto as Exhibit " ". Judge Buckwalter stated:

> After reviewing the Complaint, the Court finds that the Plaintiff has never alleged that any of the Medical Defendants drew inferences that Outterbridge faced the risk of serious harm. The Complaint repeats that each Defendant continued to treat Outterbridge with INH even though he complained of its effects. Plaintiff also alleges that the Medical Defendants 'consciously disregarded' abnormal findings resulting from the ingestion of INH. While these facts suggest medical malpractice, they do no sufficiently allege that the Defendants knew of and disregarded the serious risks faced by decedent Outterbridge. Therefore, the Plaintiff's §1983 claim against the Medical Defendants will be dismissed.

See opinion of the Court in <u>Outterbridge</u>, attached hereto as Exhibit " ", page 4. The analysis of Judge Buckwalter in <u>Outterbridge</u> applies here and requires the dismissal of the amended complaint of

10

Benson.

The analysis of the courts in <u>Outterbridge</u>, supra and <u>Muhammad</u>, supra apply here. Benson has failed to state a claim pursuant to 42 U.S.C. §1983 against Ellien as a matter of law.

## IV. CONCLUSION

In the light of the foregoing, William G. Ellien, M.D., respectfully requests that his motion to dismiss the amended complaint of Jason E. Benson be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.

7837 Old York Road
Elkins Park, PA 19027
(215) 782-1800

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, William G. Ellien, M.D.'s Motion to Dismiss the Amended Complaint of Jason Benson, along with supporting Memorandum of Law and Exhibits by First Class Regular Mail on this date to the following individuals:

Jason Eric Benson
SCI-Smithfield
#DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

10/17/00