IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON ERIC BENSON,  :  CIVIL ACTION NO.1:CV-00-1229
    Plaintiff  :
      :  (JUDGE CALDWELL)
  vs.  :
      :  (MAGISTRATE JUDGE BLEWITT)
THOMAS DURAN, et al.,  :
    Defendants  :

PLAINTIFF'S OPPOSITION TO DEFENDANT LONG'S
MOTION TO DISMISS COMPLAINT FOR FAILURE TO
EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

FILED
SCRANTON
OCT 2 4 2000
PER _____
DEPUTY CLERK

AND NOW, comes plaintiff Jason E. Benson, and files this Opposition to Defendant Long's, Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies and in support thereof, avers as follows:

1.    The defendant Long, in his motion to dismiss, does not deny any of the issues of material fact that plaintiff have pleaded to the Court.

2.    The defendant Long, is correct, in that, Congress has enacted legislation requiring inmates in prisons to exhaust their administrative remedies before they can file suit in the Federal Court pursuant to 42 U.S.C. §1983, 42 U.S.C. §1997(e)(a).

3.    Although the defendant does not explain that the administrative remdy [Consolidated Inmate Grievance Review] system of the Department of Corrections is disreputable to say the least. This Court, probably more likely, than not, been a witness to the huge amounts of litigation that has transpired as a result of the defective grievance system in the D.O.C., and just recently, the Honorable Eastern District Court, has Adjudged the I.C.U., Consent Decree invalid and hampers the Depts, penalogical interests.

4.      Furthermore, the "Inmate Citizen's Union" consent decree was the only insurance a prisoner had, when the D.O.C., decided to circumvent the procedures. Without the consent decree, inmate's do not stand a chance at receiving fair and impartial treatment.

5.      Just recently, the Fifth Circuit Court of Appeals, has Adjudged a situation similar to the instant matter. The Court reasoned in Wright v. Hollingsworth, that "Inmate's civil rights action against prison nurse, alleging deliberate indifference to his serious medical needs based on nurse's alleged refusal to treat his ruptured eardrum, would not be subject to dismissal for 'failure to exhaust administrative remedies', if inmate's complaint sought only monetary relief, and if prison's grievance procedure did not permit an award of monetary damages." Civil Rights of Institutionalized Persons Act, §7(a), as amended, 42 U.S.C. §1997(e)(a): 201 F.3d 663,664 (5th Cir.2000); Whitley v. Hunt, 158 F.3d 882,887 (5th Cir.1998).

WHEREFORE, Plaintiff, Jason Eric Benson, respectfully requests this Honorable Court deny Defendant Long's, Motiton to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies and enter an order continuing the discovery.

Respectfully submitted,

Date: 10/17/00

By: _____
Mr. Jason E. Benson, Plaintiff
#DS-6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652

2

CERTIFICATE OF SERVICE

FILED
SCRANTON

OCT 2 4 2000

PER _____ DEPUTY CLERK

I, Jason E. Benson, plaintiff, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, via first class mail:

David L. Schwalm, Esq.
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

Jason Kantor, Esq.
Post & schell
237 N. Prince Street
Lancaster, PA 17603

James D. Young, Esq.
301 Market Street
Harrisburg, PA 17101

By: _____
Mr. Jason E. Benson, Plaintiff
DS-6483, SCI-Smithfield
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652

Date: 10/19/00