IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ERIC BENSON, <br> Plaintiff | : | CIVIL ACTION NO. 1:CV-00-1229 |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | |
| THOMAS DURAN, et al., <br> Defendants | : | (Magistrate Judge Blewitt) |

**DEFENDANT, DR. LONG'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, Jason Eric Benson, a pro se prisoner incarcerated at the State Correctional Institution-Smithfield (hereinafter "SCI-Smithfield") initiated this civil action by filing a Complaint on July 10, 2000 against various officials and/or employees at the Adams County Prison and Dr. William J. Steinour, an emergency room physician at the Gettysburg Hospital arising out of an incident which occurred on or about August 27, 1999 at the Adams County Prison.

By Order dated September 11, 2000, United States Magistrate Judge Thomas M. Blewitt granted Plaintiff's Motion for Leave to File an Amended Complaint and directed the Clerk of Court to serve the Amended Complaint on the new defendants, Dr. Long and Dr. Ellien. On September 14, 2000, a Waiver of Service of Summons form

was mailed to Moving Defendant, Ronald Long, M.D., which was executed on behalf of Dr. Long on September 18, 2000.

Plaintiff's Complaint alleges that on June 4, 1999, Plaintiff was seen by Defendant, Dr. Ronald Long, at SCI-Smithfield; that Plaintiff complained that the anti-seizure medication (Dilantin) was causing unwanted side effects; that he wanted to switch back to his previous anti-seizure medication; that Dr. Long refused to change the medication; and Dr. Long discontinued Plaintiff's Dilantin, without prescribing any further medication to treat Plaintiff's epilepsy disorder.

Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM804 (effective October 20, 1994). With certain exceptions, DC-ADM804 § VI provides that after attempted informal resolution of the problems, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager, Community Corrections Regional Director, and a final written appeal may be presented to the

Arizona Department of Corrections, 967 F. Supp. 1184 (D.Ariz. 1997) (prisoner who did not file initial grievance failed to exhaust his administrative remedies).

IV.     CONCLUSION

For the reasons advanced herein, Defendant, Dr. Long, respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 10/24/00

By: _____
James D. Young, Esquire
Attorney I.D. #53904
PO Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendant,
Ronald Long, M.D.

9

# CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___24th___ day of October, 2000, I served a true and correct copy of the foregoing BRIEF by U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Jason Eric Benson
SCI-SM
#DS-6483
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652
**LEGAL MAIL**

John R. Kantner, Esquire
Post & Schell, P.C.
240 Grandview Avenue
Camp Hill, PA 17011

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17101

_Linda L. Gustin_
Linda L. Gustin