IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ERIC BENSON, | : | CIVIL ACTION NO.1:CV-00-1229 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | ✓(Magistrate Judge Blewitt) |
| THOMAS DURAN, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
NOV 03 2000
PER
DEPUTY CLERK

PLAINTIFF'S OBJECTION TO DEFENDANT ELLIEN'S
MOTION TO DISMISS THE AMENDED COMPLAINT

The plaintiff Jason E. Benson, herein objects to the motion to dismiss the amended complaint by def.,Ellien, and represents the following:

Defendant Ellien argues that plaintiff's amended complaint requires dismissal for two seperate reasons. First the amended complaint never asserts that Benson exhausted his administrative remedies against Ellien as required by 42 U.S.C. §1997(e)(a).[Motion to Dismiss at ¶3].

There is no administrative remedy available to attempt an informal resolution of this matter because, Ellien **is not an employe of the Department of Corrections.** Ellien is an employe of "Magellan Behavioral Health, at 1573 Willow Pond Drive, Yardley, PA 19067. Ellien is sub-contracted to work in this institution, as opposed to the D.O.Cs, hiring it's **OWN** physicians.

Nonetheless, in conjunction with §1997(e)(a), there is §3626(g)(2) of the Prison Litigation Reform Act, in which Congress defined the term "Civil action with respect to prison conditions;" "means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions **[by government officials]** on the lives of prisoners confined in prison,..."

(emphasis supplied).

Furthermore, def., Long, is in the same situation, he **is not a government official or employe**, and he is employed by Wexford Health Sources, Inc., at 381 Mansfield Ave.,Suite 205, Pittsburgh, PA 15220. Long is also an employee of a sub-contractor. Perhaps the defs'.,Ellien, and Long, have misinterpreted their positions verses those of the "government officials'" that have been cited as their supporting authority i.e., Peoples v. Commissioner Horn, No.3:CV-97-0205, M.D.1997)(corrections officials' and in the cases cited therein); Sykes v. Horn, No.99-6208(E.D.Pa.2000)(corrections officials); Outterbridge v. Commonwealth of Pennsylvania Department of Corrections et al.,No.00-1541(E.D.Pa.2000)(inapplicable, and government officials i.e.,Comm. of Pa.,D.O.C.). Moreover, this plaintiff has stated that the physicians knew that their conduct presented a substantial risk of harm to him. See exhibits attached to the amended complaint and also plaintiff's affidavit.

Because def., Ellien and Long, are not government officials, plaintiff is in no way surrendering the position that the defendants' have acted under color of State law. The government officials i.e., Department of Corrections fulfilled it's constitutional obligation of supplying and maintaining health and medical services because, doctors and nurses are here. But, because the sub-contractors employees are libidinous and violated the trust bestowed upon them by the D.O.C's, cloth of State Law, albeit, not subject to the standards set by Congress and Our United States Supreme Court in §3626(g)(2); and Farmer v. Brennan, 114 S.Ct. 1970,1979(1994)("[a] prison officials conduct does not violate a prisoner's

2

constitutional rights unless the official knows of and disregards an excessive risk to inmate health or safety..." Id.

This Honorable Court has heard nu merous actions and when the "defendant's are corrections officials," they are faithfully represented by the Attorney General's Office, and not by privately retained counsel as defs'.,Ellien and Long. Behavioral Health Services, Magellan, or Wexford Health Sources Inc., are not sub-branches of the Department of Corrections i.e., Wexford and Magellan, are not an expression accepted as a figurative or symbolic substitute for the Dept., of Corrections.

In addition, in light of the D.O.C., sub-contracting out for medical services, there must be a clause in their contract which specifically states that "any and all claims of malpractice or deliberate indifference" will specifically handled by def., Long, and Ellien's employers; Magellan and Wexford. Who retained the law firms of "Monaghan & Gold, P.C., and Lavery, Faherty, Young & Patterson, P.C.. Truly, the defendant's Ellien and Long, are trying to persuade this Court into believing that the D.O.C., has provided for the award of monetary relief through the grievance procedure.

