IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

FILED
SCRANTON
NOV 17 2000
PER _____
DEPUTY CLERK

REPLY BRIEF OF WILLIAM G. ELLIEN, M.D. IN SUPPORT
OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT OF
JASON E. BENSON

Jason E. Benson ("Benson") an inmate at the State Correctional Institution at Smithfield ("SCI-Smithfield") filed an amended complaint against several county prison officials alleging that they used unnecessary force upon him. In the same amended complaint he contends that William G. Ellien, M.D. ("Ellien"), a psychiatrist, and Ronald Long, M.D., a physician, provided inadequate medical care to him while he was incarcerated at SCI-Smithfield. Benson bases his claim against Ellien solely upon 42 U.S.C. §1983.

Ellien filed a motion to dismiss the amended complaint contending that Benson had not exhausted his administrative remedies as required by 42 U.S.C. §1997e(a). Ellien also sought dismissal of the amended complaint on a second separate ground; that Benson failed to allege that Ellien possessed subjective knowledge that his treatment of Benson presented a substantial risk of harm to Benson.

In response Benson admits that he did not exhaust his administrative remedies. No dispute exists as to this. But, Benson asserts that he did not have to exhaust his administrative remedies for two separate reasons. An examination of both reasons shows that they have no validity whatsoever and fail

1

to excuse his admitted refusal to utilize his administrative remedies provided by the Department of Corrections of the Commonwealth of Pennsylvania.[1]

First, Benson contends that the administrative remedies provided to him by the Department of Corrections of the Commonwealth of Pennsylvania, DC-ADM804, failed to apply to Ellien because Ellien functioned as a private physician. Every court to consider this issue has rejected Benson's contention.

In Peoples v. Horn, Civil Action No. 3:CV-97-024 (M.D. Pa. 1997), Judge Conaboy of this Court concluded that the exhaustion requirements contained at DC-ADM804 applied to a claim by an inmate against a private physician with whom the Department of Corrections had contracted with to provide medical services to the inmate. See Exhibit "A", Peoples v. Horn. Benson asserts that Peoples v. Horn deals only with prison officials. An examination of the Court's opinion shows this to be completely and totally wrong. Judge Conaboy dealt with a motion to dismiss from a physician, Dr. Farrokh Mohadjerin. The Department of Corrections never employed Farrokh Mohadjerin, M.D.

In Sykes v. Reno, Civil Action No. 99-6208 (E.D. Pa. March 21, 2000), Judge Robreno of the United States District Court for the Eastern District of Pennsylvania concluded that an inmate who sued a private physician pursuant to 42 U.S.C. §1983 had to exhaust his administrative remedies as set forth in DC-ADM804 in order to meet the requirements of 42 U.S.C. §1997e(a). An examination of Judge Robreno's opinion in Sykes shows conclusively that he granted a motion to dismiss submitted by

---

[1] In his brief in support of his motion to dismiss Ellien sets forth those administrative remedies in detail at pages 2 and 3.

2

a private physician.[2] See Exhibit "B".

In <u>Geisler v. Hoffman</u>, United States Court of Appeals for the Third Circuit, No. 99-1971 (Sept. 12, 2000)(unreported) the United States Court of Appeals for the Third Circuit upheld the dismissal of the complaint of the plaintiff, an inmate, against a private physician, Stanley Hoffman, M.D., based on 42 U.S.C. §1983 solely because of the failure of the plaintiff to exhaust his administrative remedies provided for by DC-ADM804. The Court concluded that the inmate had to exhaust his administrative remedies before he could seek monetary damages from Dr. Hoffman for providing inadequate medical care to him. A copy of the Court's opinion appears hereto as Exhibit "C".[3]

Benson contends that he has no ability to obtain monetary damages against Ellien pursuant to DC-ADM804. In <u>Geisler, supra</u>, the United States Court of Appeals for the Third Circuit specifically rejected this contention. The Court concluded at page 4 of its opinion that DC-ADM804 did make the award of monetary relief available to inmates as of May 1, 1998, including for claims against private physicians. The Court rejected the futility argument of the plaintiff in that case.

