IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

EXHIBITS OF WILLIAM G. ELLIEN, M.D. IN SUPPORT OF HIS
REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED
<u>COMPLAINT OF JASON E. BENSON</u>

FILED
SCRANTON

NOV 1 7 2000

PER _____
DEPUTY CLERK

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL C. PEOPLES,           :
                              :    CIVIL ACTION NO. 3:CV-97-0205
        Plaintiff,            :
                              :
    vs.                       :                          FILED
                              :    (JUDGE CONABOY)    SCRANTON
COMMISSIONER HORN, et al.     :
                              :                       DEC 3 1 1997
        Defendants.           :
                              :
                                                             CTC
                                                    DEPUTY CLERK

## MEMORANDUM AND ORDER

Presently before the Court is a Report and Recommendation
filed by United States Magistrate Judge Thomas M. Blewitt. (Doc.
90).  The Magistrate Judge recommends that the Plaintiff's com-
plaint be dismissed in its entirety because the Plaintiff has
failed to exhaust his administrative remedies.  The Plaintiff has
not filed any objections to the Magistrate Judge's disposition.
Thus, after carefully reviewing the Report and Recommendation only
for plain error or manifest injustice, Cipollone v. Liggett Group,
Inc., 822 F.2d 335, 340 (3d Cir. 1987) cert. denied, 484 U.S. 976
(1987); Henderson v. Carlson, 812 F.2d 875, 878 (3d Cir. 1987),
cert. denied 484 U.S. 837 (19487), we shall adopt the Report and

---

[1] Although the Plaintiff has filed a motion for enlargement of
time to file an objection to the Magistrate Judge's recommended
disposition (Doc. 92), we deny it as moot in light of our
determination made in this Memorandum and Order.  Based upon our
review, the Plaintiff has clearly failed to exhaust his

Recommendation of the Magistrate Judge and dismiss the complaint in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 claiming numerous violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth amendment rights. (Doc. 1). He is an inmate at the State Correctional Institution at Smithfield and is proceeding pro se. The Plaintiff filed an amended complaint on May 6, 1997. (Doc. 16).

The Defendants have filed a number of motions to dismiss. (Docs. 19, 27, 44, 47 and 50). However, not all of the motions are ripe for disposition. Nevertheless, our preliminary review of this action directs us to dismiss the complaint based upon the Plaintiffs failure to exhaust his administrative remedies.

## DISCUSSION

With respect to the applicability of administrative remedies, 42 U.S.C. § 1997e(a) reads as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision makes no distinction between an action for damages, injunctive relief, or both. Thus, prisoners are required to ex-

prison conditions case brought pursuant to 42 U.S.C. § 1983 or any other federal law.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance review System, DC-ADM 804 (effective October 20, 1994). With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that , after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem any appeal must be taken to the Central Office Medical Review Committee.

The instant suit concerns the Plaintiffs alleged violation of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. On the question of administrative exhaustion, the complaint includes a question relating to what steps the prisoner took in the state prisoner grievance procedure. The Plaintiff indicates that although he filed "DC-804 Part I Grievances" with respect to his medical and non-medical grievances, they "were put down via semantics, et., etc., etc. And I was pursecuted (sic) because of my efforts to obtain relief." (Doc. 1, p. 2). There is no indication that he appealed the dismissal of this grievance. In that connection, the procedure contemplates several tiers of review and the Grievance Review System is not exhausted when an inmate files a

nels when a grievance is not resolved to his or her satisfaction. Plaintiff's apparent failure to comply with 42 U. S. C. § 1997e(a), as amended, warrants the dismissal of his complaint but without prejudice.  See Pew v. Imschweiler, et al., Civil Action No. 96-0760 (M.D. Pa. September 12, 1996) (Kosik, J.); Johnson v. Gillis, et al., Civil Action No. 96-1569 (M.D. Pa. August 29, 1996) (Conaboy, J.); Lubawski v. Horn, et al., Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.); Smith v. Giza, Civil Action No. 96-1167 (M.D. Pa. July 2, 1996) (Rambo, C.J.); Brooks v. Superintendent Lunk of Div. 10, et al., No. 96C3221, 1996 WL 308268 (N.D. Ill. June 5, 1996).

