IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

FILED
SCRANTON
FEB 0 5 2001
PER _____
DEPUTY CLERK

MOTION OF WILLIAM G. ELLIEN, M.D. TO STRIKE THE RESPONSE OF THE
PLAINTIFF DATED DECEMBER 28, 2000 TO WILLIAM G. ELLIEN, M.D.'S
MOTION TO DISMISS BECAUSE IT VIOLATES LOCAL RULE 7.7 OF THE
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

William G. Ellien, M.D. ("Ellien") respectfully requests that this Court grant his motion to strike the response of the plaintiff dated December 28, 2000 to Ellien's motion to dismiss as violative of Local Rule 7.7 of the United States District Court for the Middle District of Pennsylvania and states in support thereof the following:

1. Jason E. Benson ("Benson"), an inmate at the State Correctional Institution at Smithville ("SCI-Smithville") filed an amended complaint against several prison officials contending that they used unnecessary force upon them. In the same amended complaint he contends that Ellien, a psychiatrist, and Ronald Long, M.D., a physician, provided inadequate medical care to him while he was incarcerated at SCI-Smithfield. Benson bases his claim against Ellien solely upon 42 U.S.C. §1983.

2. Ellien filed a motion to dismiss the amended complaint contending that Benson had not exhausted his availability administrative remedies as required by 42 U.S.C. §1997e(a). Ellien also sought dismissal of the amended complaint on a second separate ground; that Benson failed to allege that Ellien possessed subjective knowledge that his treatment of Benson presented a substantial risk of

1

harm to Benson.

3. Benson submitted a response. Ellien on November 17, 2000 filed a reply brief.

4. On December 28, 2000, Benson submitted another response to Ellien's motion to dismiss.

5. Local Rule 7.7 of the United States District Court for the Middle District of Pennsylvania indicates that a party opposing a motion only has the right to file a brief in opposition to the motion. The party submitting the motion has the right to file a reply brief. The rule provides:

> No further briefs may be filed without leave of court.

Local Rule 7.7. of the United States District Court for the Middle District of Pennsylvania.

6. Benson never received leave of Court before filing his brief of December 28, 2000. Consequently, this Court should strike his response of December 28, 2000.

7. In the alternative if the Court determines not to strike the brief Ellien should be given the opportunity to respond to the brief within fifteen days. No further submissions should be permitted concerning the motion to dismiss.

WHEREFORE, William G. Ellien, M.D. respectfully requests that his motion to strike the brief of December 28, 2000 of Jason E. Benson be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.

2