IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | JUDGE CALDWELL |
| | : | Magistrate JUDGE BLEWITT |
| THOMAS DURAN, et al., | : | |
| Defendents | : | NO. 1:CV-00-1229 |

PLAINTIFF'S RESPONSE TO DEFENDENT ELLIEN'S
MOTION TO STRIKE
PLAINTIFF'S RESPONSE DATED DECEMBER 28, 2000

The plaintiff Jason E. Benson, respectfully requests that this Honorable Court, take judicial notice that defendent Ellien's, pleadings or motion to strike plaintiff's response dated December 28, 2000, is misfigured and seeks to hamper justice. Plaintiff therefore, clarifies his pleadings as follows:

Defendant Ellien, claims that he has no opportunity to respond to the pleading on 12/28/00, and that it severely prejudices him. Furthermore, Ellien, asserts that plaintiff "has violated the rules without cause or reason." That could not be further from the truth and as a matter of fact, plAintiff was very much in accord with the Federal Rules of Civil Procedure.

Specifically, plaintiff cites Fed.R.Civ.P., Rule 9; Pleading Special Matters:  In relevant part:

> (b) Fraud, Mistake, Condition of the Mind;
> In all averments of...mistake, the circum-
> stances constituting...mistake shall be
> stated with particularity...intent,
> knowledge, and othe conditions of the mind
> of a person may be averred generally;

>    (c) Conditions Precedent; In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance...shall be made specifically and with particularity;
>
>    (d) Official Document or Act; In pleading an...official act it is sufficient to aver that the...act was done in compliance with the law.

Hence, the reason for the 12/28/00, pleading which conforms with the letter of the law. Be it, Fed.R.Civ.P. Rule 9(b)(c) and (d), or 42 U.S.C. § 1997(e)(a). It is relatively unheard of, that a party in an action is castigated for following or complying with the procedures of the law, yet, defendent Ellien, seeks just that.

The plaintiff is not the the party to violate the Local Rules of the United States District Court for the Middle District, but, the same cannot be said for defendant Ellien; Perhaps Ellien, has forgotten that plaintiff made several requests for discovery over (90) days ago and has not received any of it. Moreover, Ellien's, refusal to comply with plaintiff's discovery requests violates Rules of Professional Conduct, 3.4(a) "Unlawfully obstruct another party's access to evidence or...other material having potential evidentiary value..." And Pennsylvania Rule of Professional Conduct, Rule 8.4(d) "engage in conduct that is prejudicial to the administration of justice." See also DR 1-102(A)(5).

For example, this Court ordered on 1/8/01, that defendant Ellien, and counsel for codefendants could depose plaintiff within

2

thirty (30) days from the date of that order.* However, Defendant Ellien, sent plaintiff a "Notice of Deposition" on 1/16/01, and it informed plaintiff that the deposition would take place on February 22, 2001. That date is in direct violation with the administration of justice and Pa.R.Pro.C. 8.4. As an officer of the court, counsel should have known that even an violation of an applicable order is in essence, impeding justice. The deposition date of February 22, 2001, is well past the thirty (30) day limit but, the plaintiff is not complaining to the Court about it.

## CONCLUSION

In the light of the foregoing, the plaintiff Jason E. Benson, respectfully requests that the Court not stike his pleading due to the fact that plaintiff has endured countless violations of the Federal, and Local Rule of Civil Procedure by not only defendant Ellien, but, his codefendants as well, and allow the deposition to continue.

Respectfully submitted,

Jason E. Benson, Plaintiff

Date: February 5, 2001

---

* By the time the Court receives this pleading the defendant's will be in violation to the order because, they believe plaintiff does not have the sense to object and that because plaintiff is incarcerated they can do whatever they choose like violate discovery.

## CERTIFICATE OF SERVICE

I, Jason E. Benson, plaintiff, hereby certify that a true and correct copy of the foregoing document was served upon the following via first class mail:

Jason Kantor, Esquire
Post & Schell, P.C.
240 Grandview Avenue
Camp Hill, PA 17011

Lavery, Faherty, Young &
Patterson, P.C.
James D. Young, Esquire
301 Market St., Suite 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

Date: 2/5/01

By: _____
Mr. Jason E. Benson, Plaintiff
SCI-Smithfield, #DS-6483
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652

4