IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JASON E. BENSON                    :    CIVIL ACTION

MAY 1 5 2001

V.                                 :    NO. 1:CV-00-1229

PER _____
DEPUTY CLERK

WILLIAM G. ELLIEN, M.D., et al.    :    (Judge Caldwell)
                                        (Magistrate Judge Blewitt)

RESPONSE OF WILLIAM G. ELLIEN, M.D. TO THE PLAINTIFF'S SECOND
RESPONSE TO WILLIAM ELLIEN, M.D.'S MOTION TO DISMISS

William G. Ellien, M.D. ("Ellien") has filed a motion to dismiss the complaint of Jason E. Benson ("Benson"). Benson has filed a response. Ellien has filed a reply brief in support of his motion to dismiss. Benson has filed an additional response which this Court has permitted. The Court has also allowed Ellien to respond to that additional response. An examination of that additional response shows no reason to deny Ellien's motion to dismiss the complaint of Benson as to Ellien.

Benson asserts that he has exhausted his administrative remedies. An examination of the documentation provided shows two fatal defects which his assertion. The first consists of his failure to show that he has utilized the two tiers of appeals made available to him by DC-ADM804 promulgated by the Department of Corrections of the Commonwealth of Pennsylvania. No indication exists that any appeal has occurred from the documents he has submitted. Judge Conaboy in <u>Peoples v. Horn</u>, Civil Action No. 3:CV-97-024 (M.D. Pa. 1997) concluded that an inmate who had merely filed a grievance pursuant to DC-ADM804 had failed to exhaust his administrative remedies when he did not utilize the appellate procedures provided for by the administrative remedies. Judge Conaboy stated:

1

> There is no indication that he appealed the dismissal of this grievance. In that connection, the procedure contemplates several tiers of review and the Grievance Review System is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance does not resolve to his or her satisfaction.

See Exhibit "A", opinion of the Court in Peoples v. Horn, Civil Action No.: 3:CV-97-024 (M.D. Pa. 1997).

A second fatal flaw exists with Benson's assertion that he has exhausted his administrative remedies. He never requested monetary relief in the administrative process. DC-ADM804 as amended on May 1, 1998 provides for such relief. In Geisler v. Hoffman, the United States Court of Appeals for the Third Circuit No. 99-1971 (Dec. 12, 2000)(unreported) the United States Court of Appeals for the Third Circuit concluded that an inmate had to request monetary damages in the administrative process by means of the remedies provided by DC-ADM804 in order to exhaust his administrative remedies. According to the Court of Appeals the failure to do so requires the dismissal of the complaint for failure to exhaust administrative remedies. A copy of the opinion appears hereto as Exhibit "B".

Although Benson contends that he has exhausted his administrative appeals he offers no documentary evidence of this. He has not alleged that he does not have prove of this. He submitted his grievances. Why has he not submitted proof of his appeals? Perhaps this is because he has not appealed. He contends that the Department of Corrections of the Commonwealth of Pennsylvania has not acted upon his appeal for final review. That failure to act prevents him from going forward. He

2

must wait for the Department of Corrections to complete the appellate process provided for by DC-ADM8

Benson has failed to show that he has pled subjective awareness of a substantial risk of harm to Ellien. Instead, he contends that Ellien's supposed statement that Benson repeats in the complaint that anti-seizure medication was not his field of experience since he was a psychiatrist and that he should go to Dr. Long shows he had subjective knowledge. Benson misses the point totally. Benson has to plead that Ellien knew that his referral of Benson to Long presented a substantial risk of harm to Benson. No such averment appears anywhere in the complaint. Benson persists in utilizing a should have known standard which has been rejected by every federal court to consider it.

In Muhammad v. Schwartz, Civil Action No. 96-CV-6027 (E.D. Pa. 1996) Judge Van Antwerpen granted a motion to dismiss a prisoner's claim based on 42 U.S.C. §1983 alleging inappropriate medical care. Judge Van Antwerpen held that the complaint failed to state that the defendant physician knew that his treatment presented a substantial risk of harm to the prisoner. Judge Van Antwerpen held that, "Without alleging actual knowledge, any reference to obviousness via the medical records available or what the doctor 'should have known' is unavailing." See Exhibit "C", opinion of the court, page 10.

Benson depends on the obviousness of the harm. But this fails to meet the required standard. In a recent decision in Outterbridge v. Commonwealth of Pennsylvania Department of Corrections, et al., Civil Action No. 00-1541 (E.D. Pa. June 7, 2000), Judge Buckwalter of the United States District Court for the Eastern District of Pennsylvania found averments similar to those contained in the complaint of Benson insufficient to support a cause of action pursuant to 42 U.S.C. §1983. In

3

Outterbridge, the plaintiff asserted that various physicians and physician assistants caused the death of an inmate by providing inappropriate medical care and by ignoring his symptoms which anyone should have known threatened his life. The complaint went on in great detail indicating that the test results showed that the inmate faced imminent danger of death. According to the complaint the physicians and physician assistants looked at the test results and simply refused to act upon them. The Court concluded that this failed to state a cause of action pursuant to 42 U.S.C. §1983 as a matter of law because the plaintiff refused to allege that the physicians and physician assistants knew that their conduct presented a substantial risk of harm to the inmate. A copy of the Court's opinion appears hereto as Exhibit "D". Judge Buckwalter stated:

> After reviewing the Complaint, the Court finds that the Plaintiff has never alleged that any of the Medical Defendants drew inferences that Outterbridge faced the risk of serious harm. The Complaint repeats that each Defendant continued to treat Outterbridge with INH even though he complained of its effects. Plaintiff also alleges that the Medical Defendants 'consciously disregarded' abnormal findings resulting from the ingestion of INH. While these facts suggest medical malpractice, they do no sufficiently allege that the Defendants knew of and disregarded the serious risks faced by decedent Outterbridge. Therefore, the Plaintiff's §1983 claim against the Medical Defendants will be dismissed.

See opinion of the Court in Outterbridge, attached hereto as Exhibit "D", page 4.

The analysis of Judge Buckwalter in Outterbridge, supra, and Judge VanAnterwerpen in Muhammad, supra, apply here and require the dismissal of the complaint.

4

In the light of the foregoing and in light of the previous memoranda submitted by William G. Ellien, M.D., William G. Ellien, M.D. respectfully requests that his motion to dismiss the complaint of Jason Benson be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.

CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, William G. Ellien, M.D.'s Reply to Plaintiff's Second Response to his Motion to Dismiss the Complaint of the Plaintiff by First Class Regular Mail on this date to the following individuals:

Jason Eric Benson
SCI-Smithfield
#DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, St. 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

ALAN S. GOLD

DATE: 5-14-01