IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | (Judge Caldwell) |
| | : | (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al., | : | |
| Defendants | : | NO. 1:00-CV-01229 |

FILED SCRANTON JUN - 1 2001 PER [signature] DEPUTY CLERK

PLAINTIFF'S REPLY TO THE ADAMS COUNTY
DEFENDANT'S OBJECTIONS TO
PLAINTIFF'S REQUEST FOR ADMISSIONS 2ND & 3RD SETS

AND NOW, come the plaintiff Jason Benson, and reply to the defendnat's objections to plaintiff's request for admissions and plaintiff submits to the Court that the Adam County defendants' are falsely representing to this Court that the "requests for admissions are burdensome and unnecessary." The only part of their pleading that speaks the truth is that "the plaintiff has not sought leave of Court or consent of counsel to serve requests for admissions exceeding the limit set forth in [Middle District Local Rule 36.1.]"

First, the defendants' are incorrect about the Local Rule number, it is not 36.1, as far as what plaintiff has seen, the correct Rule #'s are 26.5 & 26.6. Perhaps the plaintiff should have sought the Court's help with this matter. Because, plaintiff read Local Rule 26.6 to state: [INTERROGATORIES OR REQUESTS FOR ADMISSIONS, NUMBER OF]: "Interrogatories or requests for admissions to a party, as a matter of right, shall not exceed twenty five (25) in **number**." With that in mind, the plaintiff can truthfully say that he has never submitted a request for more than (25) requests in any set of admissions, and that there is no specific limit as to how many sets can be served.

Second, the defendant's assertion that plaintiff's requests are "burdensome and unnecessary," are also far fetched in that the problem with the interrogatories, admissions, and requests for documents tend to get around the evasive answers the defendant's has been giving to plaintiff. For example, let me draw the Court's attention to what's been submitted as exhibit "A": (Interrogatories and Admissions), at

item # 25:     "All of the defendants' involved in the
               incident on 8/27/99, followed Adams County
               Prison Policy and Procedure: 300-6, B-4?

               a) Admit answer # 25."

For the Courts' information, Adams County Prison Policy and Procedure #300-6, § II, B-4, states: "In any situation where physical force is used, the Shift Commander/Administrator makes certain that the incident is properly documented. **Each officer who is involved** in the **incident must submit a written report** detailing both why the use of force was necessary and the amount of force that was used to accomplish the assigned task..." The answer to the interrogatory would have been "NO" because all of the defendants' involved did not submit a written report and the ones that did lied through their teeth and therefore, dare not admit that answer.

In addition to that, at item #15:

               "Is it Adams County Prison Staffs practice
               habit or routine to review prisoner's
               Health Examinations and any Transfer Health
               Information?

               a) Admit or deny answer #15."

In response to item #15, the defendant's would have had to answer "NO" because if any of them had read the information contained in plaintiff's "Transfer Health Information, Department of Corrections form #DC-487," which was supplied to the defendant's on August 24,1999. In the health information the defendant's would have found that plaintiff has "Chronic

-2-

and/or Acute Health Problems", specifically [**seizure disorder; panic disorder & agoraphobia**]. They would have also known that plaintiff was not to be housed requiring him to climb stairs or ladders; that he could not work above ground level or around rapid moving machinery; and **no contact sports**.

Furthermore, plaintiff signed a A.C.P.F. (Adams County Prison Form) #45: "Authorization for Release of Medical Information; I, the undersigned, an inmate at the Adams County Prison, hereby authorize the **Prison Physician** or **Nurse**, to discuss any illness or treatment with Prison Staff that they deem necessary for continuation of my health care while being incarcerated at this prison. I hereby certify that i have read and fully understand the above release of medical information." The request in item #15, would have brought - out the fact that the defendant's violated their own "use of force policy." Specifically, Policy and Procedure #300-6, II. 3: "Physical force is used **only after all other means** to handle the situation have been exhausted." Had the defendant's took the time to read the health information they would have known that it was unecessary to use force on plaintiff because he more likely than not, was scared, having a panic attack, having an agoraphobia attack, or feeling a seizure about to come on. And that because plaintiff was cuffed with his hands behind his back, his ankles shackled together, and sitting in a chair, the use of force was overt to say the least. Therefore, plaintiff could have only been passively resistant and the use of OC Pepper spray and force was arbitrary and[un]Constitutional in all respects.

Moreover, the pleading at defendant's exhibit "B," also attempts to clear up alot of smoke that the defendant's created, for example, at item #3 of exhibit "B", would serve to show that the def., William Orth, was present the night plaintiff was having multiple seizures and also in the pleading, it shows that def., Orth, was notified about plaintiff's condition (having seizures) and did nothing about it until an hour and a half later. Which is relevant to the deliberate indifference claim. in  short, the responses to def's, exhibits "A & B," are detrimental/relevant to plaintiff's prosecution of this action. See Fagan v. District of Columbia, 136 F.R.D. 5,7 (D.C. 1991); King v. Georgia Power Co., 50 F.R.D. 134,136 (N.D.Ga.1970).

## CONCLUSION

The plaintiff respectfully requests that the defendnat's be ordered to answer the pleadings plaintiff submitted and produce the documents that were requested. The plaintiff also requests that the discovery continue for at least thrity (30) days after the Court makes it's ruling. The plaintiff herein certifies that the def., David Vazquez, was not involved in this situation and should be removed from this proceeding.

**WHEREFORE,** the plaintiff Jason Benson, respectfully moves this Honorable Court for an order granting plaintiff's dicovery requests and an order removing David Vazquez, from this civil matter.

Respectfully submitted,

Date: 5/24/01

Jason E. Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon,  PA  16652

CERTIFICATE OF SERVICE

I, Jason Benson, plaintiff, hereby certify that a true and correct copy of the foregoing document has been served on the following via prepaid First Class Mail:

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
   Attorney at Law
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA 17108

Monaghan & Gold, P.C.
   Attorney's at Law
Manor Professional Building
7837 Old York Road
Elkins Park, PA 19027

By: _____
Jason Benson, Plaintiff
DS6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652

Date: 5/24/01