ORIGINAL

FILED
HARRISBURG, PA

JUN 18 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ERIC BENSON, | : | CIVIL ACTION NO. 1:CV-00-1229 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS DURAN, et al., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### DEFENDANT, RONALD LONG, M.D.'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BLEWITT

AND NOW, comes Defendant, Ronald Long, M.D., by and through his attorneys, Lavery, Faherty, Young & Patterson, P.C., and files this Objection to the Report and Recommendation of Magistrate Judge Blewitt and in support thereof, avers as follows:

1. Plaintiff, Jason Eric Benson, a <u>pro se</u> prisoner incarcerated at the State Correctional Institution – Smithfield (hereinafter "SCI-Smithfield"), initiated this civil action by filing a Complaint on July 10, 2000 against various officials and/or employees at the Adams County Prison and Dr. William J. Steinour, an emergency room physician at the Gettysburg Hospital, arising out of an incident which occurred on or about August 27, 1999 at the Adams County Prison.

2. By Order dated September 11, 2000, United States Magistrate Judge Thomas M. Blewitt granted Plaintiff's Motion for Leave to File an Amended Complaint and directed the Clerk of Court to serve the Amended Complaint on the newly added Defendants, Ronald Long, M.D. and William G. Ellien, M.D.

3. On October 10, 2000, Dr. Long filed a Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies.

4. By Report and Recommendation filed on June 4, 2001 and received by undersigned defense counsel on June 6, 2001, Magistrate Judge Blewitt recommended that Defendant, Ronald Long, M.D.'s Motion to

Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies be denied.

5. Congress has enacted legislation requiring all inmates in all prisons to exhaust available administrative remedies before they could file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

6. Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement with the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

7. The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM-804. That administrative grievance procedure establishes a three-step process

3

including the submission of a written grievance to the Grievance Coordinator, with appeals taken to the Facility Manager and ultimately to the Chief of the Secretary's Office of Inmate Grievances and Appeals. The revisions to DC-ADM-804 also made awards of monetary relief available to inmates as of May 1, 19998 which was prior to the medical treatment at issue in Plaintiff's Complaint.

8. The Third Circuit, and other federal courts, have held that the exhaustion requirement mandates that all inmates seek all available relief under the administrative grievance system prior to initiating a civil action.

9. In this case, Plaintiff's Amended Complaint, and the documents submitted in opposition to Defendants' dispositive motions does not establish that Plaintiff exhausted all available administrative remedies prior to initiating this lawsuit, as required by the Prison Litigation Reform Act, as amended.

WHEREFORE, Defendant, Ronald Long, M.D., respectfully requests that this Honorable Court reject the Report and Recommendation of Magistrate Judge Blewitt and enter an Order granting Defendant Long's Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

Date: 6/18/2001         By: *James D. Young* [signature]
                            James D. Young, Esquire
                            Atty No. 53904
                            301 Market St., Suite 800
                            P.O. Box 1245
                            Harrisburg, PA 17108-1245
                            (717) 233-6633
                            Attorney for Defendant,
                            Ronald Long, M.D.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 18th day of June, 2001, I served a true and correct copy of the foregoing DEFENDANT RONALD LONG, M.D.'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BLEWITT via U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Jason Eric Benson
SCI-SM
#DS-6483
1120 Pike Street
P.O. Box 999
Huntingdon, PA  16652

John R. Kantner, Esquire
Post & Schell, P.C.
240 Grandview Avenue
Camp Hill, PA  17011

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA  17101

Alan Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA  19027

_____
Linda L. Gustin