ORIGINAL
2 to 01

FILED
HARRISBURG, PA

JUN 1 8 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ERIC BENSON,<br>　　　Plaintiff | CIVIL ACTION NO. 1:CV-00-1229 |
| | (Judge Caldwell) |
| vs. | |
| | (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al.,<br>　　　Defendants | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF DEFENDANT, RONALD LONG, M.D.'S OBJECTIONS TO MAGISTRATE JUDGE BLEWITT'S REPORT AND RECOMMENDATION

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Plaintiff, Jason Eric Benson, a *pro se* prisoner incarcerated at the State Correctional Institution – Smithfield (hereinafter "SCI-Smithfield"), initiated this civil action by filing a Complaint on July 10, 2000 against various officials and/or employees at the Adams County Prison and Dr.

William J. Steinour, an emergency room physician at the Gettysburg Hospital, arising out of an incident which occurred on or about August 27, 1999 at the Adams County Prison.

By Order dated September 11, 2000, United States Magistrate Judge Thomas M. Blewitt granted Plaintiff's Motion for Leave to File an Amended Complaint and directed the Clerk of Court to serve the Amended Complaint on the newly added Defendants, Ronald Long, M.D. and William G. Ellien, M.D. On October 10, 2000, Dr. Long filed a Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies.

By Report and Recommendation filed on June 4, 2001 and received by undersigned defense counsel on June 6, 2001, Magistrate Judge Blewitt recommended that Defendant, Ronald Long, M.D.'s Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies be denied.

Defendant, Dr. Long, has filed Objections to the Report and Recommendation of Magistrate Judge Blewitt pursuant to Rule 72.3, Local Rules of Court. This Brief is in support of Defendant Long's Objections to the Report and Recommendation of Magistrate Judge Blewitt.

2

II. <u>QUESTION PRESENTED</u>:

A. WHETHER MAGISTRATE JUDGE BLEWITT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT, DR. LONG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES?

[SUGGESTED ANSWER: YES]

III. <u>ARGUMENT</u>:

A. MAGISTRATE JUDGE BLEWITT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT, DR. LONG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES.

The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM-804 (effective October 20, 1994) as amended. See Exhibit "A". The Department utilizes a three-step grievance system starting with initial inmate grievance, an appeal to the superintendent, and an appeal to final review which is processed by the Chief Hearing Examiner. The Grievance Review System, as amended, established a new procedure whereby an inmate files the initial grievance with the facility grievance coordinator, with appeals taken to the facility manager and ultimately to the Chief, Secretary's Office of Inmate

3

Grievances and Appeals. The revisions to DC-ADM-804 also made awards of monetary relief available to inmates as of May 1, 1998, which was prior to the medical treatment at issue in plaintiff's Complaint.

Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1996 provides, in relevant part, that:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States (42 U.S.C. § 1983), or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(a).

Under the rule of <u>Nyhuis v. Reno</u> 204 F.3d 65 (3d Cir. 2000) and <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000), affirmed, ___ S. Ct.____ (99-1964, May 29, 2001). (a prisoner must exhaust all available administrative remedies before filing a "civil action with respect to prison conditions".) In <u>Booth</u>, the Third Circuit held that the definition of the term "civil action with respect to prison conditions" contained in 28 U.S.C. § 3626(g)(2) should be used for the purposes of Section 1997e(a). Section

4

3626(g)(2) provides that the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. This clause includes actions asserting claims ranging from excessive force to the denial of medical care. Booth, 206 F.3d at 295.

In Booth, the Third Circuit affirmed the district court's sua sponte dismissal of plaintiff's action pursuant to 42 U.S.C. §1997e(c). Booth 206 F.3d at 295. The rationale for the district court's order was that Booth failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a), prior to filing his Section 1983 action. id. The district court observed that at the time Booth filed his action, the Pennsylvania Department of Corrections had a three-step grievance procedure, and that Booth had taken the first step in the process. The Court also noted, however, that Booth made no showing that he had taken the second and third steps, which require that he appeal the decision reached by the prison officials in the first step. id.

Every other federal court to consider the issue has reached the same conclusion and has dismissed a prisoner's complaint for failure to exhaust administrative remedies. The United States Court of Appeals for the Sixth

5

Circuit has adopted a rule requiring plaintiffs who file suit pursuant to Section 1983 to "allege and show that they have exhausted all available state administrative remedies." Brown v. Toombs, 139 F 3d 1102, 1104 (6th Cir. 1998), cert. denied, 119 S. Ct. 88 (1998) ("a prisoner shall attach to his Section 1983 complaint the administrative decision if it is available showing the administrative disposition of his complaint"); See also, White v. Fauver, 19 F. Supp. 2d 305, 317(D.N.J. 1998) (dismissing claims without prejudice for failure to allege exhaustion); Morgan v. Arizona Department of Corrections, 967 F. Supp. 1184 (D. Ariz. 1997) (prisoner who did not file initial grievance failed to exhaust his administrative remedies).

