

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**SCRANTON**

JASON E. BENSON                          :          CIVIL ACTION

JUN 2 0 2001

V.                          :          NO. 1:CV-00-1229

PER _____ *dm* _____
DEPUTY CLERK

WILLIAM G. ELLIEN, M.D., et al.          :          (Judge Caldwell)
(Magistrate Judge Blewitt)

## OBJECTIONS OF WILLIAM G. ELLIEN, M.D. TO THE REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE BLEWITT

William G. Ellien, M.D. ("Ellien") objects to the report of the United States Magistrate Judge

Blewitt ("Magistrate Blewitt") as follows:

1.      Magistrate Blewitt has recommended to this Court that it deny both grounds of the

motion to dismiss Ellien. Magistrate Blewitt has erred in his recommendation. It fails to constitute a

proper interpretation of the law. It rejects settled principles of law and ignores persuasive and

controlling case authority. Magistrate Blewitt has presented no binding case authority for his position

and no case authority that remotely supports it. A copy of Magistrate Blewitt's report and

recommendation appears hereto as Exhibit "A".

2.      Ellien in his motion to dismiss asks this Court to dismiss the complaint of Benson

because Benson has not alleged sufficiently exhaustion of his administrative remedies. Benson contends

that he has utilized the three tier procedure provided to him by the Department of Corrections of the

Commonwealth of Pennsylvania. But he never asserts that he utilized the monetary damage remedy

provided to him by the Department of Corrections of the Commonwealth of Pennsylvania in a virtually

identical factual situation.

# ORIGINAL

1

3.      The United States Court of Appeals for the Third Circuit in <u>Geisler v. Hoffman,</u> No.

99-1971 (3d Cir., Sept. 12, 2000) concluded that an inmate who alleged that he exhausted his

administrative remedies and who in fact proved that he did but had not sought monetary damages

through the administrative process had failed to exhaust his administrative remedies as a matter of law.

See Exhibit "B", copy of opinion.  The Court concluded that the defendant physician did not have to

wait for summary judgment to obtain dismissal for failure to utilize monetary remedies through the

administrative process when the plaintiff inmate had not indicated in his response to the motion to

dismiss that he had sought such remedies.

4.      A second independent ground exists which Ellien raised in his motion to dismiss which

requires the dismissal with prejudice of Benson's amended complaint against Ellien.  Contrary to the

conclusion of the United States Magistrate Blewitt, Benson has not alleged deliberate indifference to a

serious medical need.  He merely uses the words.  He fails to plead averments which, if proven at trial,

establish that Ellien knew that his treatment of Benson presented a substantial risk of harm to him.

Instead, Benson merely contends that Ellien knew of Benson's condition.  He does not allege that Ellien

knew that his treatment of him presented a substantial risk of harm to Benson.  United States Magistrate

Judge Blewitt utilizes the wrong test.  He ignores the directive of the Supreme Court of the United

States in <u>Farmer v. Brennan,</u> 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994).

5.      No court anywhere has ever accepted the allegations that Benson makes here as

sufficient to state a claim pursuant to 42 U.S.C. §1983 based on deliberate indifference after the

decision of the Supreme Court in <u>Farmer, supra.</u>  The federal courts to consider the issue, except for

United States Magistrate Blewitt, have routinely concluded that identical averments to Benson's fail to

2

state a cause of action as a matter of law. Benson alleges medical malpractice not deliberate indifference to a serious medical need. United States Magistrate Blewitt's decision leads to the federalization of medical malpractice claims and invites inmates to submit those claims to this Court in hopes of obtaining a federal forum impermissible for a state claim.

6.      Ellien incorporates by reference as if set forth herein in full his brief in support of his objections to the report and recommendation of United States Magistrate Blewitt.

WHEREFORE, William G. Ellien, M.D. respectfully requests that his motion to dismiss the complaint of Jason Benson be granted for two separate reasons -- failure to exhaust administrative remedies because Benson never utilized the monetary damage remedy and failure to allege deliberate indifference to a serious medical need by stating that Ellien knew that his conduct presented a substantial risk of harm to Benson.

MONAGHAN & GOLD, P.C.

BY _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.