**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

FILED SCRANTON JUN 2 0 2001 PER ___ DEPUTY CLERK

BRIEF OF WILLIAM G. ELLIEN, M.D. IN SUPPORT OF HIS
OBJECTIONS TO THE REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE BLEWITT

I. PROCEDURAL HISTORY

Jason E. Benson ("Benson") has filed an amended complaint against William G. Ellien, M.D. ("Ellien"), a psychiatrist, providing psychiatric services to inmates at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Ronald Long, M.D. ("Long"), a physician providing medical services to inmates at SCI-Smithfield, and Thomas Duran ("Duran"), the Warden of the Adams County Prison, Bruce Cluck ("Cluck"), Debra Fanky ("Fanky"), the Deputy Wardens of the Adams County Prison, Ray Hientzelman ("Hientzelman"), a sergeant at the Adams County Prison, Eriton Shelton ("Shelton"), a correctional officer of the Adams County Prison, David Vasquez ("Vasquez"), a correctional officer of the Adams County Prison, William J. Steinour, M.D. ("Steinour"), a physician employed at Gettysburg Hospital, John Jennings ("Jennings"), a lieutenant at the Adams County Prison, and William Orth ("Orth"), a lieutenant at the Adams County Prison. The amended complaint asserts that Duran, Cluck, Fanky, Jennings, Orf, Hientzelman, Shelton and Vasquez improperly shackled him, called him names and strip searched him. As a result he contends he hit his head. See Exhibit "C", amended complaint, paragraphs 1 through 6.

1

ORIGINAL

Benson also contends that Steinour, a physician at the Gettysburg Hospital Emergency Room, failed to provide him with adequate treatment. He asserts that Long and Ellien abruptly stopped his anti-seizure medication and Ellien prescribed an anti-depressant drug known to lower the seizure threshold. See Exhibit "C", paragraph 5.

Ellien filed a motion to dismiss the amended complaint on two grounds. An examination of the amended complaint shows that it fails to state a claim against Ellien for two separate reasons, each of which requires the dismissal of the amended complaint. First, the amended complaint never asserts that Benson exhausted his administrative remedies against Ellien as required by 42 U.S.C. §1997e(a). That provision states in relevant part as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Pennsylvania Department of Corrections at all times relevant to the amended complaint of Benson had in force a Consolidated Inmate Grievance Review Procedure designated DC-ADM804 effective November 20, 1994 and amended May 1, 1998. A copy of the procedure as amended appears hereto as Exhibit "D". The procedure provides for a three tiered administrative process with an initial grievance and two appeals. It allows an inmate to request monetary damages. See Exhibit "D". While Benson contends that he exhausted his administrative remedies, he never asserts that he sought monetary damages. No indication exists that he ever did.

A second reason exists independent of the first which requires the dismissal of the amended complaint against Ellien. In order to state a cause of action against Ellien pursuant to 42 U.S.C. §1983

2

Benson must allege that Ellien acted with deliberate indifference to a serious medical need. In order to set forth deliberate indifference sufficient to state a claim based on 42 U.S.C. §1983 Benson must indicate that Ellien acted with subjective knowledge that his conduct presented a substantial risk of harm to Benson. An examination of the amended complaint shows no such averment appears anywhere in it.

United States Magistrate Judge Blewitt issued a report and recommendation in which he recommended that this Court deny the motion to dismiss of Ellien. He failed to even deal in his report and recommendation with Benson's refusal to submit a claim for monetary damages to the Department of Corrections of the Commonwealth of Pennsylvania by means of its administrative process. United States Magistrate Blewitt fails to even discuss this issue. He acts as if there is no such requirement.

United States Magistrate Blewitt also concluded that the mere assertion by Benson that Ellien knew of his medical condition constituted an averment of deliberate indifference. United States Magistrate Judge Blewitt ignored the requirement that to plead deliberate indifference an inmate plaintiff must allege that the defendant physician had subjective knowledge that his conduct presented a substantial risk of harm to the inmate plaintiff. United States Magistrate Blewitt has read this requirement out of 42 U.S.C. §1983. No basis exists for this extreme view. It defies the Supreme Court of the United States. It ignores the decision of every other district court and Court of Appeals to consider the issue. It constitutes a minority view of one.

