JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ERIC BENSON,<br>    Plaintiff | : CIVIL ACTION NO.1:CV-00-1229<br>:<br>: (Judge Caldwell) |
| vs. | :<br>: (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al.,<br>    Defendants | :<br>: JURY TRIAL DEMANDED |

RESPONSE TO DEFENDANT'S RONALD LONG, AND
WILLIAM ELLIEN 'S OBJECTIONS TO MAGISTRATE JUDGE BLEWITT'S
REPORT AND RECOMMENDATION

FILED
HARRISBURG
JUL - 2 2001
MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

    On June 4, 2001, the Honorable Magistrate Judge Thomas M. Blewitt, recommended that the motions to dismiss filed on behalf of defendant's Ellien and Long, be denied and that the matter be remanded for further proceedings.

    Soon thereafter, both defendant's Ellien and Long, filed their objections to the above recommendation i.e., June 18, 2001. The objections are basically the same whereas, they both claim that this plaintiff has not exhausted the three tiered administrative process, and the difference in them is that: Ellien, seems to believe that the plaintiff must exhaust DC-ADM804, "twice"; once for medical concerns and again for monetary damages. Long's, objection is that plaintiff produced copies of his grievance and the response from the Grievance Coordinator and in conclusory fashion, allege that the three steps of the process was complete. Furthermore, Ellien, irrationally states, "Benson concedes that he has not done so. See his response to the motion to dismiss. In his response to the motion to dismiss he asserts that he has no ability to obtain monetary damages against Ellien pursuant to DC-ADM804..."

First of all, Ellien's, assumption that plaintiff must exhaust the administrative remedy twice, is obsurd, and the court in <u>Geisler</u>, dismissed the complaint because the plaintiff"failed to exhaust the three-tiered administrative appeals process with respect to...(1)his request to have his J tube reimplanted and (2) his [current] request for monetary damages..." Perhaps, Ellien's counselor has misinterpreted the/meaning of the court's statement e.g., "We make, however, one observation...we note that exhaustion is a [two] way street..." Maybe they thought exhaustion is a two way street means, plaintiff must use DC-ADM804 for his medical and monetary claims seperately. That is not, nor will it ever be the case. As far as the irrational statement goes, Ellien's attorney's are "asleep at the wheel" because, plaintiff never asserted that has not requested money from Ellien, and plaintiff has not stated that he has no ability to obtain money from Ellien. That would make plaintiff's claim against Ellien, moot; as a matter of fact, plaintiff seeks only monetary damages from all of the defendant's. See exhibit "A"

Second, Ellien, believes that plaintiff has not stated a cause of action based on deliberate indifference to a serious medical need and that plaintiff has not plead subjective knowledge ; this argument as well, is way off base. Ellien, believes the Honorable Magistrate Judge Blewwitt's, conclusions are in error. Because, the Supreme Court of the United States in <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970,1979(1994)has rejected his point of view and cites the following as his authority:

> "We reject [the] invitation to adopt an
> objective test for deliberate indifference.
> We hold...that a prison official cannot be

>                    found liable under the Eighth Amendment
>                    for denying an inmate humane conditions
>                    of confinement unless the official 'knows
>                    of and disregards an excessive risk to
>                    inmate health or safety'...<u>The official
>                    must be both aware of facts from which
>                    the inference can be drawn that a
>                    substantial risk of serious harm exists,
>                    and he must also draw the inference.</u>"

Id.at 114 S.Ct. at 1979. The plaintiff alleged subjective knowledge on page five (5), ¶A6 of the Amended Complaint, the plaintiff specifically alleges that "[t]he actions of defendant Dr. William Ellien in prescribing the drug Tofranil [known] to decrease the seizure threshold, with foreknowledge that plaintiff was epileptic and had been abruptly withdrawn from his anti-seizure medications and the seizure risk asociated with the withdrawal of said medication and the addition of the drug Tofranil he prescribed constitutes deliberate indifference to the Eighth Amendment of the United States Constitution." Contrary to Ellien's assertions, United States Magistrate Judge Blewitt, did not utilize a [s]hould have known test. Obstinately Ellien, is consistantly wrong, just for the sake of clarity, plaintiff fashioned his statement of Ellien's subjective knowledge from the "Initial Response" to plaintiff's grievance: "We reviewed for each medicine [its] benefits and indications, [its] side-effects and precautions and medicine to medicine interactions." (Ellien goes on to write) "**He noted his understanding and gave consent.**" With that in mind, perhaps Ellien understands now, that such allegations are sufficient to state a claim of deliberate indifference to a serious medical need under the Eighth Amendment.

