ORIGINAL

FILED
HARRISBURG
RECEIVED

JUL 2 0 2001          JUL 2 0 2001

MARY E. D'ANDREA, CLERK
Per_____          PER_____
DEPUTY CLERK HARRISBURG, PA.    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ERIC BENSON, | : | CIVIL ACTION NO. 1:CV-00-1229 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| vs. | : | |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS DURAN, et al., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANT, RONALD LONG, M.D.'S WAIVER OF REPLY TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Ronald Long, M.D., by and through his undersigned

counsel, in accordance with the Civil Rights of Institutional Persons Act, 42

U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act

of 1995, hereby waives his right to reply to the Plaintiff's Amended

Complaint in this action, which is brought pursuant to 42 U.S.C. §1983.

Pursuant to 42 U.S.C. §1997(e)(g), this waiver does not constitute an

admission of any of the allegations contained in the Amended Complaint. Furthermore, Defendant, Ronald Long, M.D., asserts all available affirmative defenses to the Amended Complaint, including, but not limited to the following:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state claims or causes of action upon which relief can be granted against Answering Defendant.

### Second Affirmative Defense

At no time material hereto did Answering Defendant deprive Plaintiff of his federally protected rights and Answering Defendant's actions do not rise to the level of violation of the Constitution or laws of the United States.

### Third Affirmative Defense

At no time material hereto did Answering Defendant ever show any deliberate indifference towards any legitimate and/or serious medical needs of the Plaintiff.

### Fourth Affirmative Defense

At all times material hereto Plaintiff was granted and afforded all rights and privileges available to prisoners at the SCI-Smithfield in relation to medical treatment.

### Fifth Affirmative Defense

At all times material hereto Plaintiff was granted reasonable and proper medical treatment in accordance with state and federal law and the United States Constitution.

### Sixth Affirmative Defense

At no time material hereto did Answering Defendant ever allow or administer unnecessary or wanton infliction of pain upon the Plaintiff.

### Seventh Affirmative Defense

Plaintiff's Amended Complaint against Answering Defendant may be barred and/or limited by Plaintiff's failure to exhaust administrative remedies.

### Eighth Affirmative Defense

At no time material hereto were the Constitutional or civil rights of Plaintiff violated by Answering Defendant in any manner whatsoever.

### Ninth Affirmative Defense

Plaintiff's Amended Complaint against Answering Defendant fails to state a viable claim or cause of action for violation of Plaintiff's Eighth Amendment rights to the Constitution.

### Tenth Affirmative Defense

Plaintiff's claims or some of them, may be barred and/or limited by the applicable statute of limitations.

### Eleventh Affirmative Defense

Any injuries and/or damages suffered by Plaintiff, which are specifically denied, were caused by other persons, entities or events over which Answering Defendant had no control, including Plaintiff himself.

### Twelfth Affirmative Defense

Plaintiff has received proper and appropriate medical treatment from Answering Defendant at all times material hereto.

### Thirteenth Affirmative Defense

The treatment afforded the Plaintiff was, at all times material hereto, in accordance with the applicable medical standards and applicable law.

### Fourteenth Affirmative Defense

Plaintiff's alleged injuries, if any, were the result of the condition from which Plaintiff suffered, his own actions, and/or his refusal to follow medical instructions.

### Fifteenth Affirmative Defense

Plaintiff's Amended Complaint fails to allege a cognizable claim for any punitive damages against Answering Defendant.

### Sixteenth Affirmative Defense

Plaintiff's claims for injunctive and/or declaratory relief are moot.

5

## Seventeenth Affirmative Defense

Answering Defendant pleads as an affirmative defense all limitations on causes of action, including any and all limitations on damages, imposed by the Prison Litigation Reform Act of 1995, as amended, 42 U.S.C. §1997(e)(a).

WHEREFORE, Answering Defendant, Ronald Long, M.D., respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice and enter judgment in his favor along with the allowable costs of this action.

Respectfully submitted,

LAVERY, FAHERTY,
YOUNG & PATTERSON, P.C.

Date:___7|20|2001_____          By:_____

James D. Young, Esquire
Attorney I.D. #53904
P.O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Defendant
Ronald Long, M.D.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 20th day of July, 2001, I served a true and correct copy of the foregoing DEFENDANT, RONALD LONG, M.D.'S WAIVER OF REPLY TO PLAINTIFF'S AMENDED COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Jason Eric Benson
SCI-SM
#DS-6483
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652

John R. Kantner, Esquire
Post & Schell, P.C.
240 Grandview Avenue
Camp Hill, PA 17011

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17101

Alan Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA 19027

_Linda L. Gustin_
Linda L. Gustin