IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

FILED
SCRANTON
JUL 23 2001
DEPUTY CLERK

BRIEF OF WILLIAM G. ELLIEN, M.D.
IN SUPPORT OF HIS MOTION FOR LEAVE TO DEPOSE
JASON E. BENSON

I. PROCEDURAL HISTORY OF THE CASE

Jason E. Benson (hereinafter referred to as "Benson") has brought an action pursuant to 42 U.S.C. §1983 contending that while confined as an inmate, William G. Ellien, M.D. ("Ellien"), violated his constitutional rights by denying him adequate medical treatment. Ellien now seeks to depose Benson by filing this motion.

II. STATEMENT OF THE FACTS

Benson contends that Ellien violated his constitutional rights pursuant to 42 U.S.C. §1983 by allegedly denying him adequate medical care. Ellien seeks to depose Benson who is currently a prisoner at SCI-Smithfield.

III. STATEMENT OF THE QUESTIONS INVOLVED

Should the Court pursuant to Federal Rule of Civil Procedure 30(a) permit a defendant to depose an inmate plaintiff?

IV. ARGUMENT

Ellien seeks to take the deposition of Benson within thirty days of the Court's order at SCI-Smithfield. Benson currently resides at SCI-Smithfield as an inmate. Ordinarily as a litigant, Ellien

would not have to ask the Court's approval to take a deposition of the plaintiff, Benson. But Federal Rule of Civil Procedure 30(a) states in relevant part:

> The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

Consequently, Ellien needs the approval of the court before taking the deposition of Benson. In order to defend himself and to determine the basis of Benson's claim against him, Ellien needs to take Benson's deposition. Without it Benson lacks the ability to prepare his defense and to determine whether or not a motion for summary judgment is appropriate. No reason exists to deny the motion. The thirty day time period contained in the order permits both the Warden and all involved the necessary flexibility to arrive at a convenient date for the deposition.

## V. <u>CONCLUSION</u>

In the light of the foregoing defendant, William G. Ellien, M.D. respectfully requests that his motion for leave to depose Jason E. Benson be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William G. Ellien, M.D.

7837 Old York Road
Elkins Park, PA 19027
(215) 782-1800

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, William G. Ellien, M.D.'s Motion for Leave to Depose Jason E. Benson by First Class Regular Mail on this date to the following individuals:

Jason Eric Benson
SCI-Smithfield
#DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, St. 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

ALAN S. GOLD

DATE: 7-18-01