

# ORIGINAL

81
8/3/01
TS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,                :    CIVIL ACTION NO. 1:CV-oo-1229
                Plaintiff       :
                                :    (Judge Caldwell)
        v.                      :    (Magistrate Judge Blewitt)
                                :
WILLIAM G. ELLIEN, M.D.,et al., :
                Defendant       :    (JURY TRIAL DEMANDED)

FILED
SCRANTON

JUL 3 0 2001

PER _____
    DEPUTY CLERK

MOTION OF PLAINTIFF, JASON E. BENSON'S
OPPOSITION TO DEFENDANT WILLIAM G. ELLIEN'S
MOTION FOR LEAVE TO DEPOSE PLAINTIFF

NOW COME the plaintiff Jason E. Benson, respectfully

submitting a motion in opposition to defendant Ellien's motion to

depose him. The defendant Ellien has failed to remind the Court that

this is his second (2nd) motion to depose plaintiff.

        The first motion to depose plaintiff was granted by this

Court on January 8th 2001; the plaintiff did not oppose that deposition

as a matter of fact, he welcomed it and waited patiently. However,

counsel for def., Ellien began by rescheduling the deposition twice in

January, and exceeded the Court's thirty (30) day time limit. Counsel

supplied plaintiff with numerous boilerplate excuses, and in one

instance, the official's of this prison disallowed the deposition

because there was not enough room in the institution.

        Soon thereafter, plaintiff was given another date for the

deposition: February 22, 2001, which was also cancelled and rescheduled

for March 15, 2001. Not only has def., Ellien fail to have the deposit-

ion within this Court's timelimit, he believes that it's fair to try

again one hundred and ninety eight (198) days later.

The def., Ellien in seeking discovery has had ample opportunity by discovery in this action to obtain the information sought, albeit, Ellien has disregarded the fact that the plaintiff was at all times available and willing to answer interrogatories and admissions. Furthermore, Ellien has the audacity to ask the Court if "...the Court pursuant to Federal Rule of Civil Procedure 30(a) permit a defendant to depose and inmate plaintiff?" Plaintiff's suggested answer: ordinarily, Yes, but in the instant matter No.

Now, def., Ellien is attempting circumvent the Court's acumen by stating he "...needs the approval of the court before taking the deposition of Benson. In order to defend himself and to determine the basis of Benson's claim against him,...Without it Benson lacks the ability to prepare his defense and to determine whether or not a motion for summary judgment is appropriate..." Such prevaricating is totally uncalled for. First of all, this Court gave Ellien the opportunity to depose plaintiff over six (6) months ago, to no avail and certainly not by the fault of plaintiff; Second, this Court has already determined the basis of plaintiff's claims against him, e.g., "However, on page five (5), ¶A6 of the Amended Complaint, the plaintiff specifically alleges that '[t]he actions of defendant Dr. William Ellien in prescrib-ing the drug Tofranil known to decrease the seizure threshold, with aforeknowledge that plaintiff was epileptic and had been abruptly withdrawn from his anti-seizure medications and the seizure risks associated with the withdrawal of said medication and the addition of the drug Tofranil he prescribed constitutes deliberate indifference to the Eighth Amendment of the United States Constitution. Clearly, such allegations are sufficient to state a claim of deliberate indifference

to a serious medical need under the Eighth Amendment.'" See Report

and Recommendation of the Honorable Thomas M. Blewitt, U.S.M.J., pages

8 and 9.

        And third, to determine whether a summary judgment is

appropriate, is unexceptable. In early March, 2001, plaintiff sent def.,

Ellien's attorney's a DC-ADM 003 form, titled "Authorization for Release

of Information" which would allow counsel to receive plaintiff's medical

file and submit a copy to plaintiff. But, counsel concocts an almost

believable story, e.g., "As such, our client does not have the authority,

legal or otherwise, to produce for you a copy of your medical file. Any

such request for your medical records file must be made to the Department

of  Corrections, 'pursuant to their policies and procedures' applicable

to the provision of such records to inmates. We are not able to fulfill

this request." See exhibit "A".

