IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,  :  CIVIL ACTION NO. 1:CV-00-1229
    Plaintiff
  v.  :  (Judge Caldwell)
       (Magistrate Judge Blewitt)
THOMAS DURAN, et al.,  :
    Defendants  :  JURY TRIAL DEMANDED

PLAINTIFF, JASON BENSON'S OBJECTION
TO DEFENDANT RONALD LONG'S WAIVER OF
PLAINTIFF'S AMENDED COMPLAINT

    The plaintiff Jason Benson, objects to defendant Ronald Long's waiver of reply to plaintiff's amended complaint because it's another evasive tactic or ploy.

    The defendant Long, by and through his counsel, allegedly in accordance with the Civil Rights of Institutional Persons Act, 42 U.S.C.§1997(e), of the Prison Litigation Reform Act of 1995, waived to reply to the Amended Complaint without cause or reason. However, the defendant and counsel fail to mention to the Court that pursuant to 42 U.S.C. § 1997(e)(g)(1), "...No relief shall be granted to the plaintiff unless the defendant files a reply." In addition, § 1997(e)(g)(2), states: "The court may require any defendant to reply to a complaint brought under this Section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

    Herein, are a few reasons why def., Long should be ordered to reply to the Amended Complaint: (1) defendant Long's assertion of sixteen (16) Affirmative Defenses are full of time consumption and/or

smoke-screens which are designed to cloud this Court's vision. But, the plaintiff respectfully reminds the Court that it has addressed the very issues submitted in the affirmative defenses by def., Long and recommended that they be denied; Subsequently, the trial Court affirmed the recommendation on July 12, 2001.

Specifically, plaintiff was denied the benefits of a civilized society because def., Long decided to discontinue life sustaining medication knowing full well the fact that, an epileptic like plaintiff, must not be abruptly discontinued without prescribing a substitute. It cannot be fathom how a Primary Care Physician allowed an epileptic patient go without any anti-seizure medications and then allow that same epiletic to be prescribed seizure inducing medications.

Therefore, def., Long's claims of affirmative defenses and qualified immunity should be rejected because there is a genuine issue of fact as to whether Long, failed/disregarded the Constitutional prohibition against deliberate indifference to the medical needs of plaintiff which, was clearly established at the time of the incident in this matter. Moreover, there is sufficient evidence which a jury could find that the defendant's were deliberately indifferent to plaintiff's basic needs and the infliction of unnnecessary pain upon him while he was under defendant's care/custody. See Schmidt v. O'Dell, 64 F.Supp. 2d 1014 (D.Kan.1999). In short, plaintiff was subject to care that "Fell Below Minimum Standards of Competence Established in the Medical Profession."

Nonetheless, it is inherently apparent that the defendant's and their attorney's are using the administrative exhaustion as a hurdle/deterrent to keep prisoner's <u>out</u> <u>of</u> <u>court</u> <u>on</u> <u>meritorious</u> <u>claims</u> **rather than to provide a meaningful administrative remedy short of litigation.** The defendant's evasiveness is not clever, if the Court respectfully takes notice, it will see that their attorney's in unison have told the Court that plaintiff has a remedy under DC-ADM 804. Apparently that representation was false and made only to secure the Court's dismissal of this case; prior to this, and instantly, they have not cited one instance where the above administrative remedy has worked for any prison plaintiff as they claim.

Number two (2) defendant Long's seventeenth affirmative defense requests "...all limitations on causes of action, including any and all limitations on damages, imposed by the Prison Litigation Reform Act of 1995, as amended, 42 U.S.C. § 1997(e)(a)." Well, requesting limitations on damages would suggest that the defendant does not want to pay the $500,000 sought by the plaintiff albeit, culpability screams out of that statement. See <u>Gee v. Great Meadow Correctional Facility USDC NDNY</u>, case No. 79-CIV-1908 (1999)(Gee filed suit in federal court claiming intentional assult and battery and deliberate indifference to his serious medical needs. The New York DOCS agreed to pay Gee $115,000 to settle the suit); The Seventh Circuit Court of Appeals held Prison Physician Liable for Refusal of Care, see <u>jones v. Simek</u>, 193 F.3d 485 (7th Cir.1999)(The court also held, however, that fact questions precluded summary judgment on the medical care claim as it related to the care provided to the prisoner by the prison physician); <u>Ferris v. County of Kennebec</u>, 44 F.Supp.2d 62 (D.Me.1999).