IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell) |
| | | (Magistrate Judge Blewitt) |

FILED
SCRANTON
AUG - 2 2001
PER _____
DEPUTY CLERK

### DEFENDANT, WILLIAM G. ELLIEN, M.D.'S WAIVER OF REPLY TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, William G. Ellien, M.D. ("Ellien"), by and through his undersigned counsel, in accordance with the Civil Rights of Institutional Persons Act, 42 U.S.C. §1997, as amended by §803(d) of the Prison Litigation Reform Act of 1995, hereby waives his right to reply to the Plaintiff's Amended Complaint in this action, which is brought pursuant to 42 U.S.C. §1983. Pursuant to 42 U.S.C. §1997e(g), this waiver does not constitute an admission of any of the allegations contained in the Amended Complaint. Furthermore, defendant, William G. Ellien, M.D., asserts all available affirmative defenses to the Amended Complaint, including, but not limited to the following:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state claims or causes of action upon which relief can be granted against Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

At no time material hereto did Ellien deprive plaintiff of his federally protected rights and Ellien's actions do not rise to the level of violation of the Constitution or laws of the United States.

1

### THIRD AFFIRMATIVE DEFENSE

At no time material hereto did Ellien ever show any deliberate indifference towards any legitimate and/or serious medical needs of the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

At all times material hereto plaintiff was granted and afforded all rights and privileges available to prisoners at the SCI-Smithfield in relation to medical treatment.

### FIFTH AFFIRMATIVE DEFENSE

At all times material hereto plaintiff was granted reasonable and proper medical treatment in accordance with state and federal law and the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

At no time material hereto did Ellien ever allow or administer unnecessary or wanton infliction of pain upon the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's amended complaint against Ellien may be barred and/or limited by plaintiff's failure to exhaust administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto were the Constitutional or civil rights of Plaintiff violated by Answering Defendant in any manner whatsoever.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's amended complaint against Ellien fails to state a viable claim or cause of action for violation of plaintiff's Eighth Amendment rights to the Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims or some of them, may be barred and/or limited by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages suffered by Plaintiff, which are specifically denied, were caused by other persons, entities or events over which Answering Defendant had no control, including Plaintiff himself.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has received proper and appropriate medical treatment from Ellien at all times material hereto.

### THIRTEENTH AFFIRMATIVE DEFENSE

The treatment afforded the plaintiff was, at all times material hereto, in accordance with the applicable medical standards and applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were the result of the condition from which plaintiff suffered, his own actions, and/or his refusal to follow medical instructions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's amended complaint fails to allege a cognizable claim for any punitive damages against Ellien.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and/or declaratory relief are moot.

SEVENTEENTH AFFIRMATIVE DEFENSE

Ellien pleads as an affirmative defense all limitations on causes of action, including any and all limitations on damages, imposed by the Prison Litigation Reform Act of 1996, as amended, 42 U.S.C. §1997e.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his available administrative remedies are required by the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a).

NINETEENTH AFFIRMATIVE DEFENSE

Ellien acted at all times in good faith and had no subjective knowledge that he had violated the constitutional rights of plaintiff.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has not established a serious medical need.

WHEREFORE, William Ellien, M.D., respectfully requests that this Honorable Court dismiss plaintiff's amended complaint with prejudice and enter judgment in his favor along with allowable costs of this action.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William Ellien, M.D.

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, William G. Ellien, M.D.'s Waiver of Reply to Plaintiff's Amended Complaint by U.S. First Class Regular Mail on this date to the following individuals:

Jason Eric Benson
SCI-Smithfield
#DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, St. 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

 

_____
ALAN S. GOLD

DATE: 7/31/01