IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ERIC BENSON, | CIVIL ACTION NO. 1:CV-00-1229 |
|     Plaintiff | (Judge Caldwell) |
| v. | (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al., | |
|     Defendants | |

FILED
SCRANTON
AUG 1 3 2001
PER _____
DEPUTY CLERK

PLAINTIFF'S REPLY TO
THE COURT'S ORDER ON JULY 23rd 2001

    The plaintiff Jason E. Benson, respectfully replies to the Court's Order filed on July 23rd 2001. The Court instructed the defendant's to "file a response to the Motion by August 6, 2001." The Motion referred to by the Court is (Dc.57) entitled "Motion for Order Compelling Disclosure or Discovery and for Expenses and Sanctions."

    Abrief overview, will entail that plaintiff has been trying to complete the discovery process inefficiently, due to def., Ellien and his attorney's evasiveness or malevolence. In essence, they've violated Fed.R.Civ.P. Rule 37 (c)(1),(2), and are subject to each of the sanctions therein. Apparently, Ellien's party does not believe that their compliance is necessary.

    As a result of plaintiff's persistence i.e., from early April, 2001 to the present, the time, research, drafting of documents, and spending funds that I don't actually have has just about drove me up a wall. That is why plaintiff has respectfully requested an order from this Court.

In Document #57, plaintiff needed the following discovery turned over:

> a) The names of all expert witnesses that they intend on calling to testify on their client's behalf; and the essence of the experts testimony;
>
> b) Reanswer all of plaintiff's admissions and interrogatories without the inventive falsifications or the lucid evasiveness;
>
> c) Turn over all of the documents that were requested by plaintiff.

In addition, plaintiff requested the Court to order def., Ellien and/or his attorney's to pay plaintiff $500.00 in attorneys and expenses. Since then, plaintiff has done more research and found that pursuant to Conressional Legislation, Conress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoner's wishing to file civil claims. See 141 Cong. Rec. S14419 (daily ed. Sept. 25th 1995)(Statement of Sen. Abraham). The Case sub judice, is not frivolous as is evidenced by this Court's Report and Recommendation and the Trial Court's adoption of said Recommendation.

Also pursuant to 42 U.S.C. § 1988(b)(Supp. II 1996)("In any action or proceeding to enforce [§ 1983] the Court, in its discretion, may allow a prevailing party...attorney's fee as part of the cost."); see, e.g., North Carolina Dep't of Trans. Crest St. Cmty., 479 U.S. 6, 12 (1986)(courts may grant attorney's fees under § 1988(b) only for action to enforce enumerated civil rights statutes). But see, e.g., Goss v. City of Littlerock, 151 F.3d 861,865 (8th Cir.1998)(landowner entitled to attorney's fees when he prevailed on constitutional violation, because even though § 1983 not cited as bases for cause of

action, plaintiff was proceeding to enforce § 1983).

The plaintiff sought to have this Court declare to the defendant's that "his complaint stated a claim," and that's exactly what he has accomplished. Furthermore, the Supreme Court held that a plaintiff is a "prevailing party" when sucessful on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit." <u>Tex.State Teachers Ass'n v. Garland Indep. Sch.Dist.</u>, 489 U.S. 782,791-92 (1989). But see, e.g., <u>Harper v. City of Chicago Heights</u>, 223 F.3d 593, 604 (7th Cir.2000)(even though court did not accept plaintiff's argument, the fact that the plaintiff prevailed is suficient to award attorney fees.).

In <u>Hernandez v. Kalinowski</u>, 146 F.3d 196 (3rd Cir.1998), the Court of Appeals for the Third Circuit hel that the fees are $97.50 and $67.50 an hour, respectively, for in court and out of court work. Being as though plaintiff has not been in court, the $67.50 per hour rate applies; and from April, 2001 until August, 2001, is a total of four months spent being misled; although plaintiff spent that many months litigating the discovery issue, it stands with good reason that at the very least, plaintiff has spent twenty (20) hours per month working tirelessly. Therefore, plaintiff respectfully requests that def., Ellien and/or his attorney's be ordered to compensate plaintiff $500.00 for expenses and sanction them to pay attorney's fees for eighty hours (80) at the rate of $67.50; which totals a measly $5,400.00.

Date:   August 9, 2001

Sincerely,

Jason S. Benson, Plaintiff

-4-

CERTIFICATE OF SERVICE

I, Jason Benson Plaintiff, in the above action do certify that a true and correct copy of the foregoing document has been served on the following via First Class post paid mail:

Sean S. Robins, Esquire
Monaghan & Gold, P.C.
7838 Old York Road
Elkins Park, PA 19027

Date: August 9, 2001                By:
                                    Jason E. Benson, Plaintiff
                                    DS-6483, SCI-Smithfield
                                    1120 Pike Street, P.O. Box 999
                                    Huntingdon, PA, 16652

August 7, 2001

FILED
SCRANTON

AUG 13 2001

PER _____ DEPUTY CLERK

Magistrate Judge Thomas Blewitt
United States District Court
235 Nort Washington Avenue
P.O. Box 1148
Scranton, PA 18501

Re: Benson v. Ellien, et al
U.S.D.C. (Middle District) No. 1:CV-00-1229

------------------------------------------------------------

Your Honor,

In my haste in completeing the attached Motion, I neglected to illustrate one very important concern.

Plaintiff is afraid that the defendant will attempt to create further litigation over costs that they rightfully owe to plaintiff, in hopes that plaintiff becomes discouraged from seeking fees.(See Hensley, 1035 Ct. 1933)("A request for attorney's fees should not result in a second major litigation. Ideally of course, litigants will settle the amount of a fee.")

Your time and consideration in this matteer are greatly appreciated.

Sincerely,

Jason E. Benson, DS6483
S.C.I. Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, PA 16652