FILED
SCRANTON

AUG 1 6 2001

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL Action no. 1:CV-00-1229 |
| Plaintiff | : | |
| V. | : | (Judge Caldwell) |
| | : | Magistrate Judge Blewitt) |
| THOMAS DURAN, et al., | : | |
| Defendants | : | |

PLAINTIFF'S REPLY TO WILLIAM G. ELLIEN'S
ANSWER FOR PLAINTIFF'S MOTION
FOR AN ORDER COMPELLING DISCLOSURE
FOR DISCOVERY AND FOR EXPENSES AND SANCTIONS

The plaintiff begs the Court's pardon but, here we go again with some-more of Ellien's balderdash/nonsense. In their answer, the attorney for def., Ellien states that they never received a copy of plaintiff's motion; Ellien has resonded to all discovery served upon him through his counsel and filed appropriate objections; that Ellien has no ability to produce plaintiff's medical records; and last but, certainly not the least, Ellien's counsel respectfully requests that Benson serve [another] copy of the motion.

Pursuant to 28 u.s.c. § 1746, Benson declares under the penalty of perjury that Ellien's counsel was served with the motion on the same date the Court---was served. Ellien's counsel's actions are a continuation of the same evasiveness plaintiff has petitioned the Court to remedy. Had Ellien responded to the dsicovery requests of plaintiff the motion for the compelling of discovery, with the request for expenses and sanctions would not have been filed. Furthermore, plaintiff respectfully asks tthe Court to kindly take notice of the fact that the date of this Court's (July 23, 2001) by all accounts expectations, should have reached Ellien's counsel within three (3)

days. Which would've been on Thursday, July 26th, 2001, and afforded them eight (8) days wherein they could have responded to the Court's order and/or to make their argument before the due date of the order.

Because Eillien's counsel has obviously misplaced or just refuses to acknowledge receipt of the motion; the fact that counsel now[*] requests the Court to send them "another copy" three (3) times in their pleadings; and because they've allowed eight or nine (8 or 9) days to pass, which put's them in violation of this Court's order by one (1) day according to the pleadings and ten (10) days if the mailing time is figured in; plaintiff believes that their answer is moot considering it's beyond the court's order without plausibility.

In addition, pursuant to Fed.R.Civ.P., Rule 37 (b)(2), et seq., which states in relevant part that "in lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order...to pay reasonable expenses, including attorney's fees, caused by the failure,..." There is no way for Ellien or counsel to possibly explain to this Court **Why They Didn't Motion, Plead, or Present Their Argument to This Court By August 6, 2001.**

WHEREFORE, Jason Benson, plaintiff, respectfully requests that this Court grant the relief sought in the motion to compell and compensate plaintiff $500.00 for expenses; and $5,500.00 in attorney's fees.

Respectfully submitted,

August 13, 2001

Jason Benson, Plaintiff

---

[*] The plaintiff will send Ellien's counsel "another" copy of the motion but, plaintiff begs the Court not to use this against him.

## CERTIFICATE OF SERVICE

I, Jason Benson, plaintiff, declare that a true and correct copy of the foregoing document has been served on August 13, 2001, via First Class postage prepaid mail to the following:

Alan S. Gold, Esquire
Monaghan & Gold P.C.
7837 Old York Road
Elkins Park, PA 19027

By:
    Jason Benson, Plaintiff
    DS-6483, SCI-Smithfield
    P.O. Box 999, 1120 Pike St.
    Huntingdon, PA 16652