10/17/01
97



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION NO. **1:CV-00-1229** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WILLIAM G. ELLIEN, M.D., et al., | : | |
| Defendants | : | |

FILED
SCRANTON
OCT 16 2001
PER ______
DEPUTY CLERK

**ORDER**

Currently before the court is the Plaintiff's Motion for Order Compelling Disclosure of Discovery and for Expenses and Sanctions filed on June 1, 2001. **(Doc. 57).** Plaintiff seeks an order compelling Defendant Ellien to provide him with appropriate responses to his discovery requests. He also seeks the issuance of an order for sanctions.

**I. Background.**

The Plaintiff alleges that on or about August 30, 1999, Orth and Vazquez witnessed him in a state of convulsions for 1 ½ hours before transporting him to the Gettsyburg Hospital. Once at Gettysburg, he was immediately admitted to the critical care unit. According to the Plaintiff, the attack was brought on by "a series of pharmacological deviations prescribed by defendant's Dr. Ronald Long and Dr. William Ellien of SCI-Smithfield." (Doc. 18, p. 4).

Apparently, in June of 1999, Dr. Long abruptly discontinued the Plaintiff's anti-seizure medication. Subsequently, the Plaintiff questioned both Dr. Long and his psychiatrist, Dr. Ellien, about why the seizure medication was discontinued but was never provided with a satisfactory answer.

It is the Plaintiff's position that "[t]he abrupt discontinuance of Dilantin by defendant Dr. Ronald Long, as well as the prescription anti-depressant Imipramine, in combination with the physical and emotional trauma sustained during the use of excessive force in A.C.P. synergistically caused plaintiff to enter into the aforementioned life threatening "Status Epilepticus" seizures that occurred on August 29, 1999." (Doc. 18, p. 4).

**II. Discussion.**

*A. Interrogatories.*

As noted by the Defendant, the Plaintiff has not attached the interrogatories or the Defendant's responses to the interrogatories to his motion. However, he informs the court that he is unable to afford extra copies and advises the Court that these documents are attached to his "Reply to Defendant William Ellien's Renewed Motion to Dismiss." (Doc. 60). We have reviewed the Plaintiff's reply, and the interrogatories and the responses by the Defendant are attached as represented by the Plaintiff. (Doc. 60, Exhibits B and B-1). The Court will rely on these documents. Also of assistance to the Court is the letter from the Plaintiff to Defendant's counsel dated April 24, 2001, and attached as Exhibit B to the Plaintiff's motion to compel and brief. This letter details each of the Plaintiff's objections to the responses received from the Defendant to his interrogatories. (Doc. 57, Exhibit B).

One of the issues is the Plaintiff's request for a copy of his medical records. As the Defendant points out, Defendant Ellien is not the custodian of his medical records. The Plaintiff must therefore direct his request to the custodian of the records.

Interrogatory Number 1 asks "[h]ow long have you practiced medicine?" (Doc. 60, Exhibit B). The Defendant objected on the ground that the interrogatory seeks information which is irrelevant to any claim asserted in the Plaintiff's complaint. (Doc. 60, Exhibit B-1). The Defendant's objection is overruled, and the Defendant will be directed to supply the Plaintiff with a specific response.

The second interrogatory seeks information on the Defendant's pharmacology training. The Defendant objects but then, without waiving the objection, states as a general matter that subjects relating to the field of pharmacology are part of all medical school curriculum. (*Id.*) The Court agrees with the Plaintiff that the Defendant's pharmacology training is directly related to the Plaintiff's claim. The Defendant will therefore be directed to answer the question with specific information relating to any pharmacology training.

The Plaintiff acknowledges that the third and fourth interrogatories were answered despite the Defendant's objection.

The next interrogatory addressed by the Plaintiff is Interrogatory number 7. The Plaintiff asks the Defendant whether, at the time he treated the Plaintiff, he was aware that the Plaintiff suffered from epilepsy. The Defendant responded, over objection, that "he is aware that the Plaintiff has been diagnosed with a seizure disorder and status epilepticus. Plaintiff's medical records speak for themselves." (Doc. 60, Exhibit B-1). This answer is deemed sufficient.

