IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,                    :    CIVIL ACTION NO. 1:CV-00-1229
         Plaintiff                  :
    v.                              :    (Judge Caldwell)
                                    :    (Magistrate Judge Blewitt)
                                    :
THOMAS DURAN, et al.,               :
         Defendants                 :    (JURY TRIAL DEMANDED)

PLAINTIFF'S MOTION TO PRECLUDE EXPERT TESTIMONY
AND MOTION FOR SANCTIONS FOR
BLATENT DISCOVERY VIOLATIONS

AND NOW, come the plaintiff Jason E. Benson, who must respectfully motion the court to preclude all of the defendant's collectively, from presenting expert testimony at trial due to their blatent failure to provide plaintiff with the requested names of all expert witnesses and a summary of their anticipated testimony. To date, plaintiff hasn't received this important material.

On March 23, 2001, plaintiff submitted a request to the def., Ronald Long, for the production of documents pursuant to Fed.R.Civ.P. Rule 34; specifically requested the production of the following: "all of the plaintiff's medical records, including all outside consultations and the reports generated therefrom;" and "produce the D.O.C. Medical Departments policies pertaining to life sustaining medications." See exhibit "A" at item Nos. 6 & 25. The plaintiff waited and on August 29, 2001, he submitted a signed "Authorization for Release of Information" pursuant to the D.O.C's policy in an attempt to speed the process along. Soon thereafter, the def., Long, subpoenaed plaintiff's medical records but, the records custodian informed plaintiff that no such request was actually made. The plaintiff doesn't know who to believe. See exhibit "C".

The Adams County Prison defendant's have also absurdly disregarded plaintiff's request for discovery. In May, 2001, plaintiff requested the production of documents along with some admissions to said defendant's. Specifically requested were "Extraordinary Occurrence Reports from/by Hankey, Jennings, and Shelton, which were mandatory...according (to) Adams County Prisons 'Use of Force Policy' involving the incident on 8/27/99." The defendant's filed timely objections to the admissions but, they also disregarded the request for documents and haven't produced them to date. See exhibit "D".

Not willing to break the cycle of violating the Rules of Discovery, the defendant William Ellien, refuses to turn over the names of their expert witnesses or a summary of the testimony that expected to be adduced at trial. The def., Ellien, also refuses to turn over a copy of plaintiff's medical records/files; even this Court stated in it's order dated:* "One of the issues is the Pliantiff's request for a copy of his medical records. As the Defendant points out, Defendant Ellien is not the custodian of his medical records. The Plaintiff must therefore direct his request to the custodian of the records." However, the Court did not know that the plaintiff sent signed "Authorization for Release of Information Forms" to def., Ellien in June, 2001, and August, 2001. Plus, there should be subpoenas on file in this matter, which show that the plaintiff's records were requested by def., Ellien. But, the medical dept., hasn't heard anything from them. See exhibit "E".

---
* Court's Order filed on October 16, 2001.

In view of the defendant Ellien's refusal to comply with the discovery proceedures and his refusal to obey this Court's order to tell plaintiff how long he's practiced medicine nor has he specifically told plaintiff about his pharmacology training. Therefore, the Plaintiff respectfully requests that def., Ellien, be precluded from presenting any expert witnesses at trial and moves for contempt against Ellien, and asks the Court to award damages in the amount of $500,000.00. See <u>Hutto v. Finney</u>, 437 U.S. 678,691; <u>Benjamin v. Sielaff</u>, 752 F.Supp. 140,148. And, that def., Long, be precluded from presenting expert testimony at trial as well as, precluding both def's from using any information in the plaintiff's medical files/record.

Because, the plaintiff believes that the Adams County Prison defendants' have violated the Use of Force Policy set up by their own administration and the United States Constitution; by failing or refusing to disclose important Extraordinary Occurrence Reports that's been requested. Furthermore, if the above named defendants' did not file the requested documents, it only shows that there is ample reason to refuse compliance. The plaintiff requests that this Court draw an adverse inference and sanction the Adams County Prison defendant's to pay punitive damages in the amount $750,000.00.

