IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON,<br>    Plaintiff | : | CIVIL ACTION NO.1:CV-001229<br>(Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al.,<br>    Defendants | : | (JURY TRIAL DEMANDED) |

PLAINTIFF'S MOTION TO ORDER THE
DEPARTMENT OF CORRECTIONS
AND /OR ITS PERSONNEL
TO COMPLY WITH CLEARLY ESTABLISHED LAW

FILED
SCRANTON
DEC 1 3 2001
PER _____
DEPUTY CLERK

AND NOW comes the plaintiff Jason E. Benson, respectfully requesting this Honorable to order the Department of Corrections and it's Personnel to Comply with Clearly Established Law; and the plaintiff avers the following in support thereof:

1. In ¶ 8, of plaintiff's Motion for Sanctions for Discovery Abuse and Violations of Professional Conduct, it's expressed, that "The plaintiff cannot stress suficiently the need of the Court's ruling because, as it stands now, the plaintiff has '-$10.00 in his inmate account...and the institution is still telling him that he cannot make legal copies,'" and none of the defendant's will be copied on the pleadings unless the Court orders the clerk to do so.

2. In Bounds v. Smith, 430 U.S. 824,828 (1977), the Supreme Court reasoned out the core interests of access to the Court's. It cannot be maintained by any D.O.c's personnel that they do not know anything about the above interests. According to Mr. Kirk A. Bucynski, Business Manager at the institution; "Indigent inmates get no special privileges in regards to copies. In fact, if you have no money on your account, you are not permitted to make copies." See exhibits "A-1,2,3."

3. Mr. Bucynski's, arbitrariness is lucid and reeks of wanton interference. Forexample, he signed his response to plaintiff's request allegedly on (11/30/01)but, it's evident at the top of the page that the request was received on (12/03/01) so, it's impossible for him to have signed his response on the date written. Why would he lie? Suggested answer: He no-doubt, feels it's necessary to hamper plaintiff's progress out of compassion for colleague's Defendant's Ronald Long, and William Ellien. Nonetheless, his actions infer denial of access to the Court's.

4. The plaintiff knows that his being unable to copy the defendant's on the pleadings, puts undue or unwanted encumbrance upon the Court. This affects plaintiff in two (2) ways/first, he's not able to effectively prosecute his claims and; second, it causes conflict with plaintiff's need to access the Court. Whereas, retaliation is more than likely to come about because the plaintiff related to the Court that it is always in the public interest for government official's including prison personnel, to obey the Constitution. Cf. Washington v. Reno, 35 F.3d 1093,1103 (6th Cir.1994); Duran v. Anaya, 642 F.Supp.527.

5. Furthermore, it's not like the plaintiff is seeking to have his legal motions/responses *copied* at the expense of the Department of Corrections. For instance, the money that was spent to buy the copying machine in the law library, was money form the **"Inmate General Welfare Fund,"** and the monies generated from the copiers use, goes right back into the "I.G.W.F.," which came about as a result of the D.O.C's blatent denial of inmate's access to the Court's. See Bounds supra; Crawford-El v. Britton, 523 U.S. 574,584 (1998); Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3rd Cir.1988)(in cases "directly involving prisoners' access to photocopying, an actual injury necessarily occurs by virtue of [the]

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** <br> RECEIVED DEC 03 2001   C-1 | Department of Corrections <br><br> INSTRUCTIONS <br> Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
| 1. To: (Name and Title of Officer) <br> INMATE ACCOUNTS/BUSINESS OFFICE | 2. Date: 11/28/01 |
| 3. By: (Print Inmate Name and Number) <br> JASON E. BENSON, #DS6483 <br> *Inmate Signature* | 4. Counselor's Name <br> CRIDER |
| | 5. Unit Manager's Name <br> BURK |
| 6. Work Assignment | 7. Housing Assignment <br> CA/08 |

8. Subject: State your request completely but briefly. Give details.

I AM AN INDIGENT INMATE CURRENTLY IN THE MIDST OF CIVIL LITIGATION. I AM REQUIRED TO MAKE COPIES OF EACH MOTION/BRIEF I SUBMIT TO THE COURTS, AND PROVIDE THEM TO THE DEFENDANTS. MORE OFTEN THAN NOT THESE MOTIONS ADD UP TO 50+ PAGES. TO GET 4 COPIES OF EACH 50+ PAGE MOTION EXCEEDS THE LIBRARIES LIMIT ON COPIES. ($3.20) IF THE COST OF COPIES EXCEEDS $3.20, I'M NOT ALLOWED TO MAKE COPIES.
PLEASE PLACE ME ON THE INDIGENT INMATE LIST SO THAT I MAY BE ABLE TO MAKE THE APPROPRIATE AMOUNT OF COPIES AS REQUIRED. YOUR SWIFT RESPONSE IS APPRECIATED!

9. Response: (This Section for Staff Response Only)

Indigent inmates get no special privileges in regards to copies. In fact, if you have no money on your account, you are not permitted to make any copies. Indigent inmates may qualify for free stationary as outlined in the DC-ADM 803, Inmate Mail policy. If you wish to pursue that option, you should follow the procedure outlined in the policy. Otherwise, you will have to wait until you have the necessary funds on your account to pay for your copies.

