IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON                    :        CIVIL ACTION

    V.                             :        NO. 1:CV-00-1229

WILLIAM G. ELLIEN, M.D., et al.    :        (Judge Caldwell)
                                            (Magistrate Judge Blewitt)

FILED
SCRANTON

DEC 2 6 2001

PER
DEPUTY CLERK

DEFENDANT'S, WILLIAM G. ELLIEN, M.D.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S, JASON E. BENSON,
MOTION TO PRECLUDE EXPERT TESTIMONY,
COMPELLING DISCOVERY AND FOR SANCTIONS

Defendant, William G. Ellien, M.D. ("Ellien"), by and through his attorneys, Gold,

Butkovitz & Robins, P.C., hereby responds to Plaintiff's, Jason E. Benson ("Benson") Motion to

Preclude Expert Testimony and for Sanctions in the above-captioned matter, and states as

follows:

Evidently dissatisfied with the results of his prior motion to compel, Plaintiff, Benson,

has filed a motion seeking to preclude Defendant, Ellien, from presenting expert testimony at the

time of trial, and further seeking to compel records from Ellien which this Court has previously

ruled that Dr. Ellien is not responsible to produce. Finally, Benson seeks a ruling that Dr. Ellien

be held in contempt and impose monetary sanctions for failing to comply with his discovery

requests. For the reasons discussed following, Benson's motion is completely baseless, frivolous

and should be denied.

### 1.    Benson's Motion to Preclude Expert Testimony is Without Basis and Should be Denied.

Benson asserts that because counsel for Dr. Ellien has not yet identified any expert

witnesses, that Ellien should be precluded from presenting expert testimony should this matter

come to trial.

While Dr. Ellien anticipates the likelihood of using an expert should this matter go to

trial, the determination has not yet been made, an expert not yet retained, and therefore no expert

report exists or summary of expected testimony as of this date.  At such time as an expert is

retained, and an evaluation made, a report will be provided to Benson as expeditiously as

possible.  There exists no basis to preclude the use of expert testimony by Dr. Ellien.

### 2.    Benson's Attempt to Once Again Compel Dr. Ellien to Produce Records that he is Not Entitled to Produce, is Frivolous, Without Basis, and Should be Denied.

Benson seek once again in this motion to compel Dr. Ellien to produce his (Benson's)

medical records file.  As previously explained in response to both Benson's original discovery

request and his prior motion to compel, and as this Court noted in its prior ruling on that motion,

Dr. Ellien is not the custodian of Benson's medical records file, and is not legally entitled to

produce copies of inmate medical records files.  As per Department of Corrections procedures,

well known to Benson, an inmate must himself make a written request to the Department of

Corrections to view and/or copy his medical records file.  Dr. Ellien is not a D.O.C. employee,

and while, in the scope of his duties as a third-party provider of services at the prison, Dr. Ellien

has access to and use of inmate medical records, this does not entitle him to copy or distribute

those records in violation of the D.O.C.'s policy.

Nothing has changed since Benson's last attempt to compel Dr. Ellien to produce his medical records file. The fact that Benson may have provided a release authorization to counsel for Dr. Ellien for those medical records does not alter Dr. Ellien's lack of authority to produce those records. There is no more basis today to compel Dr. Ellien to produce Benson's inmate medical records file, then at the time this court denied Benson's previous motion.

Finally, as inexplicable as it has always been, Benson appears to continue to fail to properly request access to his own medical records pursuant to D.O.C. policy, through the D.O.C. itself, the actual custodians of his records. Had he done so initially and properly, there would be no question but that he would have received his records long ago from the D.O.C.

**3.    Dr. Ellien Has Provided Supplemental Responses
to Plaintiff's Interrogatories as Per This Court's
Prior Order.**

Defendant, Ellien, per this Court's prior order, has provided Benson with supplemental responses to two of Benson's interrogatories and one request for admission. (A copy of Ellien's supplemental responses, served on Benson on November 21, 2001, is attached hereto as Ex. "A") Benson's assertion that Dr. Ellien has "refused" to provide these responses is false.

**4.    No Basis Exists for the Imposition of Sanctions
of Any Type as Against Dr. Ellien.**

Benson articulates no basis which would support the imposition of sanctions of any type upon Dr. Ellien. The defendant has violated no order of this Court, and has provided suitable responses to Benson's discovery requests, including supplemental responses as directed by this Court in its prior order. Finally, this Court previously determined that Benson was not entitled to

an order compelling Dr. Ellien to produce Benson's inmate medical records file, something

which Dr. Ellien has no authority to do.

### Conclusion

Accordingly, and for the reasons set forth herein, there exists no basis for the grant of

Benson's present motion, and the same should be denied.

Respectfully submitted,

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____

ALAN S. GOLD
SEAN ROBINS
Attorneys for defendant,
William G. Ellien, M.D.

7837 Old York Road
Elkins Park, PA 19027
(215) 635-2000

DATE:____December 19, 2001____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON | : | CIVIL ACTION |
| V. | : | NO. 1:CV-00-1229 |
| WILLIAM G. ELLIEN, M.D., et al. | : | (Judge Caldwell)<br>(Magistrate Judge Blewitt) |

## CERTIFICATE OF SERVICE

It is hereby certified that the within Response by Defendant, William G. Ellien, M.D., in Opposition to Plaintiff's Motion to Preclude Expert Testimony, Compelling Discovery and for Sanctions, was served upon the following, on this date, via U.S. Mail, First Class, Postage Pre-Paid:

Jason E. Benson
Inmate No. DS-6483
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Flaherty, Young & Patterson, P.C.
301 Market Street, Suite 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
SEAN ROBINS

DATE:____December 19, 2001____