JUDGE'S COPY

FILED
HARRISBURG, PA

MAR 0 6 2002

MARY E. D'ANDREA, CL
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,  : CIVIL ACTION
    Plaintiff  : NO. 1:CV-00-1229
  :
v  : (Judge Caldwell)
  : (Magistrate Blewitt)
THOMAS DURAN, et al.,  :
    Defendants  : JURY TRIAL DEMANDED

PLAINTIFF'S OBJECTION TO
HONORABLE MAGISTRATE JUDGE BLEWITT'S
ORDER ON FEBRUARY 12, 2002

    The plaintiff hereby respectfully objects to Magistrate Judge Blewitt's denial of plaintiff's Request to Add Supplemental Complaint against the "Law Firm" representing Defendant William G. Ellien, and supports his objection with the following:

    1. This objection is pursuant to Federal Rules of Civil Procedure 72(a).

    2. On November 28, 2001, defendant Ellien's attorney's at "Gold, Butkovitz & Robins" mailed plaintiff's "Confidential Medical Records" specifically "Psychiatric Records" to another inmate who has filed suit against a Magellan Doctor at a different jail. The plaintiff has requested a copy of his records to no avail. As a matter of fact, all of the defendant's have consistantly claimed that they were not the keeper of his files and not allowed to disseminate the files pursuant to the law.

    3. The plaintiff has unsuccessfully notified the Court of the unprofessional tactics of the defendant's in this matter; see Plaintiff's Motion to Preclude Expert Testimony; Plaintiff's Response to the Adam County Defendant's as well as Defendant's Ronald Long's and William Ellien's Motion for Summary Judgment; and Plaintiff's Motion for Sanctions for Discovery Abuse and violations of Professional Conduct.

4. Counsel knows that those files are personal and not to be handed over to anyone having nothing to do with the specific matter. See <u>Woods v. White</u>, 689 F.Supp. 874 (W.D.Wis.1988), aff'd, 899 F.2d 17 (7th Cir.1990)(the casual, unjustified dissemination of confidential medical information to non-medical staff or **other prioner's** is unconstitutional). Nonetheless, the inmate (Joseph Dyson CA-8143) signed an affidavit pursuant to the penalties of perjury and is willing to testify if necessary. See (Ex. "A" Plaintiff's Motion for Sanctions for Discovery Abuse and Violations of Professional Conduct).

5. The attorney's must know about the Rules of Professional Conduct: Law Firms & Associations; Rule 5.1 [RESPONSIBILITIES OF A PARTNER OR SUPERVISORY LAWYER]; Rule 5.2 [RESPONSIBILITIES OF A SUBORDINATE LAWYER]; and Rule 5.3 [RESPONSIBILITIES REGARDING NONLAWYER ASSISTANTS]. The plaintiff tried to handle this matter within the relms of this Court, despite receiving the proper forms to file a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania; which has exclusive disciplinary jurisdiction over any attorney admitted to practice law in this Commonwealth.

6. The Pennsylvania Court's have consistantly or plainly decreed that said files are protected by 65 P.S. § 66.1; see <u>Heicklen v. D.O.C.</u>, 769 A.2d 1239,1243 (Pa.Cmwlth.2001); <u>Times Publishing Company v. Michel</u>, 633 A.2d 1233 (1993). Therefore, respectfully, Magistrate Blewitt's ruling must be reversed.

2

WHEREFORE, the plaintiff respectfully requests that this Honorable Court reverse Magistrate Blewitt's Feb., 12, 2002, order * and grant plaintiff sanctions in the amount of Fifty Thousand Dollars ($50,000.), or in the alternative, declare Defendant Ellien's counsellor's, defendants'.

Respectfully submitted,

Date: February 15, 2002

Jason Benson, Plaintiff

---

* In Gruenke v. Seip, the Third Circuit Court of Appeals in Philadelphia, overturned a District Court's dismissal of an Emmaus High School student's Federal Civil lawsuit against her swimming coach, whom she accused of violating her privacy. The Court said the coach should have been more discreet, with suspicions of pregnancy and pressuring her into taking a pregnancy test. Subsequently, the case was settled without trial.

