


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION NO. 1:CV-00-1229 |
| Plaintiff, | : | |
| vs. | : | (Judge Caldwell) (Magistrate Judge Blewitt) |
| WILLIAM G. ELLIEN, M.D., et al., | : | |
| Defendants | : | |

FILED
SCRANTON
MAR 15 2002
PER ___ DEPUTY CLERK

### ANSWER OF WILLIAM G. ELLIEN, M.D. TO THE OBJECTIONS OF JASON E. BENSON TO UNITED STATES MAGISTRATE JUDGE BLEWITT'S ORDER OF FEBRUARY 12, 2002

William G. Ellien, M.D. ("Ellien") responds to the objections of Jason E. Benson ("Benson") to the United States Magistrate Judge Blewitt's Order of February 12, 2002 as follows:

1. Admitted.

2. Denied as stated. The documents were attached to answers to interrogatories. Benson had consented to the disclosure of these records by seeking them. He cannot complain when they were inadvertently sent to the wrong party.

3. Denied. No unprofessional conduct occurred. At all times counsel for Ellien has complied with the Federal Rules of Civil Procedure and has responded appropriately to the discovery requests. Benson's claims against the other defendants in this case represented by counsel other than Gold, Butkovitz & Robins, P.C. also have no merit.

4. Denied as stated. There was no casual dissemination of confidential medical information. Benson asked for the records and made attempts to utilize the court to compel their production.

5. Denied. Nothing was done that violated any rules of professional conduct.

6. Denied. United States Magistrate Judge Blewitt's ruling has nothing to do with the merits. This Court has no jurisdiction over Benson's claim against Gold, Butkovitz & Robins, P.C. Benson relies on no federal statute. Instead, he attempts at best to assert a state cause of action. Consequently, he must proceed in the appropriate state court. His allegations have nothing to do with the facts in this case against Ellien. Consequently, pendent party jurisdiction pursuant to 28 U.S.C. §2367 fails to exist. Since discovery has concluded and dispositive motions have been filed it makes no sense to permit Benson to amend his complaint to assert an unconnected and unrelated claim against additional defendants.

WHEREFORE, William Ellien, M.D. respectfully requests that the objections of the plaintiff to the Order of February 12, 2002 of the United States Magistrate Judge Blewitt. be denied.

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
William Ellien, M.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,  :  CIVIL ACTION
                     NO. 1:CV-00-1229
    Plaintiff,  :

                     (Judge Caldwell)
vs.  :  (Magistrate Judge Blewitt)

WILLIAM G. ELLIEN, M.D., et al.,  :

    Defendants  :

BRIEF OF WILLIAM G. ELLIEN, M.D. IN OPPOSITION TO THE OBJECTIONS
OF JASON E. BENSON THE ORDER OF THE UNITED STATES MAGISTRATE JUDGE
TO BLEWITT OF FEBRUARY 12, 2002

I. PROCEDURAL HISTORY

Jason E. Benson ("Benson"), an inmate, has filed a complaint based upon 42 U.S.C. §1983 against various defendants, including William G. Ellien, M.D. ("Ellien") contending that they provided him with inadequate medical care. The discovery deadline imposed by the Court has passed. All of the defendants have filed motions for summary judgment which are before United States Magistrate Judge Blewitt. After the expiration of the discovery time period Benson filed a request to add a supplemental complaint against Ellien's counsel, the law firm of Gold, Butkovitz & Robins, P.C., based upon it having mistakenly sent his medical records to another inmate who also was engaged in litigation. The records were attached to a discovery request of Benson. United States Magistrate Judge Blewitt denied the request.

II. FACTUAL BACKGROUND

Ellien incorporates by reference as if set forth herein in full the procedural history indicated above.

## III. ISSUES PRESENTED

Should the court permit a plaintiff to add additional defendants to a claim after discovery has concluded and after dispositive motions have already been filed, when the supplemental complaint has nothing to do with the original claim, and fails to set forth a contention over which this Court has jurisdiction?

## IV. ARGUMENT

United States Magistrate Judge Blewitt correctly denied plaintiff's request to add a supplemental complaint against Gold, Butkovitz & Robins. Benson has not set forth any basis for this Court's jurisdiction over such a claim. No federal statute provides Benson with a cause of action. Benson does not allege a constitutional claim against Gold, Butkovitz & Robins. At best he has set forth a claim pursuant to the common law of the Commonwealth of Pennsylvania or based upon Pennsylvania statutes. He should pursue his claim in the appropriate state court.

Benson submits a claim unrelated to the other claims he has asserted. Discovery has already concluded concerning those other claims. Dispositive motions are now before the Court. Unnecessary delay would result from inserting a new claim into the case which would require substantial discovery and additional pretrial motion practice.

## V. CONCLUSION

In the light of the foregoing William G. Ellien, M.D. respectfully requests that the objections of Jason E. Benson be denied and that the United States Magistrate Judge Blewitt's order be affirmed.

                                                GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
                                                ALAN S. GOLD
                                                Attorney for Defendant,
                                                William G. Ellien, M.D.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies defendant's, William G. Ellien, M.D. Answer and Memorandum of Law in Opposition to Jason E. Benson's Objections to United States Magistrate Judge Blewitt's February 12, 2002 Order, were served upon the following on this date:

Jason E. Benson, pro se
Inmate No. DS-6483
SCI-Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

James D. Young, Esquire
Lavery, Flaherty, Young & Patterson, P.C.
301 Market Street, Suite 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108-0999

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD

DATE: __March 13, 2002__