

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION NO. 1:CV-00-1229 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS DURAN, et al., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

FILED
SCRANTON
MAR 1 8 2002
PER _____
DEPUTY CLERK

MOTION FOR THE APPOINTMENT OF COUNSEL

AND NOW, come the plaintiff Jason Benson, requesting the appointment of counsel in the above captioned matter pursuant to 28 U.S.C. § 1915(e)(1), for the reasons set forth below:

1. The plaintiff is unable to afford retained counsel.

2. The plaintiff has attempted albeit unsucessful, to secure counsel on a contingency basis. See (Ex. "A")

3. The case at bar is not the type of matter in which a jury could easily distinguish certain medical terms from similar sounding medical terms. However, it is well precedented that the District Court must appoint counsel to represent an indigent plaintiff where the issues that are argued at trial are technical and/or must be supported by expert testimony.

4. It is evident that expert testimony will be presented by the defendant's in this matter and the plaintiff must be able to refute this testimony with his own expert testimony. Thus, the plaintiff's case as well as, the circumstances herein, require the appointment of counsel as demonstrated in Tabron v. Grace, 6 F.3d 147,155,158 (3rd Cir. 1993).

5. In <u>Parham v. Johnson</u>, the Third Circuit Court of Appeals dealt with a situation similar to the case at bar, "Holding that expert testimony is necessary when the seriouness of injury or [illness] would not be apparent to a lay person. Thus, according to the District Court, <u>Parham</u>, had to produce an expert witness and because he did not, the Court ruled in favor of the defendant's motion for summary judgment." The court went on stating that "This finding by the District Court is especially startling because when the District Court denied <u>Parham's</u>, Motion for Court Appointed Counsel, the District Court stated that it did not seem likely that expert testimony would be needed in the case." Id.

6. The case sub judice, presents similar situations. Whereas, the plaintiff herein, requested Court Appointed Counsel but, was denied without reasoning. Specifically, the Court did not opine the cause for denying counsel, nor did the Court state that the plaintiff's matter would not need expert testimony. However, the defendant's have made it clear that expert testimony will be presented on their behalf, where they've cited <u>Boring v. Kozakiewicz</u>, 833 F.2d 468 (3rd Cir.1987), as the controlling authority on this matter.

**WHEREFORE**, in light of the foregoing and in light of the previous memorandum of law and motion for appointment of counsel submitted by the plaintiff Jason Benson, Jason Benson respectfully requests that this Honorable Court appoint

defendant's

CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of plaintiff's Motion for The Appointment of Counsel by First Class Mail on this date to the following individuals:

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, Suite 800
Harrisburg, Pennsylvania 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P. O. Box 999
Harrisburg, PA 17101

Gold, Butkovitz & Robins, P.C.
7837 Old York Road
Elkins Park, PA 19027

FILED
SCRANTON

MAR 18 2002

PER _____
    DEPUTY CLERK

Date: March 14, 2002

Jason Eric Benson
DS-6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652

3

Exhibit "A"

April 5, 2000

Joseph L. Romano, P.C.
Center Square East
12th Floor
1500 Market Street
Philadelphia, Pa. 19103

FILED
SCRANTON

MAR 1 8 2002

PER _____
DEPUTY CLERK

Dear Mr. Romano:

   My name is Jason E. Benson, and I am currently housed at the State Corrections Institute at Smithfield, in Huntingdon, Pa.

   Enclosed please find a statement of facts of events that occurred to me while in the Adams County Prison in August of 1999.

   The issues at hand are primarily based around Eighth Amendment violations that occurred to me while in Adams County Prison. However, while seeking for representation in these matters, I noticed in your Yellow Page advertisement that you specialize in neurological maladies, such as epilepsy. I myself am epileptic, and you will find that this disorder has played a major part in the violations I speak of.

   As I said, I am seeking representation in addressing these claims I have against Adams County Prison. I have available a video tape of the events described in the statement of facts. I also have all the prison records in regards to mentioned events, as well as Gettysburg Hospital records that detail the critical state of health I received as a direct result of these events I've mentioned.

   If you are interested in this case please call my attorney, Mrs. Kristen Rice, Esq. at:

               Kristen L. Rice
               47 West High Street
               Gettysburg, PA. 17325
               (717) 337-3754
               Fax# (717) 337-9211

Continued from page 1

    I have given Mrs. Rice permission to discuss with you any and all matters pertaining to this case.

                  Sincerely,

                  Jason E. Benson, DS6483
                  S.C.I. Smithfield
                  P.O. Box 999, 1120 Pike St.
                  Huntingdon, PA 16652