**ORIGINAL**



FILED
HARRISBURG, PA

MAR 21 2002

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ERIC BENSON,<br>Plaintiff | : | CIVIL ACTION NO. 1:CV-00-1229 |
| | : | (Judge Caldwell) |
| vs. | : | (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al.,<br>Defendants | : | JURY TRIAL DEMANDED |

### DEFENDANT, RONALD LONG, M.D.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

In opposing a summary judgment motion, a non-movant may not "rest upon mere allegations, general denials or . . . vague statements." Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991), cert. denied, 502 U.S. 940 (1991). In Schoch v. First Fidelity Bank Corp., 912 F.2d 654, 657 (3d Cir. 1990), the court ruled that unsupported allegations in the non-movant's memorandum and pleadings are insufficient to overcome a

properly supported motion for summary judgment. According to the Supreme Court, the summary judgment procedure enables a party "who believes that there is no genuine issue as to a specific fact essential to the other side's case to demand at least one sworn averment of that [specific] fact before the lengthy process of litigation continues." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-889 (1990).

In this case, Moving Defendant's Motion for Summary Judgment is supported by an Unsworn Declaration executed by Dr. Long; the pertinent portions of Plaintiff's prison medical record; and the pertinent portions of Plaintiff's deposition testimony. In paragraph 7 of his Declaration, Dr. Long attests to the fact that he was never deliberately indifferent to any serious medical need of inmate Benson nor did he ignore any excessive and/or intolerable risk of harm to the Plaintiff.

Paragraphs 8 through 19 of Dr. Long's Declaration established that inmate Benson was evaluated, monitored and treated appropriately and that Dr. Long exercised sound professional judgment with respect to the treatment afforded the Plaintiff. The record is devoid of any evidence from which a reasonable juror could infer that Dr. Long knew of and

2

disregarded an excessive risk to inmate Benson's health or safety. See, Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff has not pointed to any competent evidence to defeat Dr. Long's Motion for Summary Judgment and Plaintiff's own unsubstantiated speculation, conjecture and conclusory assertions are insufficient, as a matter of law, to create a tribal issue of material fact. Consequently, Dr. Long is entitled to summary judgment as a matter of law.

The undisputed facts of record establish that in February, 1999, the Phenobarbital was making Plaintiff feel lethargic or sluggish, and in the exercise of Dr. Long's professional judgment, he believed it would be more appropriate to prescribe Dilantin for Plaintiff's seizure disorder. (Long Declaration ¶ 9; Benson deposition p. 114). On February 24, 1999, Plaintiff agreed to Dr. Long's recommendation to switch to Dilantin for his seizure disorder. Plaintiff's prison medical records reflect that in late May and early June, inmate Benson had been non-compliant with his anti-convulsive medication for a number of days; Nurse Grove noted Plaintiff's non-compliance on the prison medical chart; and Dr. Long scheduled Plaintiff to be seen on his doctor line on June 4, 1999.

3

At that time, inmate Benson indicated that he had stopped taking his Dilantin ten days ago because it made him feel jittery and that when he discontinued the Dilantin, the jittery feeling was gone. In his professional opinion, Dr. Long did not believe that it was medically necessary to continue the patient on the Dilantin in that Plaintiff had been seizure-free for six months, the patient had effectively taken himself off of the anti-convulsive medication for a number of days; and the seizure disorder condition had been stable throughout Plaintiff's time at SCI-Smithfield. (Long Declaration ¶ 14; Exhibit "C" pp. 5-14, 19-20). The prison medical chart further reflects that on June 8, 1999, Plaintiff told Physician Assistant McMullen that he had "recently stopped Dilantin of his own choice." (Exhibit "C" p. 15).

In response to this properly supported Motion for Summary Judgment, Plaintiff does not point to any facts of record to establish deliberate indifference to a serious medical need. It is also important to note that Plaintiff has not offered any expert testimony establishing deliberate indifference on the part of Dr. Long. Plaintiff, who has no medical training, asserts that he believes that the Dilantin should not have

4

been discontinued and/or an alternative medication should have been prescribed. Such an allegation, without more, simply does not rise to the level of a Constitutional claim. Thus, Plaintiff cannot designate specific facts of record showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

In his responsive pleading, Plaintiff attempts to assert that the Defendants' Motions for Summary Judgment should be denied because Plaintiff did not receive copies of his prison medical records. In his responsive pleading, however, Plaintiff acknowledges that the Department of Corrections has a policy governing the release of information (DC-ADM-003). Pursuant to that policy, Plaintiff has the ability to inspect and/or photocopy his medical records, at Plaintiff's expense, to assist him with prosecuting a civil action. Thus, Plaintiff had access to his medical records. Moreover, pursuant to that policy, a party obtaining prison medical records via a subpoena are precluded from divulging the records to any other party. It is also important to note that Plaintiff's prison medical records from February, 1999 (the time he was transferred to SCI-Smithfield) until August 25, 1999 (the time he was transferred to Adams County

Prison) were attached as Exhibit "C" to Moving Defendant's Motion for Summary Judgment. Clearly, Plaintiff had access to the pertinent medical records and his arguments to the contrary are a subterfuge to divert the court's attention away from the deficiencies in Plaintiff's Eighth Amendment claims. As noted above, there are no genuine issues of material fact and Moving Defendant, Dr. Long, is entitled to summary judgment as a matter of law on Plaintiff's Eighth Amendment claims.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendant, Dr. Long

DATE: 3/21/2002

6

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 21st day of March, 2002, I served a true and correct copy of the foregoing **Defendant, Ronald Long, M.D.'s Reply Brief in Support of Motion for Summary Judgment** via U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Jason Eric Benson
SCI-SM
#DS-6483
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652

Kevin McNamara, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA 17101

Alan Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA 19027

Linda L. Gustin