

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,              :   CIVIL ACTION
          Plaintiff           :   NO. 1:CV-00-1229
                              :
     v.                       :   (Judge Caldwell)
                              :   (Magistrate Judge Blewitt)
                              :
THOMAS DURAN, et al.,         :
          Defendants          :
```

**FILED SCRANTON**
**MAR 2 2 2002**
PER _____

PLAINTIFF'S REPLY TO ANSWER
OF DEFENDANT ELLIEN'S OBJECTIONS OF
OF JASON BENSON TO UNITED STATES
MAGISTRATE JUDGE BLEWITT'S ORDER
OF FEBRUARY 12, 2002

The plaintiff Jason Benson, replies to the defendant Ellien's answer to plaintiff's objections to the order on 2/12/02, by Magistrate Judge Blewitt, as follows:

1. The plaintiff is sure the Court's record reflects that he requested numerous times for a complete copy of his records, albeit to no avail.

2. Counsel for Ellien came up with every excuse they could image to deny plaintiff a copy of his medical records. Their most infamous denial was by stating that they were not the custodians of plaintiff's medical records and that they did not have to turn them over; plaintiff was told by counsel and the court, to seek the records from the Department of Corrections. Furthermore, counsel's assumption that the records/documents were attached to answers to interrogatories, is nothing but a red herring. Counsel never submitted any documents to plaintiff in conjunction with interrogatories and they cannot prove it.

3. Unprofessional conduct did occurr, and they casually disseminated confidential information, and this court certainly has jurisdiction over plaintiff's claims against Gold, Butkovitz & Robins, P.C., and § 1983 hereto.

4. Amending plaintiff's complaint has nothing to do with discovery being concluded or dispositive motions having been filed. In regards to an individuals Fourteenth Amendment Right to keep personal medical information private, it was noted that there are two (2) primary kinds of privacy interests: [o]ne is the individual interest **in avoiding disclosure of personal matters**, and another is the interest in independence in making certain kinds of important decisions. See Hetzel v. Swartz, 909 F.Supp. 261 (M.D.Pa.1995); Whaler v. Roe, 429 U.S. 589,599-600, 97 S.Ct. 869,876 (1971).

5. Moreover, plaintiff specifically stated to all of the Department of Corrections staff that he did not want his medical records disclosed to anyone for any reason. The D.O.C., has a policy that states in relevant part, that no medical records are disseminated without the inmate's approval: DC-ADM 003. In addition, the Third Circuit Court of Appeals state: "We have long recognized the right to privacy in ones medical information: 'There can be no question that... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." Doe v. Delie, 257 F.3d 309,315 (3rd Cir.2001) citing United States v. Westinghouse Elec. Corp., 638 F.2d 570,577 (3rd Cir.1980). The right to privacy in ones medical information extends to prescription records. Doe v. Southeastern Pa. Transp. Auth., 72 F.3d 1133,1138 (3rd Cir.1995).

6. The district court recognized Doe's right to privacy in his medical information, but concluded that such a right does not exist. The Appeals court disagreed stating that: "th Supreme Court has noted prison inmates do not shed all fundamental protections of the Const., at the prison gates. Wolff v. McDonnell, 418 U.S. 539,555 (1974); Pell v. Procunier, 94 S.Ct. 2800 (1974). Being as though counsel believes that this matter will consume to much time, plaintiff would not mind

2

disregarding an amended complaint had counsel for Ellien contacted plaintiff with an out of court settlement for one hundred thousand ($100,000.) dollars for their violation of plaintiff's right to privacy and due process of the law.

**WHEREFORE,** the plaintiff respectfully requests that this Honorable Court make the attorney's of Gold, Butkovitz & Robins, P.C., defendants in this matter, or in the alternative grant the plaintiff sanctions in the amount of one hundred thousand dollars ($100,000.).

Respectfully submitted,

Date: March 18, 2002

Jason Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike St., P.O. Box 999
Huntingdon, PA 16652

### CERTIFICATE OF SERVICE

I do herby certify that a true and correct copy of the Plaintiff's Reply to Answer of Defendant Ellien's Objections of Jason Benson to United States Magistrate Judge Blewitt's Order of Feb., 12, 2002, on the date above by first class mail:

Gold, Butkovitz & Robins, P.C.
7837 Old York Road, Elkins Park
Pennsylvania   19027

James D Young, Esquire
Lavery, Flaherty, Young &
Patterson, P.C.
301 Market Street, Suite 800
Harrisburg, PA 17108

David L. Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Box  999
Harrisburg,  PA 17108-0999

BY:

3