IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON E. BENSON, | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:CV-00-1229 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | (Magistrate Judge Blewitt) |
| THOMAS DURAN, et al., | : | |
| Defendants | : | (JURY TRIAL DEMANDED) |

RESPONSE TO ADAMS COUNTY DEFENDANTS
MOTION AND BRIEF IN SUPPORT OF
SUMMARY JUDGMENT

On March 18, 2002, the Adams County Defendants filed a Reply Brief in support of their motion for Summary Judgment. It is necessary for plaintiff to untwist some of the facts and/or supply a clear picture for the court.

The defendant's claim that Cluck and Hankey, were not a part of the incident and cannot be held independently liable. The plaintiff asserts that he has a Fourteenth Amendment right to Due Process to be dealt with by proper procedures. The defendant's failed to follow the proper procedures and are liable. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976); Farmer v. Brennan, 114 S.Ct. 1977 (19944); Stickler v. Walters, 989 F.2d 1381 (1993).

The defendant's also claim that plaintiff allegations of Duran, Cluck, Jennings, Orth and Shelton's eventual firing is simply false and that they were not suspended or fired as a result of the occurrence of this matter. The plaintiff **did not** say that they were terminated as a result **of his matter** but, they were fired as a result of dereliction of duties.

Contrary to counsel's assertions "that the prison staff here followed proper procedures to control and diffuse a situation;" good common sense can not be made of their actions in any way, shape, form or fashion. The defendant's willfully bypassed step No. III-- Passive Control, before moving on to No. IV-- Oleoresin Capsicum Aerosol Spray. They claim that releasing plaintiff from the handcuffs and shackles **could have** escalated the situation and **potentially** given plaintiff the opportunity to resist or injure the officers. However, the defendant's failed to state that the plaintiff **was cuffed and shackled by [one] officer**, and not only can't one strip out of his clothing while fully restrained; he is not, **[a physical threat]** while being fully restrianed. The defendant Duran stated in an answer to interrogatories, that plaintiff broke out of the handcuffs hence, the use of pepper foam.

Common sense is a prisoner being fully restrained by only on officer but, on the other hand it stands with good reason that plaintiff would not have created a physical situation and proof of that is evident on the video. Furthermore, there were six officer's to a prisoner who has never shown any violent tendecies; thus, "[P]assive Control would have been the proper procedure. Nevertheless, the use of force was maliciously motivated especially, when the defendant's knew that a person sprayed with those chemicals loses his/her ability to see, breath, and begins to panic in fear for their lives and that's what made plaintiff hit his head on the furniture. The force used against this plaintiff was completely excessive and amounts to a violation of the Constitution. See <u>Musgrove v. Broglin</u>, 651 F.Supp. 769,773-76 (N.D.Ind. 1986)(a prisoner failed to get out of bed and the officer dumped him out onto the floor, injuring him substantially; the court found an Eighth

Amendment violation. "Shooting a prisoner with a stun gun because he refused to clean his cell violated the Constitutions Eighth Amendment"). Hickey v. Reeder, 12 F.3d 754,758-59 (8th Cir.1993); Brooks v. Kyler, 201 F.3d 102,106 (3rd Cir.2000)(prisoner was "Taken Down" by two prison officer's because it took him to long to hang up a telephone despite being restrained; held violation of Eighth Amendment right). Id.

WHEREFORE, the reasons stated above and in Plaintiff's Statement of Disputed Factual Issues and Brief in Opposition Defendant's Request for Judgment in Their Favor and Affidavit in Support; the Adams County Prison Defendant's Motion for Summary Judgment should be denied as a matter of law.

Respectfully submitted,

Date: March 25, 2002

Jason E. Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been served on the parties listed below by First Class Mail:

David L. Schwalm, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17101

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
301 Market Street, Suite 800
Harrisburg, PA 17108

Gold, Butkovitz & Robins, P.C.
7837 Old York Road
Elkins Park, PA 19027

BY:

3