COPY

Clerk

160

FILED
SCRANTON

AUG 0 9 2002

PER _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,         :   CIVIL ACTION
         Plaintiff       :
                         :
     v.                  :   (Judge Caldwell)
                         :   (Magistrate Judge Blewitt)
THOMAS DURAN, et al.,    :
         Defendants      :   NO. 1:CV-00-1229

PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE BLEWITT'S
REPORT AND RECOMMENDATION

THE HONORABLE WILLIAM W. CALDWELL, UNITED STATES DISTRICT COURT JUDGE:

The plaintiff Jason Benson, hereby objects to the Honorable Magistrate Judge Thomas M. Blewitt's, current "Report and Recommendation" pursuant to Local Civil Rule 72.3, and 28 U.S.C. § 636(b)(1)(B).

Specifically, Judge Blewitt, recommended that summary judgment be granted because plaintiff failed to exhaust administrative remedies. (See § (B)(1)-¶ 11 page 10). Judge Blewitt, must have overlooked two (2) pleadings submitted by plaintiff; first, there is a "Reply To Defendant William Ellien's Renewed Motion To Dismiss/ filed on May 25, 2001" which has a copy of plaintiff's grievance request for monetary relief and the appeal of the initial review.

Secondly, palintiff submitted a "Response to Defendant's Ronald Long, and William Ellien's Objection to Magistrate Judge Blewitt's Report and Recommendation/ on June 26, 2001" which clearly illustrates plaintiff's exhaustion of administrative remedies at "Exhibit A." That exhibit proves that plaintiff appealed to the Chief Hearing Examiner/ COMRC.

Judge Blewitt, also recommends in his report the the Adams County Prison be dismiss from the suit because it is not a party. The plaintiff agrees. However, his recommendating the plea and conviction of plaintiff to a criminal charge regarding his conduct is subject to res judicata, and cites Allen v. McCurry, 101 S.Ct. 411,420 (1980). Plaintiff's plea to an aggravated harassment charge had nothing to do with the fact that excessive use of force was applied in the situation.

The aggravated harassment charge consisted of plaintiff allegedly spitting on one of the officers after being beat-up/assulted.

Furthermore, Judge Blewitt, stated "the evidence reveals that the prison's regulations and policies were adhered to, since plaintiff was belligerent and non-compliant with respect to a properly issued strip search order." The facts are not clear or evident in the video-tape evidence submitted by the defendants. There is alot that the Court did not see of the situation; nevertheless, the Court believed the plaintiff be be belligerent but, disregards the fact that (1) the plaintiff has **accute health problems** i.e., [Panic Diorders and Agaraphobia] as well as, seizures. See Exhibit "A" attached hereto.

Moreover, the plaintiff was **fully restrained** (cuffed with his hands behind his back, sitting in a chair, and his feet were shackled together); it's beyond plaintiff how the Court saw him as **warlike/belligerent**. Indeed the plaintiff could not move, it would not have been a great effort to take his clothing off; not with standing the fact that by then his mental health problems had taken over. Likewise, the Third Circuit Court of Appeals, reasoned that a "Prisoner was taken down by two prison officer's because it took him to long to hang up a telephone despite **being restrained**; [was a] violation of Eighth Amendment right." See Brooks v. Kyler, 201 F.3d 102,106 (3rd Cir.2000).

"Shooting a prisoner with a stun gun because **he refused** to clean his cell **violated** the Constitutions Eighth Amendment." Hickey v. Reeder, 12 F.3d 754,758-59 (8th Cir.1993). The plaintiff is having the copy of the video-tape sent to the Court through family and isn't certain when it'll arrive. The Court also stated that the delay in getting treatment for the plaintiff was merely negligence because it was only 20 to 25 minutes. The Court misinterpreted the time frame which, went as follows: at 0310 on 8/30/99, a prison guard witnessed plaintiff having a seizure and notified defendant Orth. Def. Orth stated plaintiff was/appeared to be "physically okay" and left plaintiff on the floor with blood coming from his mouth. At 0358 (or 40 minutes later) plaintiff is again witnessed having seizures albeit, worse than before. Defendant Orth, **now believes** that plaintiff should be taken to the hospital at 0535. See Exhibit "B" attached hereto.

