ORIGINAL

FILED
HARRISBURG, F

AUG 3 9 2002

MARY E. D'ANDREA, C
Per _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON ERIC BENSON,          :     CIVIL ACTION NO. 1:CV-00-1229
       Plaintiff      :
                 :     (Judge Caldwell)
    vs.               :
                 :     (Magistrate Judge Blewitt)
                 :
THOMAS DURAN, et al.,       :
       Defendants     :     JURY TRIAL DEMANDED

### DEFENDANT, RONALD LONG, M.D.'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE BLEWITT'S REPORT AND RECOMMENDATION

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

Plaintiff, Jason Eric Benson, a pro se prisoner incarcerated at SCI-Smithfield, initiated this civil action by filing a Complaint on July 10, 2000, arising out of the use of force during an incident which occurred on August 27, 1999, at the Adams County Prison. The Plaintiff then obtained leave of court to file an Amended Complaint (Doc. 18) adding Ronald Long, M.D. and William G. Ellien, M.D., as Defendants and asserting Eighth

Amendment claims against them arising out of the medical care provided at SCI-Smithfield.

In his Amended Complaint, Plaintiff alleges that on or about August 30, 1999, Corrections Officers witnessed him in a state of convulsions; he was transported to the Gettysburg Hospital; and was admitted to the Critical Care Unit. According to the Plaintiff, in June, 1999, Dr. Long "abruptly discontinued the Plaintiff's anti-seizure medication" and in July, 1999, Dr. Ellien prescribed Plaintiff an anti-depressant medication (Imipramine). According to the Amended Complaint, this "series of pharmacological deviations" prescribed by Drs. Long and Ellien in conjunction with the "physical and emotional trauma sustained during the August 27, 1999 incident at the Adams County Prison", caused Plaintiff's seizures on August 29 and 30, 1999. (Doc. 18, p. 4)

On July 20, 2001, Dr. Long filed a Waiver of Reply to Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1997e. In that responsive pleading, Dr. Long denied any and all liability to the Plaintiff and asserted all available affirmative defenses to the Amended Complaint. On November 15, 2001, Dr. Long filed a Motion for Summary Judgment, Concise Statement of Undisputed Material Facts and Appendix of Exhibits.

Dr. Ellien and the Adams County Defendants also filed Motions for Summary Judgment and supporting documents.

On July 23, 2002, Magistrate Judge Blewitt issued a Report and Recommendation granting the Defendants' Motions for Summary Judgment. In his Report, Magistrate Judge Blewitt noted that Plaintiff had failed to exhaust his administrative remedies with respect to his claims against Drs. Long and Ellien and, consequently, recommended that judgment be entered in favor of those Defendants. On August 9, 2002, undersigned defense counsel received Plaintiff's Objections to Magistrate Judge Blewitt's Report and Recommendation and obtained an extension of time within which to file a responsive brief. This Brief is in opposition to Plaintiff's Objections to Magistrate Judge Blewitt's Report and Recommendation.

## II.    QUESTIONS PRESENTED:

1.    **WHETHER MAGISTRATE JUDGE BLEWITT PROPERLY CONCLUDED THAT PLAINTIFF HAD FAILED TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES ON HIS CLAIMS AGAINST DRS. LONG AND ELLIEN PRIOR TO INITIATING THIS CIVIL ACTION?**

2.    IN THE ALTERNATIVE, WHETHER DR. LONG IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW BECAUSE THE RECORD IS DEVOID OF ANY EVIDENCE THAT HE EXHIBITED DELIBERATE INDIFFERENCE TO ANY SERIOUS NEED OF THE PLAINTIFF?

III.    ARGUMENT:

A.    MAGISTRATE JUDGE BLEWITT PROPERLY CONCLUDED THAT PLAINTIFF HAS FAILED TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES ON HIS CLAIMS AGAINST DRS. LONG AND ELLIEN PRIOR TO INITIATING THIS CIVIL ACTION.

The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under . . . any . . . federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 122 S. Ct. 983, 992 (2002), the Supreme Court held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." In Booth v. Churner, 121 S. Ct. 1819, 1825 (2001), the Supreme Court emphasized that it "will not read futility or other exceptions into the statutory exhaustion requirements where Congress has provided otherwise."

4

In his Report and Recommendation, Magistrate Judge Blewitt noted that the Department of Corrections has implemented a Consolidated Inmate Grievance Review System (DC-ADM 804) which provides a three-tiered administrative appeal process. In this case, it is undisputed that while Plaintiff completed the first two steps in the grievance system, he initiated this civil action prior to completing the third step of the administrative appeals process. Thus, Magistrate Judge Blewitt concluded that Plaintiff's claims against Drs. Long and Ellien were subject to dismissal for failure to exhaust available administrative remedies.

