IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON E. BENSON,  :
    Plaintiff

    vs.  :  CIVIL ACTION NO. 1:CV-00-1229

THOMAS DURAN, et al.,
    Defendant  :

O R D E R



THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Jason Benson, an inmate at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Pennsylvania, filed a complaint based on events following his transfer to the Adams County Prison ("ACP") to attend a Post Conviction Relief Act Hearing. Plaintiff named the following ACP employees as defendants: Thomas Duran, Warden; Bruce Cluck and Debra Hanky, Associate Wardens; John Jennings and William Orth, Lieutenants; Rae Hientzelman, Sergeant; Briton Shelton and David Vazquez, Correctional Officers, Jane and John Doe, ACP Corrections Officers. (Collectively, "the ACP Defendants"). Plaintiff also names as defendants: Dr. William Steinour, a physician employed at Gettysburg Hospital; Dr. Ronald Long, a physician employed at SCI-

Smithfield; and Dr. William Ellien, a psychiatrist employed at SCI-Smithfield.[1]

Plaintiff alleges that the ACP Defendants violated his Eighth Amendment rights in two ways. First, on August 27, 2000, they used excessive force prior to conducting a strip search. Second, they ignored seizures from which he was suffering on August 30, 2000. Finally, Plaintiff alleges that Drs. Long and Ellien, acting with deliberate indifference, placed him in risk of serious medical injury or death when they prescribed an alternative anti-seizure medication and ended his anti-seizure prescription. (Pl.'s Am. Compl. pages 5-6 (Doc. 18)). Plaintiff seeks damages against Drs. Long and Ellien.

On July 23, 2002, Magistrate Judge Blewitt filed a report recommending that Defendants' motions for summary judgment be granted. (Doc. 159). Plaintiff objected to Magistrate Judge Blewitt's Report and Recommendation on August 9, 2002. (Doc. 160).

Plaintiff's objection also requests that counsel be appointed.[2] We exercise broad discretionary power in determining whether counsel should or should not be appointed. Tabron v. Grace, 6 F.3d 147, 153-155 (3d Cir. 1993). In order for a court

---

[1] Our Order dated July 12, 2001, dismissed Defendant Steinour (Doc. 73), and an Order dated July 17, 2001, dismissed Defendant Vazquez (Doc. 74).

[2] Plaintiff's first request for counsel was on March 18, 2002. (Doc. 145). Magistrate Judge Blewitt denied that request on June 27, 2002. (Doc. 154).

2

to exercise its discretion and appoint counsel, the plaintiff first must demonstrate that his or her case has "some merit in fact and law." <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).

If a plaintiff passes this initial threshold, the Third Circuit has identified several factors to consider when assessing a request for counsel. These factors include: the plaintiff's ability to present his own case; the difficulty of the particular legal issues; the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; the plaintiff's capacity to retain counsel on his own behalf; the extent to which a case is likely to turn on credibility determinations, and; whether the case will require testimony of expert witnesses. <u>Tabron</u>, 6 F.3d at 155-57. This list is not exhaustive, but should serve as a guide to the district court. <u>Id.</u> at 155.

We find that Plaintiff's claims do not have some arguable merit in fact and law; therefore, we will deny his request for appointed counsel. We agree with Magistrate Judge Blewitt's analysis of Plaintiff's claim alleging an Eighth Amendment violation from the ACP Defendants' conduct before strip searching the plaintiff on August 27, 2002. We have reviewed the record and find no evidence to support Plaintiff's bald assertions that his Eighth Amendment rights had been violated. See <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986)(explaining that if

3

mere bald assertions required appointment of an attorney, the demand could be overwhelming).

Plaintiff alleges that the conduct of the ACP Defendants while he was in seizures on August 30, 2000, constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The deliberate indifference standard has two elements. First, plaintiff must make an objective showing that the deprivation was sufficiently serious, or that the result of defendant's denial was sufficiently serious. Additionally, the plaintiff must make a subjective showing that the defendant acted with a sufficiently culpable state of mind. See Montgomery v. Pinchak, 294 F.2d 492, 499 (3d Cir. 2002) (outlining prima facie case of cruel and unusual punishment based on denial of medical care). We find that Plaintiff's claim does not have "some arguable merit in fact and law."

Plaintiff fails to meet the first of the above elements because he has not objectively demonstrated that the denial of medical treatment was sufficiently serious. According to the record, when Plaintiff's condition was observed to become serious the ACP Defendants contacted the Sheriff's Department to transport Plaintiff to the hospital. Also there is no indication in the record that Plaintiff suffered any serious result that can be linked to ACP Defendants' actions.

Plaintiff fails the second element because the is no evidence in the record to support Plaintiff's accusation that ACP

4

AO 72A

Defendants acted with a culpable state of mind. The record shows that Plaintiff was not left alone once his initial physical problems were observed. When his condition seemed to worsen, Plaintiff was transported to the hospital. Based on the foregoing, we find that Plaintiff's second claim lacks arguable merit in fact and law. We need not examine further whether Plaintiff's request for counsel has merit on this claim because Plaintiff has failed to cross the threshold. Montgomery, 294 F.3d at 499.

Plaintiff will not be appointed counsel based on his claims against Doctors Long and Ellien because Plaintiff failed to exhaust his administrative remedies before filing his claims in the District Court.

Based on the foregoing, we will deny Plaintiff's request for appointed counsel made in his opposition to the Magistrate's Report and Recommendation. (Doc. 160).

AND NOW, this 16th day of September, 2002, upon consideration of the Report of the United States Magistrate Judge, dated July 23, 2002, the objection of Plaintiff, defendant Long's brief in opposition to Plaintiff's objection, and an independent review of the Record, it is Ordered that the Magistrate Judge's Report is adopted. It is further Ordered, pursuant to the Magistrate Judge's recommendation, that:

    1.   Defendant William Ellien's motion for summery judgment, filed November 11, 2001, (Doc. 98), is granted.

    2.   Defendants Duran, Cluck, Hanky, Jennings, Orth, Hientzelman, and Shelton's motion for summery judgment, filed November 11, 2001, (Doc. 100), is granted.

    3.   Defendant Ronald Long's motion for summery judgment, filed November 11, 2001, (Doc. 111), is granted.

    4.   The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff, and close this file.

*/s/ William W. Caldwell*
William W. Caldwell
United States District Judge