Not only is that statement farcical but, it's demented. In either 1998 or 1999, a judge in the District Court Eastern side, invalidated the inmates' last line of defense or the insurance that grievance procedures would be ahered to when the ICU Consent Decree was dismantled. Additionally, the grievance procedures foundation was the ICU Consent Decree and prisoners' could count on attorney's for ICU Class to be notified of all actions. See DC-ADM 804-VI-D-8: "The Chief Counsel will notify counsel for the ICU class of

3

disposition by the CORC/COMRC of any matter raised on Final Review alleging a violation of the ICU Consent Decree." See also DC-ADM 804-VI-B-1: "...Any claims of violation of the ICU Consent Decree must be raised through this grievance procedure before they may be addressed by any court."  Therefore, that procedure is ineffective.

Because there is no more intervention by the Courts', prisoners' have experienced mass and notorious displacement of their grievances. Plaintiff could supply hundreds of affidavits sworn to under the penalty of perjury stating that the grievance system is all but non-existent, just to name a few:

| | |
|---|---|
| Robert Mangello #BN-6174 | Charles Miller #AP-5909 |
| Barry Gregory #BY-4285 | Robert Peterman #BQ-6816 |
| Eric Anderson #AP-8972 | Richard Brode #AT-0920 |
| George Price #CF-0922 | Chistopher Whitley #AP-5759 |
| Lester Carmello #BM-5411 | Carl Honeyblue #AF-8068 |
| Frank Farley #AM-7963 | Ronald Townes #AM5914 |
| Steven Rigney #BX-3481 | Ike Johnson #BE-5826 |
| Kenneth Pappas #BP-4200 | Robert Hoover #AY-3965 |
| Joseph Handsome #BK-7482 | Glenn Leiter #AK8781 |
| Wesley Harper #AF-5429 | Harry Cook #BN-9242 |
| Darren Minnich #CP#1002 | Harry Zykauskas #BY-1116 |
| Ronald Henninger #AK-3940 | Baxter Woods #BS-0210 |

In view of def., Ellien and Long's employment by Wexford and Magellan, it's clear that they are not government/prison officials pursuant to legislation §3626(g)(2), and <u>Brennan</u> <u>supra</u>,. Plaintiff respectfully requests that this Honorable Court permits the discovery to continue so, that tangible evidence(in the form of the contracts between Wexford, Magellan, and the DOC)can be presented with the above to add clarity; in their contracts there has to be agreements under which any person carrying on a service may be liable to satisfy part or all of a judgment or to indemnify or reimburse the person for payments made to satisfy a judgment.

Should this Court decide that it will not permit the discoverry to continue, in the alternative, plaintiff directs the Court's attention to the fact that def's, Ellien and Long, are not government/prison officials.

WHEREFORE, I, Jason E. Benson, plaintiff respectfully requests that this Honorable Court deny not only def., Ellien's, motion to dismiss but, Long's and Steinour's as well.

respectfully submitted,

Date: 10/26/00

Mr. Jason E. Benson, Plaintiff
#DS-6483, SCI-Smithfield
1120 Pike Street, P.O.Box 999
Huntingdon, PA 16652

5

CERTIFICATE OF SERVICE

I, Jason E. Benson, plaintiff, hereby certify that a true and correct copy of the foregoing document was served upon the following via first class mail:

Jason Kantor, Esquire
Post & Schell, P.C.
240 Grandview Avenue
Camp Hill, PA 17011

Lavery, Faherty, Young &
Patterson, P.C.
James D. Young, Esquire
301 Market St., Suite 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

Monaghan & Goldy P.C.
7830 Old York Road
Elkins Park, PA 19027

By: _____
Mr. Jason E. Benson, Plaintiff
SCI-Smithfield, #DS-6483
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652

7