Benson seems to argue that grievances of inmates are not acted upon and that DC-ADM804 provides no remedy. He has not produced evidence that prison officials failed to act upon his grievance. He concedes that he never bothered to file one. The failure of prison officials to act upon the grievances of other inmates fails to excuse Benson from exhaustion of his administrative remedies.

---

[2] If the Court has any doubt as to the fact that <u>Peoples, supra</u> and <u>Sykes, supra</u>, dealt with physicians not employed by the Commonwealth of Pennsylvania, counsel for Ellien has the motions to dismiss in both cases that the physicians submitted to the district court and can provide them to the court.

[3] Although the opinion <u>Geisler v. Hoffman</u> is not precedential Ellien submits it because of the reasoning contained therein.

3

In Geisler, supra, the United States Court of Appeals for the Third Circuit held the failure of prison officials to act upon a grievance of the plaintiff did not excuse the inmate from exhausting his administrative remedies. He had to appeal the failure to act upon his grievance.

In Burkholder v. Newton, United States District Court for the Middle District of Pennsylvania, Civil Action No. 4:CV-00-0923, Judge McClure of this Court concluded that the exhaustion requirements of 42 U.S.C. §1997e(a) applied to a cause of action brought by an inmate pursuant to 42 U.S.C. §1983 against a psychiatrist who was not an employee of the Commonwealth of Pennsylvania. The Court rejected the argument Benson makes here. A copy of the Court's opinion appears hereto as Exhibit "D".

The futility of the administrative remedy fails to excuse Benson's failure to utilize it. He has to utilize all available administrative remedies even if they are futile. The United States Court of Appeals for the Third Circuit has reached this conclusion in Nyhuis v. Reno, 204 F.3d 65, 72 (3d Cir. 2000) and in Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000). In Nyhuis, supra, the Court concluded that Congress when it enacted 42 U.S.C. §1997e(a) imposed an exhaustion of administrative remedies requirement even when those remedies were futile. The Court rejected any futility exception to the exhaustion requirement imposed by Congress when it adopted 42 U.S.C. §1997e(a).

In Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) the United States court of Appeals for the Third Circuit reaffirmed its holding in Nyhuis, supra and indicated that although Nyhuis involved a Bivens action brought by a federal inmate the rule that the Court of Appeals announced in Nyhuis has equal force in the §1983 context since §1997e(a) which applies to actions brought by a prisoner "under §1983 of this title or any other federal law" treats Bivens actions and §1983 as functional equivalents.

4

Id. 206 F.3d at 300.

The United States Court of Appeals for the Third Circuit concluded that because the inmate in Booth, supra, failed to exhaust his available administrative remedies rather than those he believed would be effective before filing his §1983 action the district court appropriately dismissed his action without prejudice.

Thus, Benson has failed to show any justifiable reason for his refusal to exhaust his available administrative remedies provided for by the Commonwealth of Pennsylvania, Department of Corrections at DC-ADM804. His failure to exhaust his administrative remedies, which he admits, must result in the dismissal of his amended complaint. The United States Court of Appeals mandates this result. See Nyhuis, supra, 204 F.3d at 72.

Benson has also failed to plead the required subjective knowledge necessary to assert a cause of action based on 42 U.S.C. §1983. He contends that in his exhibits and affidavit he meets this standard. An examination of the exhibits shows that they fail to provide the necessary statement of knowledge. Such a statement must appear in the amended complaint not in the exhibits. But it fails to appear in the exhibits. Counsel for Ellien has never received a copy of any affidavit but even if such an affidavit was submitted and meets the required standard such statements must appear in the amended complaint.

In the light of the foregoing and in light of the previous memorandum of law and motion to dismiss submitted by William Ellien, M.D., William Ellien, M.D. respectfully requests that his motion to dismiss the amended complaint of Benson be granted.

                              MONAGHAN & GOLD, P.C.

BY: _____
      ALAN S. GOLD
      Attorney for Defendant,
      William G. Ellien, M.D.

      7837 Old York Road
      Elkins Park, PA 19027
      (215) 782-1800

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, William G. Ellien, M.D.'s Reply Brief in support of his Motion to Dismiss the Amended Complaint of Jason Benson, along with supporting Memorandum of Law and Exhibits by First Class Regular Mail on this date to the following individuals:

Jason Eric Benson
SCI-Smithfield
#DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, St. 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

ALAN S. GOLD

11/17/00