Richard P. Conaboy
United States District Judge

DATE: 12/31/97

# EXHIBIT B

MAR-24-2000  15:19                                                                                    P.01/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN SYKES                         :        CIVIL ACTION
                                   :        NO. 99-6208
          Plaintiff,               :
                                   :
     v.                            :
                                   :
MARTIN HORN, et al.,               :
                                   :
          Defendants.              :

**FILED**

MAR 2 4 2000

By_____
MICHAEL E. KUNZ, Clerk
_____Dep. Clerk

ORDER

AND NOW, this **21st** day of **March, 2000**, after a hearing

in which all of the parties participated, it is hereby ORDERED

that:

          1.   Defendant Khin's motion to dismiss plaintiff's

amended complaint (doc. # 5) and the Commonwealth defendants'

motion to dismiss plaintiff's amended complaint (doc. # 7) are

GRANTED.[1]

_____

1.   Plaintiff brought this action claiming violations of 42
U.S.C. § 1983, the Pennsylvania Constitution, and Pennsylvania
common law.  For purposes of these motions, the following facts
taken from plaintiffs amended complaint are deemed true.  The
prison's plumbing detail, to which plaintiff was assigned, was
trying to repair a leak in the prison's hot water circulation
loop.  As part of that effort, plaintiff was instructed to dig a
trench on prison property while 200 degree water was pouring out
of a nearby pipe into the trench.  The ground gave way beneath
plaintiff, who fell into the boiling water, suffering serious
burns.  Defendants, comprised of medical and prison personnel,
failed to take action to lessen plaintiff's pain and instead
intentionally increased his pain by not treating his injuries and

Defendants seek to dismiss plaintiff's amended complaint contending, among other things, that plaintiff has failed to exhaust his prison administrative remedies. Specifically, defendants point to § 1997e(a) of the Prison Litigation Reform Act of 1996 ("PLRA"), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

This court may take judicial notice of the fact that the Pennsylvania Department of Corrections (PDOC) has in place (and had in place at the time of facts giving rise to the instant allegations) a Consolidated Inmate Grievance System available to all state prisoners, which is set forth in Department of Corrections Administrative Directive (DC-ADM) 804. See Fed. R. Evid. 201(b); Peters v. Delaware River Port Auth., 16 F.3d 1346, 1356 n.12 (3d Cir. 1994); see also City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (finding that to resolve 12(b)(6) motion, court may properly look at public records ... in addition to allegations in complaint). This grievance system allows for prisoners to pursue informal resolution of problems concerning prison conditions, to then file a written grievance with the prison administration, and, if the matter is not resolved to the prisoner's liking, to seek an appeal. Indeed, plaintiff does not dispute that he did not pursue the administrative channels or that the PDOC had in place, at the time of his injuries, such an administrative process.

The Third Circuit has recently addressed the PLRA's new exhaustion requirement in Booth v. Churner, ___ F.3d ___, Nos. 97-7487 and 97-7488, 2000 WL 251627 (3d Cir. Mar. 7, 2000), and Nyhuis v. Reno, ___ F.3d ___, No. 98-3543, 2000 WL 157531 (3d Cir. Feb. 15, 2000). In those cases, the Third Circuit has held that before a plaintiff can bring a suit pursuant to § 1983, he or she must exhaust his or her administrative remedies, regardless of whether exhaustion would be "futile."

Nyhuis involved a prisoner who brought suit pursuant to § 1983 claiming that his personal belongings had been improperly confiscated in violation of his constitutional rights. In the instant case, plaintiff characterizes his amended complaint as centering not around prison conditions, but rather as focused on allegations of excessive force. See Pl.'s Supplemental Mem. of Law in Opp'n to Mot. (doc. # 13) at 1-2 (stating that plaintiff's

MAR-24-2000  15:20                                                    P.03/04


    2.    The above-captioned matter is DISMISSED without

PREJUDICE for plaintiff's failure to exhaust administrative

remedies.

    The case shall be marked closed.


    AND IT IS SO ORDERED.



                              EDUARDO C. ROBRENO,             J.


COPIES BY MAIL ON:

TO:

                      COPIES BY FAX ON: 3/34/00

                    TO: Alan S. Gold, Esq.

claims that prison personnel compelled him into great physical
danger, which he in fact suffered, "was an application of
excessive force" and that Dr. Khin failure to take action was
also "an application of excessive force").