In Brown, supra., the Sixth Circuit stated that a prisoner must attach to his § 1983 complaint the administrative decision showing the disposition of his grievance. In this case, Plaintiff simply produced copies of his grievance and the response from the Grievance Coordinator. Then, in conclusory fashion, Plaintiff alleged that he had exhausted all three steps of the process. Under similar circumstances, Judge Conaboy adopted the holding in Brown, and ruled that unsubstantiated allegations in a prisoner's declaration were "insufficient to show requisite exhaustion of all available state remedies." See Exhibit "C", Curtis v. Horn, et al., Civil

6

Action No. 3:00-CV-1149 (Dec. 18, 2000) (slip opinion pp. 6-7); Brown v. Dragovich, Civil Action No. 3-00-CV-1158 (Nov. 28, 2000). See Exhibit "D". This rule should have been applied in this case and the Magistrate Judge erred as a matter of law by allowing Plaintiff's unsupported, conclusory allegations of exhaustion to frustrate the intent of 42 U.S.C. § 1997e(a). Consequently, the June 4, 2001 Report and Recommendation of Magistrate Judge Blewitt must be rejected as a matter of law.

In the alternative, Dr. Long's Motion to Dismiss should have been granted because Plaintiff has not, and cannot allege that he has requested monetary relief in his grievance filed with the Department of Corrections. As a result, the Third Circuit's opinion in Geisler v. Hoffman, 99-1971 (3d Cir. 9/12/2000) (unreported) warrants dismissal. See Exhibit "B". In Geisler, the Court upheld the dismissal of a §1983 complaint of the plaintiff, an inmate, against a private physician, Stanley Hoffman, M.D., solely because of the failure of the plaintiff to exhaust his administrative remedies provided for by DC-ADM-804. The Third Circuit concluded that inmate Geisler had to exhaust the administrative remedies made available to him by asking for monetary damages. "To this end, even if Geisler had brought his grievances before the two appellate tiers provided for by DC-

7

ADM-804, the exhaustion in that setting clearly would not have exhausted his current claim for monetary relief, a claim in which he never even began to pursue administratively." Id. slip opinion at 4.

As the Court in Geisler noted, DC-ADM-804 made awards of monetary relief available to inmates as of 5/1/98, which was well before Mr. Benson filed the present lawsuit. Since plaintiff has never pursued a claim for monetary relief administratively, it is impossible for him to have exhausted the claims within the administrative process implemented by the Department of Corrections and available at SCI-Huntingdon.

Although the opinion in Geisler is not precedential because it is not published, Dr. Long submits it because of the persuasiveness of its reasoning. Dr. Long respectfully submits that in light of the Third Circuit's strict exhaustion requirements set forth in Nyhuis v. Reno and Booth v. Churner, supra., the Court of Appeals will, in a published opinion, affirm the persuasive reasoning of Geisler and hold that exhaustion requires all inmates to seek all relief available under the Department's grievance system. Since Plaintiff has failed to exhaust available administrative remedies with respect to his claims for monetary relief, the Magistrate Judge erred as a matter of law in denying Dr. Long's dispositive motion.

8

IV. <u>CONCLUSION</u>:

For the reasons advanced herein, Defendant, Ronald Long, M.D., respectfully requests that this Honorable Court reject the Report and Recommendation of the Magistrate Judge and enter an Order dismissing Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies.

                                  Respectfully submitted,

                                  Lavery, Faherty, Young & Patterson, P.C.

Date: 6/18/2001                   By: _____
                                  James D. Young, Esquire
                                  Atty No. 53904
                                  301 Market St., Suite 800
                                  P.O. Box 1245
                                  Harrisburg, PA 17108-1245
                                  (717) 233-6633
                                  Attorneys for Defendant,
                                  Ronald Long, M.D.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 18th day of June, 2001, I served a true and correct copy of the foregoing BRIEF IN SUPPORT OF DEFENDANT RONALD LONG, M.D.'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BLEWITT via U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Jason Eric Benson
SCI-SM
#DS-6483
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652

John R. Kantner, Esquire
Post & Schell, P.C.
240 Grandview Avenue
Camp Hill, PA 17011

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17101

Alan Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA 19027

_____
Linda L. Gustin