## II. STATEMENT OF THE FACTS

According to his amended complaint Benson contends that on August 25, 1999 he was transferred from SCI-Smithfield to the Adams County Prison for the purpose of attending a post conviction act

3

hearing. Exhibit "C", p. 2. He asserts that upon return from the hearing various correctional officers at Adams County Prison used unnecessary force upon him. See Exhibit "C", p. 3. During the course of the use of this force he asserts that he was knocked to the ground and that his head was forced to the floor several times. See Exhibit "C", p. 3. He asked to be taken to the Gettysburg Hospital Emergency Room. Prison officials took him there. Steinour, a physician at Gettysburg Hospital, examined him and diagnosed him with multiple contusions and released him. See Exhibit "C", p. 3.

The amended complaint asserts that on June 4, 1999 Long examined him at SCI-Smithfield. According to the amended complaint Benson complained to Long that the anti-seizure medication that he was on was causing unwanted side effects and he wanted to switch back to the anti-seizure medication that he was on previously. Long refused to change the medication instead abruptly discontinued the one he was receiving without prescribing any further medications to treat his epilepsy disorder. See Exhibit "C", p. 4.

According to the amended complaint, Benson sent a request to Long on June 15, 1999 asking him to reconsider prescribing an anti-seizure medication of any kind. According to the amended complaint Long never responded. See Exhibit "C", p. 4.

According to the amended complaint, Ellien, a psychiatrist, examined Benson on July 24, 1999. At that time Benson contends that he asked why he was not on anti-seizure medications. Ellien supposedly responded that this was not his field of expertise and that he should consult with Long. He then prescribed the anti-depressant drug Imipramine, according to the amended complaint. See Exhibit "C", p. 4.

In the amended complaint Benson contends that Ellien had prescribed a new drug Tofranil

4

known to decrease the seizure threshold, with foreknowledge that Benson was epileptic and had been abruptly withdrawn from his anti-seizure medications. Benson contends that the seizure risk associated with the withdrawal of the these medications and the addition of the drug Tofranil constitutes deliberate indifference to the Eighth Amendment of the United States Constitution. See Exhibit "C", p. 6.

No averments appear in the amended complaint that Benson exhausted any administrative remedies provided to him by the Pennsylvania Department of Corrections or that he ever asked for monetary damages concerning those administrative remedies.

## III. ARGUMENT

A.  United States Magistrate Judge Blewitt Committed Error When He Failed To Recommend Dismissal Of The Amended Complaint Of Benson For Failure To Exhaust Administrative Remedies When Benson Concedes That He Never Sought Monetary Damages Through The Administrative Procedures Provided For By The Department of Corrections of the Commonwealth of Pennsylvania.

Ellien in his motion to dismiss the amended complaint of Benson sought dismissal for Benson's failure to exhaust his administrative remedies, including the monetary damages provided to him by DC-ADM804 as amended. Exhibit "D". The Department of Corrections of the Commonwealth of Pennsylvania specifically as of May, 1998 provide for monetary damages through its three tiered administrative proceeding. Benson asserted that he had filed a grievance and appeals from the grievance as required by DC-ADM804. But Benson never asserted, even in a conclusory manner, that he had sought monetary damages through the administrative process. Although, Ellien raised this issue repeatedly in his briefs and expressly in his motion to dismiss and pointed out to United States Magistrate Blewitt the failure of Benson to make any allegation concerning monetary damages through

5

the administrative procedure United States Magistrate Blewitt ignored this issue completely and totally in his report and recommendation. According to United States Magistrate Blewitt the monetary damage remedy fails to even exist. No inmate has to exhaust it. Inmates can thumb their nose at this portion of the administrative procedure. They still have the right to proceed with their claim. 42 U.S.C. §1997e(a) constitutes a meaningless advisory opinion by Congress as it relates to monetary damages.