Last, but not the least, defendant Long, is under the impression that plaintiff has not, and cannot allege that he requested monetary relief and did not complete the grievance process. This argument cannot be further from the truth. It is a fact that plaintiff represented that he appealed to the Chief Hearing Examiner pursuant to DC-ADM 804 VI.C.1. (issue date 7/20/94 effective date 10/20/94). But, their assertion that plaintiff didn't utilize the three tier process is also incorrect, see exhibit "A" attached hereto.

In the appeal to the Facility Manager/Superintendent the plaintiff explained the entire situation to Mr. James Morgan, Superintendent here at SCI-Smithfield. Perhaps Mr. Morgan's intemperance clouded mental sight because, he replied to plaintiff and stated that plaintiff is the sole cause of any problems he's had and that if plaintiff stop acting so special he probably would receive proper care. This coming from a man (Mr. Morgan) who is usually drunk and forced into retirement because of sexual harassment and embezzlement; this came to light only a couple of months after one of the Deputy Superintendent's was made to leave the institution and retire for sexually harassing a counselor.

Nevertheless, plaintiff did not by-pass any appeal process and decided not to mention it because of the controversial difficulties he faces. Hence, defendant Long's, argument does not have merit and neither does Ellien's. Both of their objections must be defeated and likewise, their motions to dismiss plaintiff's amended complaint, be denied. As a matter of fact, the defendant Long, reinforced Magistrate Judge Blewitt's, conclusion when he found that the "United States Court of Appeals for the Sixth Circuit has adopted a rule requiring plaintiff's

who file suit pursuant to section 1983 to '[allege and show] that they have exhausted all available state administrative remedies.' Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998), Cert. denied 119 S.Ct. 88 (1998)('a priosner shall attach to his Section 1983 complaint the administrative decision [if] it is available showing the administrative disposition of his complaint'); See also, White v. Fauver, 19 F. Supp. 2d 305, 317 (D.N.J.1998)(dismissing claims without prejudice for failure to [allege] exhaustion); Morgan v. Arizona Department of Corrections, 967 F. Supp 1184 (D.Ariz.1997)(prisoner who did not file initial grievance failed to exhaust his administrative remedies)." The plaintiff has supported his allegations of exhaustion with relevant copies of the administrative decisions that were available to him and both defendant's Long and Ellien, have easily obtained relevant portions of the Department of Corrections Administrative Directives and Memorandums (DC-ADM's), it stands to reason that they could more likely than not retreave any administrative decisions that plaintiff hasn't been privileged enough to receive.

   WHEREFORE, the plaintiff Jason E. Benson, respectfully requests that this Honorable Court overrule defendant's Ellien and Long's objections and deny their motions to dismiss plaintiff's Amended Complaint and remand the matter for further proceedings.

                                          Respectfully submitted,

                                          Jason Eric Benson, Plaintiff
Date: June 26, 2001                       #DS-6483, SCI-Smithfield
                                          P.O. Box 999, 1120 Pike Street
                                          Huntingdon, PA 16652

A

**COMMONWEALTH OF PENNSYLVANIA**
**State Correctional Institution at Smithfield**
**Office of the Superintendent**

November 5, 2000

SUBJECT: RESPONSE TO APPEAL OF GRIEVANCE NO. SMI-383-00

TO:   Jason Benson DS6483
      H-block

FROM:   *James M. Morgan*
        Superintendent

I have reviewed your grievance and Mr. Weaver's response to initial review. I have also had discussions with Doctor's Long and Ellien regarding your claims. These discussions revealed that both doctor's discussed your concerns about the medications and indicated their understanding. However, Dr. Long stated that your calamities are a result of your constant bickering, and Dr. Ellien agreed that you brought these problems on yourself.