        In April, 2001, the plaintiff submitted another form to

Ellien's counsel and waited for a reply. On May 15, 2001, plaintiff

wrote the institutions Correctional Health Care Administrator Mr. George

Weaver, about the situation and found-out that Ellien's attorney's

did not even try to ascertain the records. See exhibit "B". Despite the

fact that the form that was sent to them was pursuant to the D.O.C's

policies and procedures. See exhibit "C". Unfortunately, this isn't the

first time plaintiff has experienced Ellien's evasiveness, see the

plaintiff's Motion for Order Compelling Disclosure or Discovery and for

Expenses and Sanctions, submitted to the Court on May 24th 2001; and

plaintiff incorporates the above motion as if set forth herein in full.

In conclusion, the plaintiff respectfully request that this Honorable court see Ellien's request for leave to depose this plaintiff for what it really is, an attempt at prolonging their evasive discovery tactics and seeking a chance to poke, prod, or try to make the plaintiff so upset, that he'll forget his civility.

WHEREFORE, the plaintiff Jason E. Benson, respectfully requests that this Honorable Court deny defendant William Ellien's second motion to depose plaintiff and order Ellien to turn over the discovery plaintiff requested and order a sanctions in the amount of $500.00.

Respectfully submitted,

Date: July 26, 2001                              Jason Benson, Plaintiff

## CERTIFICATE OF SERVICE

I, Jason Benson, plaintiff do hereby certify that a true and correct copy of the foregoing document was served via First Class mail to the following:

Alan Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA 19027

By:
Jason Benson, Plaintiff
DS-6483, SCI-SM
1120 Pike Street
P.O. Box 999, Huntingdon, PA
16652

 

# Monaghan & Gold P.C.

### ATTORNEYS AT LAW

MANOR PROFESSIONAL BUILDING
7837 Old York Road
Elkins Park, PA 19027
(215) 782-1800
FAX (215) 782-1010

Alan S. Gold
John F. X. Monaghan, Jr.
Alexander R. Ferrante
Robert F. Fortin
Murray R. Glickman
Kenneth W. Taylor
Tanya M. Sweet
Francis D. Hennessy
Sean Robins*
Eric B. Greenberg*
Leslie L. Gallagher*
*Also member of New Jersey bar

Of Counsel
Barbara Malett Weitz
Alan L. Butkovitz
Steven M. Zelitch

March 30, 2001

**VIA CERTIFIED MAIL - RETURN
RECEIPT REQUESTED
Z 290 205 464**

Jason E. Benson, #DS-6483
SCI - Smithfield
1120 Pike Street
P.O. Box 999
Huntingdon, PA   16652

Re:    **Benson v. Ellien, et al.
U.S.D.C., Middle District of .PA., No. 1:00-CV-1229
Our File No.:  076-1441**

Dear Mr. Benson:

Enclosed you will find responses and objections to your Request for Admissions and "Interrogatories and Request for Production of Documents" on behalf of our client, Dr. Ellien, in regard to the above-captioned matter.  Although you termed the Interrogatories as including document requests, with the exception of Interrogatory No. 5, you do not request any documents.

In regard to your letter of March 23, 2001, you refer to self-executing disclosures pursuant to Rule 26.  First, I would point out, that you have failed to submit any such disclosures as of this time.  Second, pursuant to our reading of the Court's Amended Standing Practice Order, applicable to pro se inmate litigation, it is our position that self-executing disclosures are not applicable to this action.  In any event, our Motion to Dismiss is pending, and such disclosures we believe would not be appropriate prior to the motion's determination.

In your letter, you request that we provide you with "a complete copy of my medical records."  Please be advised, that our client, Dr. Ellien, is not and has never been the custodian of your medical records and, while he, as any other of your medical providers has access to your records for the purpose of providing treatment, the records are and remain the property of the Department of Corrections.  As such, our client does not have the authority, legal or otherwise,

## Monaghan & Gold P.C.
### Attorneys At Law

Jason E. Benson, #DS-6483
March 30, 2001
Page 2

to produce for you a copy of your medical records file.  Any such request for your
medical records file must be made to the Department of Corrections, pursuant to
their policies and procedures applicable to the provision of such records to
inmates.  We are not able to fulfill this request.

If you have any further questions, please do not hesitate to contact us.