The Plaintiff also takes issue with the response to Interrogatory 11. The Plaintiff asks "[w]hat effects would Trofranil, Serzone, and Ativan [when mixed together] have on an unmedicated epileptic patient?" The Defendant objects to this interrogatory on the grounds that the interrogatory

seeks information that is irrelevant to the claim and that the interrogatory seeks an expert opinion. While we overrule the portion of the objection wherein the Defendant objects on the grounds that the question seeks irrelevant information, we sustain the objection on the ground that the Plaintiff is seeking information that should be sought from an expert witness. The Defendant will not be required to provide further information. There are several other interrogatories that involve the same issue. The Plaintiff seeks information on the issue of an abrupt withdrawal from a drug in Interrogatory 17. In Interrogatory 19, the Plaintiff seeks the explanation of a medical statement. In the first Interrogatory numbered 21, the Plaintiff seeks information on warnings, side effects, interactions or special warnings of certain drugs. We conclude that the Plaintiff is seeking information from this witness that is more appropriately sought from an expert witness. The Defendant will not be required to respond any further.

Interrogatory 15 requests an explanation of how the Defendant met with the Plaintiff during his treatment sessions. In response, the Defendant objects on the grounds that the interrogatory is unclear as written and is incapable of being responded to as stated. The Plaintiff will be afforded the opportunity to rephrase the interrogatory.

Finally, Interrogatory 22 seeks information about the frequency in which the Defendant prescribed certain medication to unmedicated epileptic patients. The Defendant objected to the interrogatory on the ground that it seeks irrelevant information. This is a valid objection, and the Defendant will not be required to provide any further information.

*B. Requests for Admissions.*

The Requests for Admissions are also attached to the Plaintiff's Reply to the Defendant's Renewed motion to dismiss. (Doc. 60, Exhibit C). The Plaintiff is dissatisfied with the answers to Requests 1, 5, and 6. Each will be addressed *seriatim*.

Request for Admission Number 1 states "[t]hat plaintiff was and/or is epileptic in July 27, 1999, as well as to date." (Doc. 60, Exhibit C). The Defendant objects on the grounds of relevancy. The Defendant's objection is overruled, and the Defendant is directed to provide an answer to the Admission.

In Request for Admission Number 5, the Plaintiff requests admission to the statement "Imipramine does not bother the seizure threshold, or the effectiveness of anticonvulsants." One of the grounds of the Defendant's objection is that the request seeks an expert opinion. This is a valid objection. The Defendant will not be required to provide any further information.

Finally, the Plaintiff takes issue with Request for Admission Number 6, wherein the Plaintiff states "Ativan must be taken in combination with Tofranil when prescribed for an epileptic." The Defendant objects on the ground that the statement is seeking an expert opinion. This, too, is a valid objection, and the Defendant is relieved from responding any further.

**AND NOW, this** 16th **day of October, 2001, IT IS HEREBY ORDERED THAT:**

(1). The Plaintiff's Motion to Compel and for Sanctions **(Doc. 57)** is **GRANTED** as to the Interrogatories Numbered 1 and 2 and the Request for Admission numbered 1. The Defendant shall provide the Plaintiff with responses to these discovery requests within **fifteen (15) days** of the date of this Order;

(2). As concerns Interrogatory Number 15, the Plaintiff is afforded **five (5) days** from the date of this Order to rephrase Interrogatory number 15 and serve it upon the Defendant if he so desires. If the

Plaintiff serves rephrased Interrogatory number 15, the Defendant shall respond to the interrogatory within **ten (10) days** of the receipt of the interrogatory.

(3) The Plaintiff's Motion to Compel and for Sanctions (Doc. 57) is **DENIED** in all other respects.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 16, 2001**

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

October 17, 2001

Re: 1:00-cv-01229 Benson v. Duran

True and correct copies of the attached were mailed by the clerk to the following:

Jason Eric Benson
SCI-SM
#DS-6483
P.O. Box 999
1120 Pike St.
Huntingdon, PA 16652

David L. Schwalm, Esq.
Thomas, Thomas & Hafer, LLP
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA 17108

Alan S. Gold, Esq.
Monaghan & Gold, P.C.
7837 Old York Road
Elkins Park, PA 19027

James D. Young, Esq.
Lavery & Associates, P.C.
301 Market Street
P.O. Box 1245
Suite 800
Harrisburg, PA 17108-1245

cc:

| | | | |
|---|---|---|---|
| Judge | ( ) | ( ) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | ( ) | | |
| Federal Public Defender | ( ) | | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: U.S. Marshal ( ) Pltf's Attorney ( ) | |
| Standard Order 93-5 | ( ) | | |
| Order to Show Cause | ( ) | with Petition attached & mailed certified mail to: US Atty Gen ( ) PA Atty Gen ( ) DA of County ( ) Respondents ( ) | |
| Bankruptcy Court | ( ) | | |
| Other________________ | ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: 10/17/01

BY: ______________________
Deputy Clerk