The plaintiff requests the same sanctions that he's asked for from Ellien to be applied to defendant Long as well. However, the plaintiff encourages the Court to call it's own expert witness and limit his/her testimony to the evidence/facts already in the record.

WHEREFORE, for the foregoing reasons the plaintiff respctfully requests the relief sought above.

Date November 14, 2001                           Respectfully submitted,

"A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON,<br>Plaintiff | : | CIVIL ACTION NO.1:CV-00-1229 |
| v. | : | (Judge Caldwell)<br>(Magistrate Judge Blewitt) |
| THOMAS DURAN, et al | : | (JURY TRIAL DEMANDED) |

PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION
OF DOCUMENTS

Pursuant to Rules 33 and 34 Fed.R.Civ.P., the plaintiff submits the following interrogatories and requests for documents to the defendant Ronald Long. You are directed to answer each of the interrogatories in writing under oath, and produce each of the requested documents within 30 days of service.

1. How long have you practiced medicine?

2. As a physician, are you trained in pharmacology?

3. Were you taught what medications should and should not be administered to epileptic patients?

4. Due you routinely review your patients files?

5. Are you aware that the plaintiff is epileptic and has been that way for about twelve (12) years now?

6. Produce all of the plaintiff's medical records, including all outside consultations and the reports generated therefrom.

7. Are you licensed to prescribe medications, and if so, by what authority?

8. Produce the "Vital Statistics", any warnings, possible interactions, side effects, or special information pertaining to all of the drugs that you or a physician's assistant under your guidance have prescribed for the plaintiff.

9. What were you treating plaintiff for on June 4, 1999?

10. What is a status epilepticus? explain it as though explaining it to a medical layman.

24. Why did defendant Long, prescribe Dilantin on 8/31/99 for ~~him~~ plaintiff?

25. Produce the D.O.C. Medical Departments policies pertaining to life sustaining medications?

Date: March 23, 2001

Jason Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652

-3-

"B"

*DC-ADM 003, Release of Information Policy*                                    **Attachment**

DC-108                 **PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
                       **AUTHORIZATION FOR RELEASE OF INFORMATION**[1]
                       **(THE EMPLOYEE/INMATE SHALL CHECK AND INITIAL ALL BOXES THAT APPLY)**

| Medical/ Dental Records | Mental Health Records ✓ | Drug & Alcohol Treatment Records ✓ | HIV Information | Records (General) ✓ |
|---|---|---|---|---|

I, the undersigned, hereby give my consent for:                    To release information to:
(name and address of facility)                                     (name and address of requester)
   Jason Benson #DS6483                                               Lavery, Faherty, Young & Patterson, P.C.
   S.C.I. Smithfield                                                  301 Market St., Suite 800
   P.O. Box 999, 1120 Pike St.                                        P.O. Box 1245
   Huntingdon, PA 16652                                               Harrisburg, PA 17108-1245

I hereby authorize the above named source to release or disclose information related to the above referenced records/information to the requester during the period beginning  8/23/99  and ending  8/29/01  . The information being requested is: Any and all doctors notes and/or directives, nurses notes and progress reports within my medical record
_____ Authorization for disclosure is being given for the purpose of:

Disclosure of medical/dental information may contain all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information, as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV).

Disclosure for mental health records pertains to treatment, hospitalization, and/or outpatient care provided to me for the period listed above. I understand that my record may contain information regarding all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV). **Authorizations for release of mental health records expire in 30 days.**

Disclosure of HIV related information is information about whether the patient has had a test for HIV, an HIV related illness or AIDS. HIV (Human Immunodeficiency Virus) is the virus that may cause or indicate AIDS or HIV infection.

Disclosure of general information is information contained in an inmate's DC-15. Generally, any communications from the inmate to the Department of Corrections and responses thereto, misconducts, and grievances.

In authorizing this disclosure, I explicitly waive any and all rights I may have to the confidential maintenance of these records, including any such rights that exist under local, state, and federal statutory and/or constitutional law, rule or order, including those contained in the Pennsylvania Mental Health Procedures Act, 1976, the Pennsylvania Drug and Alcohol Abuse Control Act, 1972, and the Confidentiality of HIV-Related Information Act, No. 148.