Kirk A. Bucynski
Business Manager

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / *K Bucynski (Sign)* _____ Date 11/30/01

Revised July 2000

A-1

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

SMI-8615-01

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR<br>Sharon M. Burks | FACILITY: | DATE:<br>November 27, 2001 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>Mr. Jason Benson DS-6483 | SIGNATURE of INMATE: | |
| WORK ASSIGNMENT:<br>None | HOUSING ASSIGNMENT:<br>CA/08 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

Since November 23, 2001, I have been trying to have my Civil Matter Motion copied four (4) times. But, I've been notified that I cannot go over/exceed $3.20.
My Motion will cost $4.00 and some change each, totaling at least $16.00 and a maximum of $17.60 and that's not including postage.
This restriction can cost/cause me to lose my civil matter. Being as though I asked for damages from the defendant's in my matter, I believe it will only be fair to all that I be reimbursed the amount I can/will lose should my case be dismissed because of the fact that I can't get copies and make certain deadlines; i.e., one million dollars $1,000,000.
In addition, I may need to add whomever's responsible as a defendant in my civil matter as a precaution, and I must notify the Court's about this situation.

**B.** List actions taken and staff you have contacted, before submitting this grievance.

The only people I could speak with about this matter is one of the librarian's.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_Sharon M. Burks/SMB_       _11-30-01_
Signature of Facility Grievance Coordinator       Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy
Revised

A-2

**DC-ADM 804, Inmate Grievance System**　　　　　　　　　　　　　　　　　　　　　　　　　　　**Attachment B**

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO. SMI-8615-01

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| Benson, Jason DS-6483 | Smithfield | CA/08 | 11-27-01 |

The following is a summary of my findings regarding your grievance:

Mr. Benson,

When the Library is informed by the Business Office that someone is indigent, or has insufficient funds, we cannot make copies for that person unless the Business Manager gives us permission, either verbal or written. When you have legal copies that must be made and have insufficient funds, you must contact the Business Manager to have him assess the matter; he may decide to let you make those copies, but **we must hear it from him first** before we proceed to do so.

Category: Legal/Courts

Cc: Superintendent Varner
　　Major Norris
　　DC-15
　　File

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Renee Lubert CorrLibI | Renee A. *(signature)* | 12-4-01 |

A-3

```
PAGE    1                    INMATE ACCOUNTS SYSTEM                     10-01-2001
C-A-1008                    MONTHLY ACCOUNT STATEMENT                     263 SMI

   INMATE      NAME
   NUMBER      LAST            FIRST          MI              OLD BALANCE
   DS6483      BENSON          JASON          E                  -4.31

BATCH     DATE
  #    MO DY YEAR     TRANSACTION DESCRIPTION        TRANSACTION  BALANCE AFTER
                                                       AMOUNT      TRANSACTION

4451   09-06-2001  37  POSTAGE
                       FOR THE WEEK OF 9/6/01            -.80         -5.11
4463   09-07-2001  10  MAINTENANCE PAYROLL
                       PAY PERIOD ENDING 9/1/01         10.08          4.97
4535   09-19-2001  39  LEGAL FEES
                       1:00-CV-01229 8/21 THRU 9/19     -2.02          2.95


           NEW BALANCE AS OF THIS STATEMENT -------------------->      2.95
```

B-1

```
PAGE     1                    INMATE ACCOUNTS SYSTEM                      12-03-2001
C-A-1008                      MONTHLY ACCOUNT STATEMENT                      274 SMI

     INMATE    NAME
     NUMBER    LAST            FIRST           MI                    OLD BALANCE
     DS6483    BENSON          JASON           E                         -2.32

BATCH    DATE
  #    MO DY YEAR    TRANSACTION DESCRIPTION         TRANSACTION  BALANCE AFTER
                                                       AMOUNT     TRANSACTION

 4853  11-07-2001 38  INSIDE PURCHASES
                      LIBRARY COPY(S)                  -2.40         -4.72
 4853  11-07-2001 38  INSIDE PURCHASES
                      LIBRARY COPY(S)                  -2.30         -7.02
 4929  11-20-2001 37  POSTAGE
                      FOR THE WEEK OF 11/20/01         -3.20        -10.22

         NEW BALANCE AS OF THIS STATEMENT -------------------->    -10.22
```

        Note:  It is clear that from October, through December, 2001, the plaintiff, will never be allowed to receive copies if he's held to the standard prison personnel has set because, he will never be clear of the rears long enough to accomplish anything.

B-2

## CERTIFICATE OF SERVICE

     The plaintiff Jason E. Benson, hereby certifies that on the date indicated below, the attached motion was mailed to the Court by first class mail.

Date December 10, 2001

By: *[signature]*
Jason E. Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike St., P.O. Box 999
Huntingdon, PA 16652

-4-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

December 13, 2001

Re: 1:00-cv-01229   Benson v. Duran

True and correct copies of the attached were mailed by the clerk to the following:

    David L. Schwalm, Esq.
    Thomas, Thomas & Hafer, LLP
    305 North Front Street
    Sixth Floor, P.O. Box 999
    Harrisburg, PA  17108

    Alan S. Gold, Esq.
    Monaghan & Gold, P.C.
    7837 Old York Road
    Elkins Park, PA  19027

    James D. Young, Esq.
    Lavery & Associates, P.C.
    301 Market Street
    P.O. Box 1245
    Suite 800
    Harrisburg, PA  17108-1245

cc:
Judge                              ( )                     ( ) Pro Se Law Clerk
Magistrate Judge         ( )                     ( ) INS
U.S. Marshal             ( )                     ( ) Jury Clerk
Probation                ( )
U.S. Attorney           ( )
Atty. for Deft.         ( )
Defendant                ( )
Warden                    ( )
Bureau of Prisons      ( )
Ct Reporter              ( )
Ctroom Deputy          ( )
Orig-Security           ( )
Federal Public Defender ( )
Summons Issued          ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5     ( )
Order to Show Cause     ( ) with Petition attached & mailed certified mail
                                    to: US Atty Gen   ( )   PA Atty Gen ( )

*[signature] 12/13/01*