## CERTIFICATE OF SERVICE

I, Jason E. Benson, plaintiff, hereby do certify that a true and correct copy of the Plaintiff's Objection to Honorable Magistrate Blewitt's Order on February 12, 2002, has be mailed via first class mail to the parties listed below:

Gold, Butkovitz & Robins, P.C.
Manor Professional Building
7837 Old York Road
Elkins Park, PA 19027

By: *[signature]*
Jason E. Benson, Plaintiff
DS-6483, SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, PA  16652

4

## 1228 Pa. 769 ATLANTIC REPORTER, 2d SERIES

constitutional rights, is not in accordance with the law, it violates the procedural provisions of the local agency law, or the commission's findings are not supported by substantial evidence. Section 754 of the Local Agency Law, 2 Pa.C.S. § 754; *Civil Service Commission v. Poles,* 132 Pa.Cmwlth. 598, 573 A.2d 1169 (1990), *petition for allowance of appeal granted,* 527 Pa. 657, 593 A.2d 427 (1991), *appeal dismissed,* 530 Pa. 31, 606 A.2d 1169 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

[3, 4] A reviewing court will examine, but not weigh, the evidence since the commission, as fact finding tribunal, is in a better position to discover the facts based upon the testimony and the demeanor of witnesses. *Id.* The court may not substitute its judgment for that of the commission. *Id.*

[5] In this appeal, County argues that the sole issue, on remand, before the Commission was whether Moorehead was acting in self-defense. County contends that it is clear from the Commission's opinion and decision that the Commission considered the evidence and the direction of this Court and determined that Moorehead's actions were voluntary, because he was not engaged in self-defense. County argues further that the Commission clearly considered the evidence and the nature of the altercation between Moorehead and Samuels, as well as existing case law on self-defense. County argues that the Commission weighed the evidence and made a determination based on this evidence that clearly establish that Moorehead was not engaged in self-defense and, therefore, that the decision discharging Moorehead should be sustained. As the Commission's decision is supported by substantial evidence, County contends, it must be upheld. County contends that it was certainly inappropriate for the trial court to substitute its judgment for that of the Commission which decided that the smashing of a glass cup against a fellow officer's head was such a severe escalation of violence that it removed any claim by Moorehead that he was acting appropriately.

As noted herein, the Crimes Code gives to all citizens the right of self-defense. 18 Pa.C.S. § 505. Recently the Pennsylvania Superior Court examined Section 505 of the Crimes Code and addressed the issue of what level of force is justifiable when repelling an attack by an unarmed assailant. *Commonwealth v. Witherspoon,* 730 A.2d 496 (Pa.Super.1999). In *Witherspoon,* a man who was volunteering at defendant's place of business, broke free when he was being physically escorted from the business premises and lunged at defendant with balled fists. *Id.* at 499. The defendant responded by slapping the man. *Id.*

The Superior Court pointed out that while the court had examined what level of force is not justifiable in repelling an attack, the court had not previously addressed what level of force is justifiable when repelling an attack by an unarmed assailant. *Id.; See Commonwealth v. Cutts,* 281 Pa.Super. 110, 421 A.2d 1172 (1980) (use of shiny instrument capable of slashing is excessive force applied against person who poked defendant with sharp stick); *Commonwealth v. Jones,* 231 Pa.Super. 300, 332 A.2d 464 (1974) (use of pocket knife against kicking and pushing assailants is excessive force). The Superior Court then held that it was not necessary for the defendant to be in fear for his life before he could resort to force to defend himself and that the defendant was justified in meeting a threat of force with the use of a similar level of force. *Witherspoon,* 730 A.2d at 499. Under the circumstances as found by the trial court, the Superior Court found that the force the defendant used was not excessive. *Id.* at 499–500.

Herein, the Commission found that, while the conduct of the two officers was described by a witness as wrestling or struggling, only Samuels required medical attention as a result of Moorehead hitting him on the head with a coffee cup. This finding is supported by substantial evidence in the record. The Commission determined that by hitting Samuels with the coffee cup, Moorehead may have even escalated the violence. Based on the Superior Court's decision in *Witherspoon* and a reviewing court's narrow scope of review of a civil service commission's decision, we hold that the Commission did not err in reaching the conclusion that Moorehead's use of the coffee cup was excessive force. In light of the finding of fact that the altercation was a struggling match, we agree that, by smashing the cup against Samuels' head, Moorehead was clearly using more force than necessary to repel the attack by Samuels.