Calculated correctly, plaintiff was left to have seizures the first time for 40 minutes and the second time for 97 minutes for a total 137 minutes. Providing the hospital staff with basically the same time frame was the sheriff, see Exhibit "C", where it states: "The sheriff that transported this patient from prison says he was **told** that this patient had a small seizure about and **hour and a half** ago and then a **larger one** more recently that prompted the decision to transport this gentleman to the hospital/ emergency department." Plaintiff also had another seizure in the hospital parking lot which was observed by a paramedic and observed to be **significant**. Clearly there is more tham mere negligence and the Court was correct in stating that plaintiff was being watched but, plaintiff was being watched for the purpose of being taught a lesson.

3

The plaintiff has submitted numerous affidavits from himself which depict that there is material disputes throughout this case and must be submitted to a jury. The Adams County defendants have plead misleading facts to the Court, in the form of policy; the Court stated that they were within the policy when they assulted plaintiff. If that reasoning and their actions are lawful or were lawful at that time, then their motion for summary judgment must fail pursuant to the rulings in Brooks supra, and Hickey supra. Just recently a minor and his father were arrested in California, and a police officer had the young man cuffed with his hands behind his back, pick the young man up and slammed his face into the truck of the car. The officer also punched the young man in the face twice and choked him for a matter of seconds. Now, all of this was caught on tape and broadcasted around the world for all to see, and the police officer was soon thereafter fired for violating the young man's civil rights. What took place with this plaintiff is no different except for the fact that the prison guards were not fired.

In addition, plaintiff has submitted numerous documents or exhibits that explain pepper spray/foam or gas, is **NOT** to be used on a person who is **already restrained and only offering passive resistance**. There are five experts who will testify to that but, Judge Blewitt, was misled or disagrees with our appellate Court Judges'. In Parham v. Johnson, the Court dealt with a situation similar to the case at bar; "Holding that expert testimony is necessary when the seriousness of [injury] or [illness] would not be apparent to a lay person.". The prison defendants claim that plaintiff was not injured during their assault; but, any medical expert would confirm that the plaintiff was having convulsions and unconscious when he was thrown into the shower. Likewise, a number of experts with police training would've stated their actions were wrong.

Furthermore, there are many medical expperts that would contradict the defendant's Long and Ellien's alleged negligent actions. The circuit Court went on to reason that "Thus, according to the District Court, Parham, had to produce an expert witness and because he did not, the Court ruled in favor of the defendant's motion for summary judgment." Again, in the case sub judice, the Court seems to be stating that this plaintiff does not need expert testimony but, at the same time excepting the reasoning of the defendants expert witnesses. Moreover, the Court denied both of plaintiff's requests/motions for court appointed counsel/expert. However, in Parham, the Court ruled that "This finding by the District Court denied Parham's, Motion for Appointment of Counsel, the District Court stated that it did not seem likely that expert testimony would be needed in the case." Id., at 126 F.3d 454 (3rd Cir.1997).

Based on plaintiff's affidavits and exhibits alone, there is enough to warrant this matter proceeding to trial. Nonetheless, without a doubt there are material issues in dispute and all of the present motions for summary judgment must be dismissed and counsel appointed to the plaintiff.

**WHEREFORE**, the plaintiff respectfully requests that this Honorable Court dismiss all of the defendants motions for summary judgment and remand this matter back to the Honorable Judge Blewitt, recommending that counsel be appointed and the matter proceeds to trial.