In his Brief in Opposition to the Motions for Summary Judgment and in his Objections to the Report and Recommendation of Magistrate Judge Blewitt, Plaintiff asserts that this Honorable Court should recognize a futility exception to the exhaustion requirement. In rejecting that assertion, Magistrate Judge Blewitt cited the Supreme Court's language in <u>Booth</u>, that it will not "read futility or other exceptions into the statutory exhaustion requirements where Congress has provided otherwise." <u>Booth</u>, 121 S. Ct. at 1825. In rejecting Plaintiff's proposed futility exception to the exhaustion requirement, Magistrate Judge Blewitt also cited the Third Circuit's unpublished opinion in <u>Geisler v. Hoffman</u>, No. 99-1971, Third Circuit

Court of Appeals, September 29, 2000. In <u>Geisler</u>, the inmate did not receive a formal response to his grievances from the Department of Corrections prior to initiating his civil action and the appellate court held that the state's failure to respond did not excuse the inmate from exhausting the administrative appeals process. Magistrate Judge Blewitt found the unpublished opinion in <u>Geisler</u> persuasive because the reasoning of that decision was consistent with the Third Circuit's holding in <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d. Cir. 2000) and the Supreme Court's holding in <u>Booth v. Churner</u>, 121 S. Ct. 1819, 1825 (2001) regarding strict compliance with the exhaustion requirement.

In his Objection to Magistrate Judge Blewitt's Report and Recommendation, Plaintiff does not cite any authority in support of his position that a futility exception should be read into the exhaustion requirement. Moreover, Plaintiff does not point to any facts of record establishing that he had completed the three-step grievance process prior to filing the Amended Complaint against Drs. Long and Ellien. Magistrate Judge Blewitt properly concluded that Plaintiff had failed to exhaust all available administrative remedies and properly dismiss Plaintiff's claims against Dr. Long and Dr. Ellien. Consequently, Plaintiff's Objections must

be overruled as a matter of law and this Honorable Court must adopt the

Report and Recommendation of Magistrate Judge Blewitt on the

exhaustion issue.

B.    IN THE ALTERNATIVE, DR. LONG IS ENTITLED
TO SUMMARY JUDGMENT AS A MATTER OF
LAW BECAUSE THE RECORD IS DEVOID OF ANY
EVIDENCE THAT HE EXHIBITED DELIBERATE
INDIFFERENCE TO ANY SERIOUS MEDICAL
NEED OF THE PLAINTIFF WITH RESPECT TO THE
TREATMENT PROVIDED AT SCI-SMITHFIELD.

In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court ruled

that deliberate indifference to the serious medical needs of a prisoner

constitutes a violation of that prisoner's Eighth Amendment right to be free

from cruel and unusual punishment.  In the context of medical care, the

relevant inquiry is whether a defendant was:  (1) deliberately indifferent

(the subjective element), (2) plaintiff's serious medical needs (the objective

element).  See, Monmouth County Correctional Institution Inmates v.

Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988);

West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).  In Farmer v. Brennan, 511

U.S. 825 (1994), the Supreme Court clarified the definition of these

components.  Following Farmer, prison officials will be liable in an Eighth

Amendment condition case only if "the official knows of and disregards an excessive risk to inmate health or safety." <u>Farmer</u>, 114 S. Ct. at 1997.

On June 3, 1999, Nurse Grove noted on Plaintiff's prison medical chart that "inmate has been non-compliant [with] Dilantin x 9 days". Dr. Long discussed this situation with Nurse Grove and scheduled inmate Benson to be seen on his doctor line on June 4, 1999. The medication administration record sheets for May and June, 1999 indicated that inmate Benson had been non-compliant with his anti-convulsive medication for a number of days. (Dr. Long's Declaration par. 13; Exhibit "C" pp. 14, 19-20)

On the morning of June 4, 1999, Dr. Long examined inmate Benson who indicated that he had stopped his Dilantin for the past ten days. At that time, inmate Benson indicated, "I feel jittery when I take it and I won't take it." Inmate Benson also indicated that when he discontinued the Dilantin, that the jittery feeling was gone. At that time, Dr. Long did not believe that it was medically necessary to continue the patient on the Dilantin in that he had been seizure free for six months; the patient had effectively taken himself off of the anti-convulsive medication for a number of days; and his seizure disorder condition had been stable throughout his

time at SCI-Smithfield.  (Dr. Long's Declaration par. 14; Exhibit "C" pp. 5, 14, 19-20)

When Dr. Long discontinued inmate Benson's Dilantin on June 4, 1999, Plaintiff had not been prescribed and was not taking any other medications at that time.  (Dr. Long's Declaration par. 15; Exhibit "C" pp. 5, 20) On June 8, 1999, Physician Assistant Ray McMullen saw inmate Benson in the seizure clinic.  At that time, inmate Benson reported that he was doing okay and had "recently stopped Dilantin of his own choice."  (Dr. Long's Declaration par. 16; Exhibit "C" p. 15) Dr. Long did not examine, evaluate and/or treat inmate Benson again at any time between June 4, 1999 to August 24, 1999, the date of his transfer to the Adams County Prison.  Moreover, inmate Benson's prison medical chart does not indicate that there were any complaints and/or problems with respect to his seizure disorder during that time.  (Dr. Long's Declaration par. 17; Exhibit "C" pp. 5-7, 15)