    Thus, plaintiff, in his supplemental memorandum mailed to
the court on March 7, 2000, argued that Nyhuis was inapposite to
the instant case because "[t]he term 'prison conditions' does
not, however, apply to allegations of excessive force."  Pl.'s
Supp. Mem. at 1.  Booth, decided on March 7, 2000, plainly
precludes plaintiff's position.  "We reject this argument and
hold that Section 1997e(a) applies to excessive force actions."
2000 WL 251627, at *1.  Accordingly, the court will dismiss
plaintiff's 1983 claim for his failure to exhaust his
administrative remedies.  Finally, given the infancy of these
proceedings, the court chooses, pursuant to 28 U.S.C. § 1367, not
to exercise supplemental jurisdiction over plaintiff's remaining
state law claims.

# EXHIBIT C

UNREPORTED/NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 99-1971

———————

LARRY GEISLER,
Appellant

v.

STANLEY HOFFMAN, DR.;
DONALD T. VAUGHN

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 99-CV-3764
District Judge: The Honorable John R. Padova

———————

Argued: September 12, 2000

———————

Before: NYGAARD, ROTH, and BARRY, Circuit Judges

(Opinion Filed: September 29, 2000 )

———————

MEMORANDUM OPINION OF THE COURT

———————

BARRY, <u>Circuit Judge</u>

Appellant Larry Geisler, a former prisoner at SCI-Graterford, appeals separate orders

of the District Court which granted motions to dismiss his civil rights action against appellees

Dr. Stanley Hoffman and Superintendent Donald T. Vaughn.  The District Court dismissed

Geisler's action against Dr. Hoffman for failure to exhaust administrative remedies and

dismissed the action against Superintendent Vaughn on the merits.[1]  In this appeal, Geisler

seeks reversal of the orders of dismissal and adds a constitutional challenge to 42 U.S.C. §

1997e(a), a challenge he did not raise before the District Court.[2]  For the reasons set forth

below, we will affirm.

The facts underlying this case, as sympathetic as they are to Geisler, are well-known

to the parties involved and will not be repeated here.  Despite that sympathetic story,

however, we must follow the mandate of Congress in 42 U.S.C. § 1997e(a), as interpreted

---

[1] Superintendent Vaughn argues that because Geisler's brief on appeal fails to address
the merits of his claim against him, much less tell this Court why, in his opinion, the
District Court erred in dismissing the action as to him, that order of dismissal is not
properly before us for review.  We agree.  "An issue is waived unless a party raises it in
its opening brief, and for those purposes 'a passing reference to an issue . . . will not
suffice to bring that issue before t[he] court." Laborers' Int'l Union of No. Am. v. Foster
Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (quoting Simmons v. City of
Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992)); see
also Penn. Dept. of Public Welfare v. U.S. Dept. of Health and Human Services, 101 F.3d
939, 944 (3d Cir. 1996).  The remainder of this opinion will, therefore, address only
Geisler's appeal from the dismissal of Dr. Hoffman and we will affirm as to
Superintendent Vaughn without further discussion.

[2] We have consistently refused to consider issues that are raised for the first time on appeal.
See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994); Richerson v. Jones, 572 F.2d
89, 97 (3d Cir. 1978) (noting that "refusing to consider on appeal an issue or argument not raised
below normally promotes the finality of judgments and conserves judicial resources").  While
there is a "manifest injustice" exception to this Court's rule against consideration of new legal
issues on appeal, this rarely-applied exception is not triggered here.  We, therefore, will not
consider Geisler's challenge to § 1997e(a).

by this Court, and affirm the dismissal as to Dr. Hoffman because Geisler simply did not exhaust his administrative remedies as to the monetary relief he now seeks.

The plain language of 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), makes clear that: "No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997(e)(a) (emphasis added). As we determined in Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000), Congress intended for the PLRA to amend "§ 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–*whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action*." The decision in Nyhuis – a Bivens action – to reject a "futility" exception to § 1997e(a) and to regard the exhaustion requirement as unqualified has been extended to § 1983 claims. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000) ("[T]he rule we announced in Nyhuis has equal force in the § 1983 context . . . for § 1997e(a) treats Bivens actions and § 1983 actions as functional equivalents."), petition for cert. filed, 68 U.S.L.W. 3774 (U.S. June 05, 2000) (No. 99-1964).