A fatal flaw exists with this approach. The United States Court of Appeals for the Third Circuit in Geisler v. Hoffman, No. 99-1971 (3d Cir., Sept. 12, 2000) expressly rejected this position. A copy of the court's opinion appears hereto as Exhibit "B".

In Geisler, supra, the United States Court of Appeals for the Third Circuit upheld the dismissal of the complaint of the plaintiff, an inmate, against a private physician, Stanley Hoffman, M.D., based on 42 U.S.C. §1983 because of the failure of the plaintiff to exhaust the monetary damage remedy provided to him by DC-ADM804. The United States Court of Appeals for the Third Circuit concluded that even if an inmate has exhausted all of his administrative remedies he has failed to do so if he has not sought monetary damages by means of the administrative process. Exhibit "B".

Benson concedes that he has not done so. See his response to the motion to dismiss. In his response to the motion to dismiss he asserts that he has no ability to obtain monetary damages against Ellien pursuant to DC-ADM804 and consequently he failed to seek those damages. But in Geisler, supra, the United States Court of Appeals for the Third Circuit specifically rejected this contention. The United States Court of Appeals for the Third Circuit in Geisler, supra upheld the granting of a motion to dismiss based on the failure to seek monetary damages in the administrative process. The Court did not require Hoffman to wait for summary judgment for dismissal of the complaint for failure to

6

exhaust administrative remedies. No factual difference exists between the record in this case presented by Benson through his amended complaint and the record in Geisler, supra. See Exhibit "B".[1]

B. United States Magistrate Judge Blewitt Has Erred In Concluding That Benson Has Stated A Cause Of Action Based On Deliberate Indifference To A Serious Medical Need When Benson Admittedly Has Not Pled Subjective Knowledge By Ellien And Has Merely Indicated That Ellien Knew Of Benson's Condition.

United States Magistrate Judge Blewitt has erroneously concluded that Benson's amended complaint states a cause of action against Ellien based on deliberate indifference to a serious medical need. According to United States Magistrate Judge Blewitt the mere assertion by Benson that Ellien had prescribed a new drug Tofranil, known to decrease the seizure threshold, with full knowledge that Benson was epileptic and had been abruptly withdrawn from his anti-seizure medications constituted a sufficient averment of deliberate indifference to a serious medical need to survive a motion to dismiss. See report and recommendation of United States Magistrate Blewitt attached as Exhibit "A". United States Magistrate Blewitt has utilized the wrong standard. Consequently, he has reached the wrong result.

According to United States Magistrate Blewitt, there is no subjective knowledge requirement necessary to state a cause of action based on 42 U.S.C. §1983. Mere knowledge of Benson's condition constitutes sufficient averment of deliberate indifference. One fatal flaw exists with the United States Magistrate Blewitt's analysis. The Supreme Court of the United States in Farmer v. Brennan,

---

[1] Although the opinion in Geisler v. Hoffman is not precedential because it is not reported Ellien submits it because of the persuasive value of the reasoning contained therein. It constitutes a firm indication of the view of the Court of Appeals on this important issue.

7

511 U.S. 825, 114 S.Ct. 1970, 1979 (1994) has specifically rejected this point of view. According to the Supreme Court of the United States deliberate indifference requires a showing that prison medical staff had subjective awareness of a substantial risk of harm to the prisoner. Justice Souter, writing for the majority stated:

> We reject [the] invitation to adopt an objective test for deliberate indifference. We hold...that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...<u>The official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>.

Id. at 114 S.Ct. at 1979. (Emphasis added).

Where has Benson alleged subjective knowledge? He has not. Examine the amended complaint line by line. No averment of subjective knowledge appears anywhere in the amended complaint. In his multiple responses to the motion to dismiss Benson never alleges that he contends that Ellien had subjective knowledge. Instead, he and United States Magistrate Judge Blewitt utilize a should have known test.