Therefore, I am affirming the denial of your grievance based on the information gahtered and stated above.

JMM:SMB

CC: G. Weaver, C.H.C.A.
    File

"A"

**DC-804**
PART 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

Page 1

**OFFICIAL INMATE GRIEVANCE**     GRIEVANCE NO. SMI-383-C

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| FACILITY MANAGER / SUPER. MORGAN | SCIS | 11/3/00 |

FROM: (Commitment Name & Number) JASON E. BENSON, DS6483
INMATE'S SIGNATURE: [signed]
WORK ASSIGNMENT:
QUARTERS ASSIGNMENT: HB-11

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A. Brief, clear statement of grievance:**

Yesterday I recieved Mrs. Sharon Burks' response to the above # grievance. This is my appe[al] to that grievance. On 6.4.99 I saw Dr. Ronald Long during "Seizure clinic". I told Dr. Long tha[t I] was having bad side effects with the antiseizure medication I was on (Dilantin) I asked Dr. L[ong] to place me back on phenobarbitol, the seizure med. that I was on prior to Dilantin. A[t] that time Dr. Long became offensive, and refused to change, or even replace the Dilantin, and h[e] abruptly discontinued the Dilantin, without prescribing an alternative. Mrs. Burks, in her respons[e] to my grievance, wrote "... you neglect to include the fact that you abruptly stopped taking your seizure medication on 5/26/99 through 6/4/99.... After discussing your treatment on 6/5/99, [Dr.] Long accepted your decision to abruptly stop taking the medication as your expression of autonomy." This is simply not true. Included is a copy of a Request to Staff I wrote to Dr. Lon[g] asking him to place me back on an anti-seizure med. To date he has refused to respond. On 7/27/99 I saw Dr. William Ellien (psych) on the telemed. I explained to Dr. Ellien tha[t]

**B. Actions taken and staff you have contacted before submitting this grievance:**

_____
_____
_____

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator     Date

**DC-804**
PART 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

Page II

**OFFICIAL INMATE GRIEVANCE**                      GRIEVANCE NO.

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I wasn't on any anti-seizure meds, but he refused to address this issue. At this time he prescribed Imipramine, an anti depressant, however also a seizure antagonist (as noted in the 1994 Physicians Desk Reference)"Extreme Caution should be used w/patients with a history of seizure disorder because this drug has been shown to lower the seizure threshold) Also in referrin the 1994 P.D.R.: "Abrupt withdrawl of phenytoin (Dilantin) in epileptic patients may precipitate status epilepticus" Despite both doctors admitting and knowing the adverse side effects their pharmecological deviations would have, they committed to do so anyway. On August 30, 1999 while I was A.T.A. to Adams County Prison, I slipped into a series of life threatening seizures, and was subsequently admitted to the G-burg Hospital Critical Care Unit "which I suffered" Due to the abrupt withdrawl of Dilantin, as well as taking Imipramine Due to the severity of the Drs. deliberate indifference, and the consequences of thereof, I am seeking $500,000.00 in monetary damages

B. Actions taken and staff you have contacted before submitting this grievance:

_____
_____
_____
_____

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator                                      Date

## CERTIFICATE OF SERVICE

I, Jason Benson, plaintiff in the above captioned matter do hereby certify that on the 26th day of June, 2001, I served a true and correct copy of the foregoing RESPONSE TO DEFENDANT'S RONALD LONG, AND WILLIAM ELLIEN'S OBJECTIONS TO THE MAGISTRATE JUDGE BLEWITT'S REPORT AND RECOMMENDATION via U.S. First Class mail, postage prepaid, and addressed as follows:

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, Suite 800
P.O. Box 1245, Harrisburg, PA 17108

Alan S. Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA 19027

Jason E. Benson, Plaintiff

cc: David L. Schwalm, Esquire, w/encl
    John R. Kantner, Esquire, w/encl

date - 6/26/01