Very truly yours,

ALAN S. GOLD
SEAN ROBINS

ASG/SR:js
Enclosures

CA "B"

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Mr. George Weaver, C.H.C.A. | 2. DATE May 15, 2001 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Mr. Jason Benson DS-6483 | 4. COUNSELOR'S NAME |
|---|---|

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT CA-8 |
|---|---|

**7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.**

Mr. Weaver: On April 23, 2001 I submitted a DC-ADM 003, And/or DC-108 for the release of my medical/mental Health Records, to Alan S. Gold, Esquire. It is now my understanding that my records will not be released to him. I do not understand what the problem is; I filled out the correct forms And had a witness' signature. Can you explain to me, why the Attorney (Mr. Gold) cannot secure a complete copy of my records; especially when I submitted the proper paperwork. I appreciate your time, patience, And consideration in this matter.

Sincerely,
Jason E. Benson

**8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)**

As of this date, May 16, 2001, I have not received a request from your attorney regarding copies of your medical record. You may want to contact him to see who he sent the release forms to.

RECEIVED
MAY 16 2001
SCI-SMITHFIELD
MEDICAL RECORD DEPARTMENT

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER  J. Hine, RHIT | George Weaver, C.H.C.A. | DATE 5/16/01 |
|---|---|---|

DC-ADM 003, Release of Information Policy                    **Attachment**

DC-108                **PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
                     **AUTHORIZATION FOR RELEASE OF INFORMATION**[1]
              **(THE EMPLOYEE/INMATE SHALL CHECK AND INITIAL ALL BOXES THAT APPLY)**

| Medical/ Dental Records | Mental Health Records | Drug & Alcohol Treatment Records | HIV Information | Records (General) | |
|---|---|---|---|---|---|
| | | | | | |

I, the undersigned, hereby give my consent for:                    To release information to:
(name and address of facility)                              (name and address of requester)

_____          _____

_____          _____

_____          _____

I hereby authorize the above named source to release or disclose information related to the above referenced records/Information to the requester during the period beginning _____ and ending _____. The information being requested is: _____

_____

_____     Authorization for disclosure is being given for the purpose of:

_____

Disclosure of medical/dental information may contain all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information, as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV).

Disclosure for mental health records pertains to treatment, hospitalization, and/or outpatient care provided to me for the period listed above. I understand that my record may contain information regarding all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV). **Authorizations for release of mental health records expire in 30 days.**

Disclosure of HIV related information is information about whether the patient has had a test for HIV, an HIV related illness or AIDS. HIV (Human Immunodeficiency Virus) is the virus that may cause or indicate AIDS or HIV infection.

Disclosure of general information is information contained in an inmate's DC-15. Generally, any communications from the inmate to the Department of Corrections and responses thereto, misconducts, and grievances.

In authorizing this disclosure, I explicitly waive any and all rights I may have to the confidential maintenance of these records, including any such rights that exist under local, state, and federal statutory and/or constitutional law, rule or order, including those contained in the Pennsylvania Mental Health Procedures Act, 1976, the Pennsylvania Drug and Alcohol Abuse Control Act, 1972, and the Confidentiality of HIV-Related Information Act, No. 148.

I understand that I have no obligation to permit disclosure of any information from my record and that I may revoke this authorization, except to the extent that action has already been taken, at any time by notifying the Medical Records Technician, Health Care Administrator, or Facility Manager. In any event, this authorization will expire 90 days after the date signed, **with the exception of Mental Health records which have a 30 day expiration date,** unless revoked prior to that time.

I understand that these records are the property of the Department of Corrections and that my authorization for their release does not require the Department of Corrections to release these records. It is understood by the above requesting facility that if the requested information's confidentiality is protected by Federal Regulations that bar secondary dissemination or re-disclosure, the providing facility will provide a statement to that effect.

Furthermore, I will indemnify and hold harmless the Pennsylvania Department of Corrections, and its employees and agents, for any losses, costs, damages, or expenses incurred because of releasing information in accordance with this authorization.

_____      _____      _____      _____
Employee/Inmate Signature         Employee ID/              Date         Signature of Witness
                          Inmate DC Number

[1] 2-CO-1E-07