I understand that I have no obligation to permit disclosure of any information from my record and that I may revoke this authorization, except to the extent that action has already been taken, at any time by notifying the Medical Records Technician, Health Care Administrator, or Facility Manager. In any event, this authorization will expire 90 days after the date signed, **with the exception of Mental Health records which have a 30 day expiration date**, unless revoked prior to that time.

I understand that these records are the property of the Department of Corrections and that my authorization for their release does not require the Department of Corrections to release these records. It is understood by the above requesting facility that if the requested information's confidentiality is protected by Federal Regulations that bar secondary dissemination or re-disclosure, the providing facility will provide a statement to that effect.

Furthermore, I will indemnify and hold harmless the Pennsylvania Department of Corrections, and its employees and agents, for any losses, costs, damages, or expenses incurred because of releasing information in accordance with this authorization.

_____   _DS6483_        _8/29/01_    _____
Employee/Inmate Signature    Employee ID/     Date        Signature of Witness
                             Inmate DC Number

---
[1] 2-CO-1E-07

*Def. Long.*                                                                 "C" →

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

| MIDDLE | DISTRICT OF | PENNSYLVANIA |

JASON ERIC BENSON,
    Plaintiff
    v.
THOMAS DURAN, et al.,
    Defendants

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 1:CV-00-1229

JURY TRIAL DEMANDED

TO:  Custodian of Records
    SCI-Smithfield
    1120 Pike Street
    P. O. Box 999
    Huntingdon, PA 16652

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all medical records and any and all documents pertaining to inmate grievances filed by inmate Jason Benson (DS-6483).

| PLACE | DATE AND TIME |
|---|---|
| Lavery, Faherty, Young & Patterson, P.C.<br>301 Market Street, Suite 800<br>Harrisburg, PA 17101 | 9/20/01<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 9-5-01 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James D. Young, Esq., 301 Market St., Ste. 800, P.O. Box 1245, Hbg., PA
I.D. # 53904    (717) 233-6633    17108-1245

"C"

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>RECORDS DEPT. | 2. Date: 9/7/01 |
| 3. By: (Print Inmate Name and Number)<br>JASON E. BENSON, DS0403<br>_JEB_<br>Inmate Signature | 4. Counselor's Name<br>CRIDER |
| | 5. Unit Manager's Name<br>BURK |
| 6. Work Assignment | 7. Housing Assignment<br>JB/4 |

8. Subject: State your request completely but briefly. Give details.

Today I recieved a copy of a United States District court Subpoena, directed towards your office, to supply the law offices of Lavery, Lavery & Flaherty w/ a copy of my medical records, and any and all documentation pertaining to grievances and responses thereof.

Please forward me via response to this request an itemized list of the documents you intend to provide above counsel.

Thank You.

9. Response: (This Section for Staff Response Only)

To date I have not received anything of this nature from the law offices

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ D Sigel  Date 9-11-01
                       Print        Sign

Revised July 2000

Claim No.: 00-1771

"D"

MAY 09 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION NO. 1:CV-00-1229 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| THOMAS DURAN, et al., | : | |
| Defendants | : | (JURY TRIAL DEMANDED) |

ADMISSIONS
AND REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff herein submits supplemental admissions and requests for production of documents which are to be responded to within 30 days after service of this request.

1. Produce Extraordinary Occurrence Reports from the defendant whom worked the [2300 to 0700] shift on 8/30/99 and or the shift commander who worked that shift when plaintiff was taken to the hospital.

2. Admit that the term "Code 4" constitutes a medical emergency and/or if it is denied, explain why it's denied.

3. Admit that Adams County Prison badge number (6115) belongs to defendant William Orth, and that he was in fact the defendant that was on duty the night or early morning plaintiff was taken to the hospital.

4. Produce Extraordinary Occurrence Reports from defendant's Hankey, Jennings, and Shelton, which were mandatory for them to do according with the Adams County Prisons "Use of Force Ploicy" involving the incident on 8/27/99.