Accordingly, we reverse the trial court's decision and reinstate the Commission's decision and order sustaining Moorehead's discharge.

### ORDER

AND NOW, this *14th* day of *March,* 2001, the order of the Court of Common Pleas of Allegheny County dated May 30, 2000, entered in the above captioned matters, is reversed and the August 22, 1997 decision of the Civil Service Commission of Allegheny County is reinstated.



## HEICKLEN v. DEPARTMENT OF CORRECTIONS Pa. 1239
Cites 769 A.2d 1239 (Pa.Cmwlth. 2001)

Julian HEICKLEN, Petitioner,

v.

DEPARTMENT OF CORRECTIONS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 2001.

Decided March 14, 2001.

Petitioner sought review of Pennsylvania Department of Corrections denial of his request to inspect Department's protocol for review and treatment of hepatitis C under the Right-to-Know Act. The Commonwealth Court, No. 1259 C.D. 2000, Colins, J., held that: (1) Department's protocol and survey results were public records within meaning of the Right to Know Act, requiring Department to grant petitioner's request for and review a survey completed regarding the number of inmates housed in state correctional facilities who currently had hepatitis C, and to review or copy medical documentation of inmates under the care of the Department, pursuant to the Right-to-Know Act. The Commonwealth Court, ed from disclosure as an exception to the Right-to-Know Act.

Reversed in part, and affirmed in part.

1. Records ⊜63

Commonwealth Court's scope of review is limited to determining whether the denial of the request for information under the Right-to-Know Act was for just and proper cause. 65 P.S. §§ 66.1–66.4.

2. Records ⊜54

Department of Corrections' protocol for review and treatment of hepatitis C identification and treatment, and survey

PROPERTY O SMITHFIELD LIBRARY

**1240** Pa.        **769 ATLANTIC REPORTER, 2d SERIES**

results regarding number of inmates currently had hepatitis C was a public record within meaning of the Right-to-Know Act, requiring Department to grant petitioner's request to disclose those documents; relationship existed between the survey and the protocol, and the subsequent medical attention that the Department's healthcare professionals have and/or would provide to state correctional inmates afflicted with hepatitis C, had resulted in medical attention to affected inmates. 65 P.S. §§ 66.1–66.4.

**6. Records ⇐ 54**

Mere request for a document is not enough to establish that the document is a public record as defined by the Right-to-Know Act; rather, the party seeking documents must demonstrate a close relationship between the requested material and an agency minute, order, or decision fixing some right or duty. 65 P.S. §§ 66.1–66.4.

**3. Records ⇐ 54**

Document is not a public record if it does not contain some actual agency determination fixing rights or duties or form the basis for such a determination.

**4. Records ⇐ 54**

Individual seeking disclosure of an agency record must establish that the requested material: (1) is generated by an "agency", covered by the Right-to-Know Act; (2) is a minute, order, or decision of an agency or an essential component in the agency arriving at its decision; (3) fixes the personal or property rights or duties of any person or group of persons; and (4) is not protected by statute, order, or decree of court. 65 P.S. §§ 66.1–66.4.

**5. Records ⇐ 50, 54**

Intent of the Right-to-Know Act is to insure the availability of government information to citizens of the Commonwealth by providing access to official information, and thus, broad construction is given to the initial determination of whether a document is a public record. 65 P.S. §§ 66.1–66.4.

**7. Records ⇐ 58**

Medical documentation of inmates was protected from disclosure as an exception to the Right-to-Know Act, as dissemination would reveal confidential information in the inmates' medical records. 65 P.S. § 66.1.

---

Julian Heicklen, petitioner, pro se.

John J. Talaber, Camp Hill, for respondent.

Before COLINS, Judge, KELLEY, Judge, LEDERER, Senior Judge.

COLINS, Judge.