Respectfully submitted,

Date: August 2, 2002

Jason E. Benson, Plaintiff

5

# TRANSFER HEALTH INFORMATION

Sending Facility: SCI-Smithfield
Receiving Facility: Adams County

Date: 8-24-99
Date of Transfer: 8-24-99

| | YES | NO | IF YES, SPECIFY |
|---|---|---|---|
| Allergies/Drug Sensitivities | | X | NKA |
| Chronic/Acute Health Problems | X | | seizure disorder; panic disorder ɛ agaraphobia |
| Current Medications (Name, Dosage, Frequency, Duration, Route) | X | | See attached copy of MAR |
| Current Treatment Plan | X | | meds |
| Follow-up Care Needed | X | | f/u psych |
| Significant Medical History | | X | |
| Restrictions Dietary, Housing, Employment) | X | | no housing requiring climbing stairs or ladders; no work above ground level or around rapid moving machinery; no contact sports. |
| Pending Specialty Referrals (Appointment Date) | | X | |
| Physical Disabilities/ Limitations | X | | no contact sports (see above restrictions) |
| Assistive Devices/Prosthetic | X | | Eyeglasses |
| Mental Health Problem | X | | |
| History of Suicide Attempt | | X | Date of last attempt: |
| Last PPD | Date: 8-4-99 Result: ✓ Negative ☐ Positive mm: 0.0mm | | |
| Last chest x-ray | Date: 8-21-98 Result: normal | | |
| History of TB prophylaxis | Medication: ∅  Start Date: Stop Date: | | |
| History of treatment for TB disease | Medication: ∅  Start Date: Stop Date: | | |

Nurse Signature, Title: SPalsly    Date/Time: 8-24-99 0445

Transfer Health Information
Commonwealth of Pennsylvania
Department of Corrections
DC-487

Inmate Name: Benson, Jason
Inmate Number: DS6483
DOB: 9-27-76

ACPF #1

**INDIVIDUAL COMMITMENT SUMMARY**

DATE: 8/24/99
PRISON BOOKING #: _____   PERMANENT ID#: 99-00740

INMATE NAME: Benson James Eric
AGE: 22  DATE OF BIRTH: 9/27/76  RACE: W  SEX: M
WEIGHT: 5'10  HEIGHT: 185  EYE COLOR: Brown  HAIR COLOR: Brown
GENERAL BUILD: Medium  COMPLEXION: Fair
MARITAL STATUS: Single  NO. DEPENDENTS: 0  AGES: N/A
NATIONALITY: American/Caus.  RELIGION: Atheist

READS ENGLISH (Y/N): Y   WRITES ENGLISH (Y/N): Y

HIGHEST GRADE COMPLETED: 12th
MEDICAL ALERT: Epilepsy / Seizures
PHYSICAL HANDICAPS: _____
HEALTH: Good   SCARS, MARKS, TATTOOS: Stomach - "Underdog" / Le...
INSURANCE: N/A   #: _____

ADDRESS AT TIME OF ARREST: 352 E. Middle St.  PHONE # N/A
Gettysburg, Pa.
PLACE OF BIRTH: San Diego, Ca.
EMERGENCY/NEXT OF KIN CONTACT: Sherry Benner  PHONE #(717) 337-24...

MILITARY RECORD: N/A
TRADE OR OCCUPATION: E.M.T. / Class B
DATE OF COMMITMENT: 24 AUG 99   TIME OF COMMITMENT: 1834

AVAILABLE ID NUMBERS OR ALIASES: _____
SS#: 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  DRIVER'S LICENSE #: N/A

CASH ON ADMISSION: $ N/A
BLOCK: ____  CELL: ____  BED: ____

TELEPHONE CALLS:  PERSONAL (Y/N)  ATTORNEY (Y/N)  BOND/BAIL (Y/N)

BOOKING OFFICER NAME: Terrance Williams  I.D.# 61-37
CUSTODY SEARCH OFFICER NAME: _____  I.D.# _____

## CERTIFICATE OF SERVICE

I, Jason Benson, plaintiff, hereby does certify that a true and correct copy of the foregoing document has been served on the following listed below via First Class Maill

Davi L. Schwalm, Esquire
305 North Front Street
Harrisburg, PA 17101

James D. Young, Esquire
301 Market Street, Suite 800
Harrisburg, PA 17108

Alan S. Gold, Esquire
7837 Old York Road
Elkins Park, PA 19027

Date:

_____
Jason E. Benson, Plaintiff
DS-6483, SCI-Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652