Dr. Long does not recall receiving any request for anti-convulsive medications from inmate Benson after June 4, 1999 and before his transfer to the Adams County Prison.  Even if such a request had been made, in Dr. Long's professional judgment, given Plaintiff's history of non-compliance

with the Dilantin and the fact that he had been seizure free for more than six months, it was not medically necessary to continue the Plaintiff on Dilantin.   Moreover, in Dr. Long's professional judgment, there were contra-indications to prescribing Phenobarbitol at that time.  In that regard, Dr. Long had just discontinued Dilantin (a more appropriate anti-convulsive medication) secondary to inmate Benson's noncompliance; the inmate had a significant history of drug abuse; and Phenobarbitol is an addictive, barbituate.  Thus, even if a request was received, in Dr. Long's professional judgment, there was no medical need to change his previous orders discontinuing the Phenobarbitol and the Dilantin.   (Dr. Long's Declaration par. 18)

Dr. Long was unaware that inmate Benson was seen by Dr. Ellien on July 27, 1999 through the telepsyche program.  Moreover, he was unaware of and had no discussions with Dr. Ellien with respect to Dr. Ellien's treatment on July 27, 1999 and/or any medications prescribed by Dr. Ellien at that time.  (Dr. Long's Declaration par. 19)

Dr. Long's Declaration attests to the fact that at no time during Mr. Benson's incarceration at SCI-Smithfield was Dr. Long ever deliberately indifferent to any serious medical need of the Plaintiff nor did he ignore

any excessive and/or intolerable risk of harm to the Plaintiff. To the contrary, throughout his incarceration at SCI-Smithfield, Mr. Benson was evaluated, monitored and treated appropriately and in accordance with acceptable medical standards. (Dr. Long's Declaration par. 7)

Based upon the facts of record, Dr. Long's treatment of Plaintiff while at SCI-Smithfield was anything but deliberately indifferent. In fact, the record demonstrates that Dr. Long exercised sound professional judgment in treating Plaintiff's seizure disorder. While at SCI-Smithfield, Plaintiff received considerable treatment for and evaluation of his seizure disorder and other medical conditions. The record is devoid of any evidence establishing that Dr. Long knew of and disregarded an excessive risk to inmate health or safety, Farmer, 114 S. Ct. 1997. The failure of Plaintiff to point to any facts of record to establish a cognizable Eighth Amendment claim against Dr. Long provides an alternative basis for this Honorable Court to affirm the recommendation that summary judgment be entered in favor of Dr. Long.

Finally, on page 5 of his Objections, Plaintiff asserts that other medical experts may opine that Dr. Long's actions were negligent. Such an assertion, however, fails for two reasons. First of all, simple negligence

cannot serve as a predicate to liability under § 1983. <u>Hudson v. Palmer</u>, 486 U.S. 517 (1984). Moreover, the Third Circuit has ruled in <u>White v. Napoleon</u>, 897 F.2d 103, 109-10 (3d Cir. 1989) that one doctor's disagreement with the medical judgment of another doctor does not state an actionable Eighth Amendment claim. Thus, even if Plaintiff could obtain an opinion from a hypothetical expert (which he did not do in this case) that Defendant Long's actions constituted negligence, said testimony does not establish a cognizable Eighth Amendment claim. Thus, the assertions on page 5 of Plaintiff's Objections are not supported by the facts of record and/or our Eighth Amendment jurisprudence and must be rejected as a matter of law.

## IV.    <u>CONCLUSION</u>:

For the reasons advanced herein, Defendant, Ronald Long, M.D., respectfully requests that this Honorable Court overrule Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Blewitt and enter summary judgment in favor of Dr. Long and against the Plaintiff.

Respectfully submitted,

Lavery, Faherty, Young &
Patterson, P.C.


By: _____
        James D. Young, Esquire
        Atty No. 53904
        225 Market Street, Suite 304
        P.O. Box 1245
DATE: ___8/30/02___    Harrisburg, PA 17108-1245
        Attys for Defendant,
        Ronald Long, M.D.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30ᵗʰ day of August, 2002, I served a true and correct copy of the foregoing **Defendant, Ronald Long, M.D.'s Brief in Opposition to Plaintiff's Objections to Magistrate Judge Blewitt's Report and Recommendation** via U.S. First Class mail, postage prepaid, addressed as follows:

Mr. Jason Eric Benson
SCI-Smithfield
#DS-6483
1120 Pike Street
P.O. Box 999
Huntingdon, PA  16652

David Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
Harrisburg, PA  17101

Alan Gold, Esquire
Monaghan & Gold
7837 Old York Road
Elkins Park, PA  19027

Linda L. Gustin