As the record reveals and Geisler's counsel concedes, Geisler failed to utilize all three of the tiers of the administrative appeals process provided for by the Pennsylvania Department of Corrections via the Consolidated Inmate Grievance Review Procedure ("DC-ADM 804"). While Geisler claims to have filed a grievance to have his J tube reimplanted

3

and arranged to have an inmate file a second grievance on his behalf, he admittedly never went beyond that initial step within the formal appeals process outlined in DC-ADM 804. Moreover, the failure of the prison officials to formally respond in writing to these grievances did not, contrary to Geisler's argument, relieve him of the obligation of exhausting the requisite administrative remedies. DC-ADM 804 does not prohibit prisoners from appealing the failure of prison officials to act on initial grievances and, therefore, Geisler was statutorily constrained to bring his grievances to the next level within the prison grievance scheme before pursuing relief in the judicial forum. And, we note, Geisler's grievances sought relief wholly different from the monetary remedy that he subsequently sought from the District Court. To this end, even if Geisler had brought his grievances before the two appellate tiers provided for by DC-ADM 804, exhaustion in that setting clearly would not have exhausted his current claim for monetary relief, a claim which he never even began to pursue administratively.

In this connection, Geisler cannot be heard to argue that seeking monetary damages in the administrative setting would have been "futile." First of all, DC-ADM 804 made awards of monetary relief available to inmates as of May 1, 1998 – well before Geisler filed his federal complaint in July 26, 1999; if the very relief Geisler sought in the judicial forum was first available to him in the administrative forum, a grievance in that forum could not have been "futile." Second, even if administrative remedies had not been available to Geisler via DC-ADM 804, any attempt to invoke a "futility" exception would be denied in light of

4

Nyhuis and Booth.  See Nyhuis, 204 F.3d at 70-77 (explaining that Congress, via the PLRA, intended for exhaustion to be an unqualified requirement in prisoner civil rights litigation in an attempt to conserve judicial resources and to give deference to and promote the efficacy of administrative processes); Booth 206 F.3d at 300 (same).

In sum, Geisler's complaint fits squarely within the dictates of § 1997e(a), as interpreted by this court in Nyhuis and Booth, that a prisoner exhaust the administrative remedies available to him or her prior to initiating suit in federal court.  Because Geisler failed to exhaust the three-tiered administrative appeals process with respect to both (1) his request to have his J tube reimplanted and (2) his current request for monetary damages attributable to the time he was deprived of the J tube, the District Court properly granted Dr. Hoffman's motion to dismiss.

We make, however, one observation.  While Nyhuis and Booth compel us to uphold the dismissal of Geisler's complaint for failure to exhaust, we note that exhaustion is a two-way street with obligations on the part of prison officials as well as on the part of the prisoner.  In Nyhuis, this Court stated that "applying § 1997e(a) without exception promotes the efficacy of the administrative process itself . . ." Nyhuis, 204 F.3d at 76.  We anticipated that under a strict exhaustion requirement "prison grievance procedures will receive enhanced attention and improved administration."  Id.  While the state's failure to formally respond to Geisler's grievances – and on a motion to dismiss both the filing of the grievances and the failure to respond must be accepted as true –  does not constitute a ground for

5

excusing Geisler from exhausting the administrative appeals process, such failure is wholly inconsistent with the "cooperative ethos . . . between inmate and jailer" which this Court envisioned a strict exhaustion requirement would promote. Id. at 77. In response to the inattention in this case, we issue a simple yet stern reminder: federal courts and prisoners alike depend upon prison officials to take seriously their roles within the relevant administrative grievance scheme. Only prompt attention and formal, guided response to timely prisoner grievances will facilitate the overarching policies of the PLRA.


TO THE CLERK OF THE COURT:

    Kindly file the foregoing Memorandum Opinion.


                    /s/ Maryanne Trump Barry
                    Circuit Judge

6

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-1971

LARRY GEISLER,
Appellant

v.

STANLEY HOFFMAN, DR.;
DONALD T. VAUGHN

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 99-CV-3764
District Judge:  The Honorable John R. Padova

Argued: September 12, 2000

Before: NYGAARD, ROTH, and BARRY, Circuit Judges

(Opinion Filed: September 29, 2000 )

JUDGMENT

This cause came to be heard on the record from the United States District Court for

the Eastern District of Pennsylvania and was argued on September 12, 2000.