In <u>Muhammad v. Schwartz</u>, Civil Action No. 96-CV-6027 (E.D. Pa. 1996) Judge Van Antwerpen granted a motion to dismiss a prisoner's claim based on 42 U.S.C. §1983 alleging inappropriate medical care. Judge Van Antwerpen held that the complaint failed to state that the defendant physician knew that his treatment presented a substantial risk of harm to the prisoner. Judge Van Antwerpen held that, "Without alleging actual knowledge, any reference to obviousness via the medical records available or what the doctor 'should have known' is unavailing." See Exhibit "E", opinion of the court, page 10.

In a recent decision in <u>Outterbridge v. Commonwealth of Pennsylvania Department of Corrections, et al.</u>, Civil Action No. 00-1541 (E.D. Pa. June 7, 2000), Judge Buckwalter of the United States District Court for the Eastern District of Pennsylvania found averments similar to those contained in the amended complaint of Benson insufficient to support a cause of action pursuant to 42 U.S.C. §1983. In <u>Outterbridge</u>, the plaintiff asserted that various physicians and physician assistants caused the death of an inmate by providing inappropriate medical care and by ignoring his symptoms which anyone should have known threatened his life. The complaint went on in great detail indicating that the test results showed that the inmate faced imminent danger of death. According to the complaint the physicians and physician assistants looked at the test results and simply refused to act upon them. The Court concluded that this failed to state a cause of action pursuant to 42 U.S.C. §1983 as a matter of law because the plaintiff refused to allege that the physicians and physician assistants knew that their conduct presented a substantial risk of harm to the inmate. A copy of the court's opinion appears hereto as Exhibit "F". Judge Buckwalter stated:

> After reviewing the Complaint, the Court finds that the Plaintiff has never alleged that any of the Medical Defendants drew inferences that Outterbridge faced the risk of serious harm. The Complaint repeats that each Defendant continued to treat Outterbridge with INH even though he complained of its effects. Plaintiff also alleges that the Medical Defendants 'consciously disregarded' abnormal findings resulting from the ingestion of INH. While these facts suggest medical malpractice, they do no sufficiently allege that the Defendants knew of and disregarded the serious risks faced by decedent Outterbridge. Therefore, the Plaintiff's §1983 claim against the Medical Defendants will be dismissed.

See opinion of the Court in <u>Outterbridge</u>, attached hereto as Exhibit "F", page 4.

The analysis of Judge Buckwalter in <u>Outterbridge</u> applies here and requires the dismissal of the

9

amended complaint of Benson. In <u>Outterbridge</u>, Judge Buckwalter found allegations far more specific than those set forth by Benson here insufficient to state a cause of action. In <u>Outterbridge</u> the plaintiff alleged that the defendant's consciously disregarded abnormal findings resulting from the ingestion of a specific drug. The Court concluded that this failed to constitute a sufficient averment of subjective knowledge.

No court anywhere has found the allegations of Benson in his amended complaint sufficient to state a cause of action pursuant to 42 U.S.C. §1983 as interpreted by the Supreme Court in <u>Farmer</u>, <u>supra</u>, 114 S.Ct. 1979. United States Magistrate Judge Blewitt's report and recommendation requires a reversal of the Supreme Court's decision in <u>Farmer</u>, <u>supra</u>, that this Court lacks the ability to do this.

## III. CONCLUSION

In the light of the foregoing William G. Ellien, M.D. respectfully requests that his objections to the report and recommendation of United States Magistrate Judge Blewitt be granted and that his motion to dismiss be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.

7837 Old York Road
Elkins Park, PA 19027
(215) 782-1800

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, William G. Ellien, M.D.'s Objections to the Report and Recommendation of U.S. Magistrate Blewitt by First Class Regular Mail on this date to the following individuals:

Jason Eric Benson
SCI-Smithfield
#DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, St. 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

                                                ALAN S. GOLD

DATE: 6/18/01