5. Admit that all extraordinary occurrence reports have been submitted to plaintiff, and that all of the defendant's have completed said documents.

6. Admit that officer Sheather's, I.D.# 6125, worked the [2300 to 0700] shift and completed an (ACPF# 8) on 8/30/99 in between the times of "23:15 & 06:10".

"D"

7. Admit that the following log entries of officer Sheather's, ACPF# 8, are accurate representations of the events that occurred before her: " TIME      OFFICER      REMARKS "

| TIME | OFFICER | REMARKS |
|------|---------|---------|
| 03:58 | 6125 | Benson, Jason, Code 4/ seizures |
| 05:35 | 6125 | -Benson, Jason Out w/t Sheriff. |

8. Produce all documentation pertaining to Adams County rule, regulations, policies, and/or directives that are mandated under the Pennsylvania County Risk Pool.

9. Admit that on 8/30/99 on the 23:00 to 07:00 shift, a part-time registered nurse by the name of Kim Griffin, was on duty when officer Sheather's, witnessed plaintiff in a "code 4".

10. Admit that Kim Griffin, attended to plaintiff in between 03:58 and 05:35, on 8/30/99.

11. Admit that the State does not provide instructions with respect to "treatment of prisoner's with medical conditions."

12. Is it admitted that Sheriff Muller, was not given any information about why the plaintiff needed to be taken to the hospital, or is it admitted that Sheriff Muller, was given pertinent information about plaintiff's condition or need to be taken to the hospital.

13. Is it admitted to that, not one of the defendant's knew that plaintiff was epileptic, suffers from panic disorder, and suffers from agaraphobia.

14. Pursuant to the Use of Force Policy, is it admitted that the Shift Commander/Administrator investigated the extent of all staff members injuries and then completed three (3) "Employer's First Report of Injury," for defendant's Duran, Shelton, and Jennings, per defendant Cluck's, observations.

Date: May 7, 2001

Jason Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike St., P.O. Box 999
Huntingdon, PA  16652

-2-


"D"

David L. Schwalm, Esquire
**Thomas, Thomas & Hafer, LLP**
Attorney I.D. # 32574
305 North Front Street
P. O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643
Attorneys for Defendants Thomas Duran; Bruce Cluck; Debra Hankey;
John Jennings; William Orth; Rae Hientzelman; David Vazquez; and Briton Shelton

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ERIC BENSON, <br> Plaintiff | CIVIL ACTION |
| v. | NO. 1:00-CV-01229 |
| THOMAS DURAN; BRUCE CLUCK; DEBRA HANKEY; JOHN JENNINGS; WILLIAM ORTH; RAE HIENTZELMAN; RONALD LONG and WILLIAM ELLIEN; BRITON SHELTON; DAVID VAZQUEZ; WILLIAM J. STEINOUR; <br> Defendants | |

### OBJECTIONS OF ADAMS COUNTY DEFENDANTS TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SECOND AND THIRD SETS)

AND NOW, come the Defendants Thomas Duran, Bruce Cluck, Debra Hankey, John Jennings, William Orth, Rae Hientzelman, David Vazquez and Briton Shelton, (hereinafter "the Adams County Defendants) by their attorneys, Thomas, Thomas & Hafer, LLP, and object to Plaintiff's Second and Third Sets of Request for Admissions, based upon the following:

1. On or about March 26, 2001, the Plaintiff served 23 Requests for Admissions on the Adams County Defendants. The Middle District limit on Requests for Admissions is 25, absent agreement to the contrary.

"D"

2. On or about April 24, 2001, the Adams County Defendants answered the First Request for Admissions.

3. On or about May 4, 2001, the Plaintiff served a Second Set of Requests for Admissions with Interrogatories. This set of discovery contains approximately 21 Requests for Admissions. Copies of the Requests are attached hereto and marked Exhibit A.

4. On or about May 9, 2001, the Plaintiff served an additional set of Requests for Admissions with a document request. This set contained an additional 14 Requests for Admissions. Copies of the third set of requests are attached hereto and marked Exhibit B.