Julian Heicklen (Petitioner) acting *pro se*, petitions for review of the denial by the Pennsylvania Department of Corrections (Department) of his request to inspect a document titled, "Protocol for Hepatitis C Identification and Treatment" (Protocol), regarding the number of inmates housed in state correctional facilities who currently have Hepatitis C, and to review or copy medical documentation of inmates under the care of the Department, pursuant to the statute known as the Right-to-Know Act (Act).[1] We reverse in part, and affirm in part.

---

1. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

---

**HEICKLEN v. DEPARTMENT OF CORRECTIONS**    Pa.  **1241**
Cite as 769 A.2d 1239 (Pa.Cmwlth. 2001)

On April 18, 2000, Heicklen contacted the Department with an oral request to obtain a copy of the results of a survey completed by the Department pertaining to the percentage of inmates in state correctional institutions suffering with Hepatitis C. By letter dated May 10, 2000, the request was denied. Heicklen reduced the request to writing by letter of May 10, 2000. In July 2000, Petitioner filed a petition for review in this Court alleging that the Department refused to provide him access to: (1) a survey of the number of inmates housed in state correctional facilities who currently have Hepatitis C; (2) reports regarding treatment of inmates housed in the state correctional institutions that have Hepatitis C; and (3) the Department's Hepatitis C Protocol for Identification and Treatment of Hepatitis C (Protocol). The Department treated the petition for review as a request for documents under the Act. By letter of December 8, 2000, the Department denied the request on the basis that the documents requested did not fix rights or duties and did not reflect the policy of the Department. The denial of the request was appealed to this Court by way of petition for review.

[1, 2] This Court's scope of review is limited to determining whether the denial of the request for information was for just and proper cause. *Morning Call, Inc. v. Lower Saucon Township*, 156 Pa.Cmwlth. 397, 627 A.2d 297 (1993). At issue is whether the requested documents are "public records" subject to disclosure under the Act.

[3, 4] The term, "public record," is defined in Section 1(2) of the Act as follows:

> Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges or immunities, duties or obligations of any person or group of persons....

65 P.S. § 66.1(2). The foregoing definition is narrowed by the following exceptions to disclosure as follows:

> the term "public records" shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

65 P.S. § 66.1(2). Petitioner avers that the survey and Protocol fall within the definition of public record as a decision that establishes, alters, or denies rights, privileges, immunities, duties, or obligations upon the agency. The Department maintains that the requested information does not fall within any one of the definitions of public record and correctly points out that the information is not a public record if it does not contain some actual agency determination fixing rights or duties or form the basis for such a determination. *North Hills News Record v. McCandless*, 555 Pa. 51, 722 A.2d 1037 (1999); *Stipe v. Snyder*, 163 Pa.Cmwlth.

*232, 640 A.2d 1374 (1994), petition for allowance of appeal denied,* 542 Pa. 676, 668 A.2d 1138 (1995), (a document may be subject to disclosure where it forms the basis for an agency decision); *Nittany Printing v. Centre County,* 156 Pa. Cmwlth. 404, 627 A.2d 301 (1993).[2] However, in advancing this argument, the Department argues that the survey and Protocol amount to nothing more than the gathering of information; thus, neither is subject to disclosure. *McCandless.* In advancing that argument, the Department fails to reconcile its own concession, i.e., the fact that the Protocol provides guidance to Department healthcare professionals in identifying and treating the Hepatitis C virus, with its assertion that the Protocol does not establish any obligations owed by the Department. (See Re-certification of the Record Pursuant to Pa. R.A.P.1962 filed by the Department, Exhibit "D".) Furthermore, it appears from the record that the basis for the Protocol is the survey, since it forms the basis for subsequent action by the Department and its healthcare professionals. Petitioner is not asking for the raw data from the survey,[3] but rather for the survey results. Therefore, we conclude the Department improperly denied Petitioner access to the survey results and Protocol; the information should have been made available to Petitioner in accordance with the policies of the Department. 65 P.S. § 66.2.