After consideration of all contentions raised by the appellant, it is

ADJUDGED and ORDERED that the judgments of the District Court be and are hereby affirmed.

Costs taxed against appellant.

*Marcia M. Waldron*

—————————————————

Marcia M. Waldron, Clerk

Dated: September 29, 2000

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BURKHOLDER,             :
            Plaintiff           :      No. 4:CV-00-0923
                                :      (Judge McClure)
        v.                      :
                                :
ANDREW NEWTON, M.D.;            :
MRS. MARESCA, Hearing Officer;  :
and C.O. JOHN PARCELL, Guard,   :
            Defendants          :

O R D E R

September 26, 2000

**BACKGROUND:**

On April 18, 2000, plaintiff William Burkholder, an inmate
at the State Correctional Institution at Coal Township,
Pennsylvania, commenced this action with the filing of a
complaint in the Court of Common Pleas of Northumberland County.
Burkholder alleges that he told a prison psychiatrist, defendant
Andrew Newton, M.D., that he (Burkholder) would harm defendant
C.O. John Parcell.  After a disciplinary hearing conducted by
defendant Mrs. Maresca, Burkholder was placed in the Restricted
Housing Unit for 30 days.  Burkholder alleges that use of the
statement violated his right against self-incrimination, that the
disciplinary hearing violated his due process rights, and that
conditions in the RHU violated the Eighth Amendment.  Burkholder
also asserts a plethora of state law claims related to the same
events.

The case was removed to this court by notice of removal
filed by Newton on May 23, 2000, with the consent of Maresca and

Parcell.  On July 7, 2000, we granted defendants' motions to
dismiss for failure to exhaust administrative remedies pursuant
to 42 U.S.C. § 1997e(a).

    Before the court is a motion by Burkholder to vacate the
judgment pursuant to Fed. R. Civ. P. 59(e) which is, in effect, a
motion for reconsideration of our Order of Court dated July 7,
2000.


**DISCUSSION**:

    "The purpose of a motion for reconsideration is to correct
manifest errors of law or fact or to present newly discovered
evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)
(citations omitted), cert. denied, 476 U.S. 1171 (1986).
"Therefore, a court may properly grant a party's motion for
reconsideration in any of the following circumstances: '(1) the
development of an intervening change in the law, (2) the
emergence of new evidence not previously available, or (3) the
need to correct a clear error of law or prevent a manifest
injustice.'" In re TMI Litigation Cases Consolidated II, 922 F.
Supp. 997, 1008 (M.D. Pa. 1996)(Rambo, C.J.; quoting Cohen v.
Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994); citations omitted
in In re TMI).  The granting of a motion to reconsider is an
extraordinary remedy and a court should not do so when the motion
is merely a re-styling or rehash of issues previously presented.
McConocha v. Blue Cross and Blue Shield Mutual of Ohio, 930 F.
Supp. 1182, 1184 (N.D. Ohio 1996).  A court should consider

2

neither new evidence nor a new legal theory which could have been presented on the original motion, taking into account due diligence. Id. Mere disagreement with the court is a ground for an appeal, not a motion for reconsideration. Id.

Burkholder claims that he indeed attempted to exhaust his administrative remedies but was prevented from doing so. Appended to his motion is a letter from Robert S. Bitner, Chief Hearing Examiner for the Pennsylvania Department of Corrections, which belies Burkholder's claim. The letter indicates that Burkholder was returned to his institution on February 9, 2000, but an appeal was postmarked February 23, 2000, or twice the number of days (7) permitted for taking an appeal. Burkholder blames the untimeliness on defendants, but never presented that argument to the Hearing Examiner. The letter specifies that Burkholder never included a reason for the delay.

The matter is analogous to instances of "procedural default" in the context of habeas corpus proceedings: A petitioner who fails to present his claims to the state courts in the manner required defaults those claims in federal court. Burkholder did not present his argument to the DOC, and defaulted it for present purposes.

We see no basis for reconsideration and the motion will be denied.

3

**NOW, THEREFORE, IT IS ORDERED THAT** plaintiff William

Burkholder's motion (record document no. 13) to vacate judgment,

construed as a motion for reconsideration, is denied.

James F. McClure, Jr.
United States District Judge