5. The Plaintiff has not sought leave of Court or consent of counsel to serve requests for admissions exceeding the limit set forth in Middle District Local Rule 36.1.

6. The Plaintiff's excessive requests for admissions are burdensome and unnecessary.

7. The discovery requested by the Plaintiff exceeds the limit set by Middle District Local Rule 36.1 and therefore, the Adams County Defendants object to these discovery requests.

WHEREFORE, the Adams County Defendants object to the Plaintiff's discovery requests.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

By: _____
David L. Schwalm, Esquire
I.D.#32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999
(717) 255-7643

Attorneys for Adams County Defendants

DATE: 5/22/01

2

"E"

**DC-ADM 003, Release of Information Policy**                                    **Attachment**

DC-108                **PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
                      **AUTHORIZATION FOR RELEASE OF INFORMATION**[1]
                      **(THE EMPLOYEE/INMATE SHALL CHECK AND INITIAL ALL BOXES THAT APPLY)**

| Medical/Dental Records | ✓ Mental Health Records | ✓ Drug & Alcohol Treatment Records | HIV Information | ✓ Records (General) |

I, the undersigned, hereby give my consent for:                To release information to:
(name and address of facility)                                 (name and address of requester)
S.C.I. Smithfield                                              ALAN GOLD, ESQ.
P.O. Box 999, 1120 Pike St.                                    7837 OLD YORK RD.
Huntingdon, PA 16652                                           ELKINS PARK, PA 19027
(Medical Dept.)

I hereby authorize the above named source to release or disclose information related to the above referenced records/information to the requester during the period beginning 8/01/99 and ending 6/11/01. The information being requested is: All doctor progress notes, orders, and reports, all nurse progress notes, orders and reports, all psychiatrist progress notes orders, and reports, all medicine flow charts and lab tests. Authorization for disclosure is being given for the purpose of: Civil litigation.

Disclosure of medical/dental information may contain all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information, as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV).

Disclosure for mental health records pertains to treatment, hospitalization, and/or outpatient care provided to me for the period listed above. I understand that my record may contain information regarding all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV). **Authorizations for release of mental health records expire in 30 days**.

Disclosure of HIV related information is information about whether the patient has had a test for HIV, an HIV related illness or AIDS. HIV (Human Immunodeficiency Virus) is the virus that may cause or indicate AIDS or HIV infection.

Disclosure of general information is information contained in an inmate's DC-15. Generally, any communications from the inmate to the Department of Corrections and responses thereto, misconducts, and grievances.

In authorizing this disclosure, I explicitly waive any and all rights I may have to the confidential maintenance of these records, including any such rights that exist under local, state, and federal statutory and/or constitutional law, rule or order, including those contained in the Pennsylvania Mental Health Procedures Act, 1976, the Pennsylvania Drug and Alcohol Abuse Control Act, 1972, and the Confidentiality of HIV-Related Information Act, No. 148.

I understand that I have no obligation to permit disclosure of any information from my record and that I may revoke this authorization, except to the extent that action has already been taken, at any time by notifying the Medical Records Technician, Health Care Administrator, or Facility Manager. In any event, this authorization will expire 90 days after the date signed, **with the exception of Mental Health records which have a 30 day expiration date**, unless revoked prior to that time.

I understand that these records are the property of the Department of Corrections and that my authorization for their release does not require the Department of Corrections to release these records. It is understood by the above requesting facility that if the requested information's confidentiality is protected by Federal Regulations that bar secondary dissemination or re-disclosure, the providing facility will provide a statement to that effect.

Furthermore, I will indemnify and hold harmless the Pennsylvania Department of Corrections, and its employees and agents, for any losses, costs, damages, or expenses incurred because of releasing information in accordance with this authorization.