[5, 6] The intent of the Act is to insure the availability of government information to citizens of the Commonwealth by providing access to official information;[4] therefore, broad construction is given to the initial determination of whether a document is a public record.[5] The mere request for a document is not enough to establish that the document is a public record as defined by the Act. Rather, the party seeking documents must demonstrate a close relationship between the requested material and an agency minute, order, or decision fixing some right or duty. Considering that the Protocol provides guidance to the Department's healthcare officials in the identification and treatment of inmates with Hepatitis C, the Department has essentially conceded that the Protocol has resulted in medical attention to affected inmates. There is a relationship between the survey and the Protocol, and the subsequent medical attention that the Department's healthcare professionals have and/or will provide to state correctional inmates afflicted with Hepatitis C. Therefore, the information sought is a public record within the meaning of the Act, and the Department erred in concluding otherwise.

[7] However, petitioner also seeks to review or copy medical documentation of inmates under the care of the Department. Such information may not be disseminated to petitioner since it would reveal confidential information in the inmate's medical record; thus, it is protected from disclosure as an exception to the Act. 65 P.S. § 66.1; *Times Publishing Company v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993), *petition for certiorari denied,* 538 Pa. 618, 645 A.2d 1321 (1994). Therefore, the Department properly denied Petitioner access to medical documentation of inmates under the Department's care.

Accordingly, the decision of the Department denying Petitioner access to the survey results and to the Protocol is reversed; the decision of the Department denying Petitioner access to the Department's medical records of inmates is affirmed.

Affirmed.

### ORDER

AND NOW, this 14th day of March 2001, the decision of the Respondent Department of Corrections denying Petitioner Julian Heicklen access to the survey results and to inspect the Protocol for Hepatitis C Identification and Treatment is reversed; the decision of the Respondent Department of Corrections denying Petitioner Julian Heicklen access to the medical records of inmates is affirmed.

---

2. The individual seeking disclosure must establish that the requested material: (1) is generated by an "agency" covered by the Act; (2) is a minute, order, or decision of an agency or an essential component in the agency arriving at its decision; (3) fixes the personal or property rights or duties of any person or group of persons; and (4) is not protected by statute, order, or decree of court.

3. *Aamodt v. Department of Health,* 94 Pa. Cmwlth. 54, 502 A.2d 776 (1986) (holding that raw data obtained in connection with a government survey did not constitute a public record for Right-to-Know Act purposes); *Ar-*

*onson v. Pennsylvania Department of Labor and Industry,* 693 A.2d 262 (Pa.Cmwlth.1997) (holding that copies of responses to a government-sponsored prevailing wage survey were not public records under the Act).

4. *Tribune-Review Publishing Company v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 546 Pa. 688, 686 A.2d 1315 (1996).

5. *Id.*

---

Board, No. A98-3316, affirming the Workers' Compensation Judge's (WCJ) grant of employer's suspension petition. The Commonwealth Court, No. 354 C.D. 2000, Leadbetter, J., held that WCJ did not act arbitrarily or capriciously in granting employer's suspension petition, where claimant voluntarily retired from the work force with no intention of pursuing further employment.

Affirmed.

1. Workers' Compensation ⚖=2026

Generally, in order to obtain a suspension of benefits, employer must prove that employment has been made available to workers' compensation claimant; however, this rule is inapplicable where a claimant has no intention of seeking future employment.

2. Workers' Compensation ⚖=2003

Workers' compensation benefits must be suspended when a claimant voluntarily leaves the labor market.

3. Workers' Compensation ⚖=1939.6

Deciding credibility is the quintessential function of the fact-finder, particularly one who sees and hears the testimony, and appellate court will not take the statutory mandate that a workers' compensation judge (WCJ) explain reasons for discrediting evidence as a license to undermine the exercise of this critical function by second guessing one or more of its constituent parts.

4. Workers' Compensation ⚖=2049

Workers' compensation judge (WCJ) did not act arbitrarily or capriciously in granting employer's suspension petition, where claimant voluntarily retired from the work force with no intention of pursuing further employment.



Thomas E. KASPER, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (Perloff Brothers, Inc. and Sedgwick James & Company), Respondents.

Commonwealth Court of Pennsylvania.

Submitted July 7, 2000.

Decided March 16, 2001.

Claimant appealed from the order of the Workers' Compensation Appeal