_____       DS6483               6-11-01         _____
Employee/Inmate Signature       Employee ID/         Date            Signature of Witness
                                Inmate DC Number

---

[1] 2-CO-1E-07

DC-ADM 003, Release of Information Policy — Attachment E

DC-108

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS
AUTHORIZATION FOR RELEASE OF INFORMATION**[1]
(THE EMPLOYEE/INMATE SHALL CHECK AND INITIAL ALL BOXES THAT APPLY)

| Medical/Dental Records | Mental Health Records | Drug & Alcohol Treatment Records | HIV Information | Records (General) |
|---|---|---|---|---|
| [X] | [X] | | | [X] |

I, the undersigned, hereby give my consent for:
(name and address of facility)
SCI-Smithfield
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652

To release information to:
(name and address of requester)
Monaghan + Gold, P.C.
Attorneys at Law
Manor Professional Building
7837 Old York Road
Elkins Park, PA 19027

I hereby authorize the above named source to release or disclose information related to the above referenced records/information to the requester during the period beginning 8/98 and ending 10/00. The information being requested is: medical records -

_____ Authorization for disclosure is being given for the purpose of:
litigation

Disclosure of medical/dental information may contain all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information, as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV).

Disclosure for mental health records pertains to treatment, hospitalization, and/or outpatient care provided to me for the period listed above. I understand that my record may contain information regarding all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV). **Authorizations for release of mental health records expire in 30 days.**

Disclosure of HIV related information is information about whether the patient has had a test for HIV, an HIV related illness or AIDS. HIV (Human Immunodeficiency Virus) is the virus that may cause or indicate AIDS or HIV infection.

Disclosure of general information is information contained in an inmate's DC-15. Generally, any communications from the inmate to the Department of Corrections and responses thereto, misconducts, and grievances.

In authorizing this disclosure, I explicitly waive any and all rights I may have to the confidential maintenance of these records, including any such rights that exist under local, state, and federal statutory and/or constitutional law, rule or order, including those contained in the Pennsylvania Mental Health Procedures Act, 1976, the Pennsylvania Drug and Alcohol Abuse Control Act, 1972, and the Confidentiality of HIV-Related Information Act, No. 148.

I understand that I have no obligation to permit disclosure of any information from my record and that I may revoke this authorization, except to the extent that action has already been taken, at any time by notifying the Medical Records Technician, Health Care Administrator, or Facility Manager. In any event, this authorization will expire 90 days after the date signed, **with the exception of Mental Health records which have a 30 day expiration date, unless revoked prior to that time.**

I understand that these records are the property of the Department of Corrections and that my authorization for their release does not require the Department of Corrections to release these records. It is understood by the above requesting facility that if the requested information's confidentiality is protected by Federal Regulations that bar secondary dissemination or re-disclosure, the providing facility will provide a statement to that effect.

Furthermore, I will indemnify and hold harmless the Pennsylvania Department of Corrections, and its employees and agents, for any losses, costs, damages, or expenses incurred because of releasing information in accordance with this authorization.

_____    DS6483    8/15/01    _____ RHIT
Employee/Inmate Signature    Employee ID/    Date    Signature of Witness
                            Inmate DC Number

Date of Birth: 9/27/76    SS#: 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

[1] 2-CO-1E-07

"E"

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>MRS. KLINE / RECORDS DEPT. | 2. Date:<br>9/2/01 |
| 3. By: (Print Inmate Name and Number)<br>DS6483 JASON E. BENSON<br>_SEB_<br>Inmate Signature | 4. Counselor's Name<br>CRIDER |
| | 5. Unit Manager's Name<br>BURK |
| 6. Work Assignment | 7. Housing Assignment<br>JB/04 |

8. Subject: State your request completely but briefly. Give details.

Could you please tell me what date you sent a copy of my medical records to attorney Alan Gold, and at what cost?

Thank you!

*RECEIVED SEP 5 2001 SCI-SMITHFIELD MEDICAL RECORD DEPARTMENT*

9. Response: (This Section for Staff Response Only)

Your records have not been sent. We are waiting for payment from your attorney ($114.94). Upon receipt of payment, your records will be forwarded.

To DC-14 CAR only ☐    To DC-14 CAR and DC-15 IRS ☐

Staff Member Name  K. Kline  , K. Kline, RHD  Date 9/5/01
                   Print          Sign

George Weaver, C.H.C.A.  GW/am  9/5/01

Revised July 2000